IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

**COLORADO APARTMENT ASSOCIATION et al.**

        Plaintiffs,

v.

**JILL HUNSAKER RYAN, in her Official Capacity as the Executive Director of the Colorado Department of Public Health and Environment, et al.**

        Defendants.

_____

**Declaration of Kerry Egleston**

I, Kerry Egelston, declare as follows:

1. My name is Kerry Egelston. I am over 18 years of age. The information in this declaration is true and correct to the best of my knowledge, information, and belief and is based on my personal experience.

2. I live in Monument, Colorado.

3. I am current Senior Vice President at Griffis/Blessing.

4. In that Senior Vice President, I am responsible for the entire operations for multi-family and commercial properties that Griffis Blessing operates and manages.

5. As the Senior Vice President, I am familiar with the day-to-day and long-term operations of 333 ECO and The Mae on Cascade Apartments, Wellshire Apartments, Clear Creek Crossing Apartments, Residences at University Hills, View at Wash Park Apartment and 26 additional commercial buildings, and am qualified and authorized by the ownership of 333 ECO and The Mae on Cascade Apartments, Wellshire Apartments, Clear Creek Crossing Apartments, Residences at University Hills, View at Wash Park Apartments, and the 26 commercial buildings, and am qualified and to speak to the matters discussed in this declaration.

6. Griffis Blessing is a member of the Colorado Apartment Association ("CAA") and the Apartment Association of Metro Denver ("AAMD"), and has been since 2004.

7. As a member of CAA and AAMD, Griffis/Blessing relies on CAA and AAMD to represent its interests in the City and County of Denver, Colorado and the State of Colorado, including advocating for regulations that are in compliance with state and federal law.

8. Griffis Blessing operates/manages the at least 5 multi-family buildings in the City and County of Denver, Colorado which are subject to the requirements of the City of Denver, Colorado's Denver Ordinance No. 20211310 ("Energize Denver Ordinance"), and the implementing rules for Energize Denver enacted by the Denver Office of Climate Action,

2

Sustainability, and Resiliency, ("OCASR") entitled "Rules & Regulations Governing Energize Denver Building Energy Performance Requirements" ("Energize Denver Regulations") (the Ordinance and Regulations may be collectively referred to as "Energize Denver").

9. Griffis Blessing also operates/manages 3 multi-family buildings and 26 commercial buildings in the State of Colorado which are subject to the requirements of the Colorado Air Quality Control Commission's ("Commission") final regulation entitled Building Benchmarking and Performance Standards, 5 CCR 1001-32 ("Regulation 28") enacting agency regulations directed by the State of Colorado's House Bill 21-1286

10. Under both Energize Denver and Regulation 28, the owners of the properties that Griffis Blessing operates and manage are required to meet building performance standards, generally expressed and measured as Energy Intensity Use ("EUI") scores.  Each regulation has established an enforceable schedule for achieving interim and final EUI targets. Griffis Blessing must also submit annual benchmarking reporting to OCASR and the Commission.  These annual benchmarking submittals are time-consuming and costly to prepare and require the assistance of outside consultants.  In my experience, the total cost of preparing annual benchmarking reports is approximately $750 per covered building.

11. In addition to the required benchmarking submittals, building owners must conduct more detailed "energy audits" to evaluate buildings' status against the performance standards and the options available to achieve those standards. In my experience, energy audits alone can cost between $2,500 and $10,000 per building (depending on the size and complexity of the building).

12. Based on preliminary evaluations, at least 30 of the Griffis Blessing managed buildings have EUI scores that do not meet the building performance standards that must be achieved under both Energize Denver and Regulation 28.

13. Based on the evaluations of its buildings conducted thus far, Griffis Blessing has

determined that it must immediately begin to conduct additional engineering assessments on several covered buildings to identify available options to achieve the building performance standards, evaluate the engineering and economic feasibility of such options, and begin the planning process for making material modifications to Griffis Blessing Covered Buildings to implement the chosen options, in order to meet the fast-approaching compliance deadlines and corresponding EUI building performance standards under Energize Denver and Regulation 28. The owners of the properties that Griffis Blessing Manages will incur significant costs implementing each of these early actions.

14. To bring the buildings managed by Griffis Blessing into compliance with Energize Denver and Regulation 28, the owners of the properties that Griffis Blessing Manages anticipates that they will have to spend significant capital and materially modify the aforementioned buildings.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information, and belief.

*Kerry Egelston*
Kerry Egelston
Senior Vice President
Griffis/Blessing

4