**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-01093-RMR

COLORADO APARTMENT ASSOCIATION; APARTMENT ASSOCIATION OF METRO DENVER; COLORADO HOTEL AND LODGING ASSOCIATION, INC.; AND NAOIP COLORADO CHAPTER;

      *Plaintiffs,*

   v.

JILL HUNSAKER RYAN, in her Official Capacity as the Executive Director of the Colorado Department of Public Health and Environment, MICHAEL OGLETREE, in his Official Capacity as the Director of the Colorado Air Pollution Control Division; AND WILL TOOR, in his Official Capacity as the Executive Director of the Colorado Energy Office; AND

THE CITY AND COUNTY OF DENVER; THE DENVER CITY COUNCIL; DENVER MAYOR MIKE JOHNSTON; THE DENVER OFFICE OF CLIMATE ACTION, SUSTAINABILITY, AND RESILIENCY; AND ELIZABETH BABCOCK, in her Official Capacity as the Executive Director of the Denver Office of Climate Action, Sustainability, and Resiliency.

      *Defendants.*

_____

**PROPOSED INTERVENOR-DEFENDANTS' PROPOSED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MEMORANDUM OF POINTS AND AUTHORITIES**

_____

## TABLE OF AUTHORITIES

**Cases**

*Adams v. Woods,* 2 Cranch 336, 2 L.Ed.2d 297 (1805) ................................................ 5

*Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143 (1987) ................... 6

*Blessing v. Freestone*, 520 U.S. 329 (1997) ................................................................ 13

*Cal. Energy Comm'n v. Dep't of Energy*, 585 F.3d 1143 (9th Cir. 2009) ........................ 7

*Chance v. Zinke*, 898 F.3d 1025 (10th Cir. 2018) .......................................................... 2

*DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151 (1983) ........................... 5, 6, 7, 8, 9

*Fogle v. Pierson*, 435 F.3d 1252 (10th Cir. 2006) ....................................................... 12

*Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002) ............................................................... 13

*Health & Hosp. Corp. of Marion Cnty. v. Talevski*, 599 U.S. 166 (2023) ...................... 13

*Jenkins v. Panama Canal Ry. Co.*, 208 P.3d 238 (Colo. 2009) .................................... 12

*Jones v. Bock*, 549 U.S. 199 (2007) ............................................................................. 2

*Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004) ........................................... 5

*Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350 (1991) ............... 7

*McDonald v. Sch. Dist. No. 1 in the Cnty. of Denver & Colorado*, 83 F. Supp. 3d 1134

   (D. Colo. 2015) ....................................................................................................... 11

*Medina v. State*, 35 P.3d 443 (Colo. 2001) ................................................................ 11

*Mucci v. Falcon Sch. Dist. No. 49, El Paso Cnty.*, 655 P.2d 422 (Colo. Ct. App. 1982) 11

*Onyx Properties LLC v. Bd. of Cnty. Comm'rs of Elbert Cnty.*, 868 F. Supp. 2d 1171 (D.

   Colo. 2012) ....................................................................................................... 11, 14

*Salazar v. Dowd*, 256 F. Supp. 220 (D. Colo. 1966) ................................................... 11

*Siegel Oil Co. v. Gulf Oil Corp.*, 556 F. Supp. 302 (D. Colo. 1982), *aff'd*, 701 F.2d 149

   (Temp. Emer. Ct. App. 1983) ................................................................................... 11

*Tal v. Hogan,* 453 F.3d 1244 (10th Cir. 2006) .............................................................. 9

*Wilson v. Garcia*, 471 U.S. 261 (1985) ......................................................................... 5

*Wolf Sales Co. v. Rudolph Wurlitzer Co.*, 105 F. Supp. 506 (D. Colo. 1952) ................ 12

*Zimomra v. Alamo Rent-A-Car, Inc.*, 111 F.3d 1495 (10th Cir. 1997) ............................ 9

## Statutes

28 U.S.C. § 1331 ....................................................................................... 4

42 U.S.C. § 1983 ............................................................................. 4, 12, 13

42 U.S.C. § 1988 ....................................................................................... 4

42 U.S.C. § 6297(b) .................................................................................. 5

42 U.S.C. § 6297(c) .................................................................................. 5

42 U.S.C. § 6306(b)(1) ................................................................. 4, 6, 7, 8, 9

42 U.S.C. § 6306(c) .................................................................................. 4

42 U.S.C. § 6306(b)(1) ........................................................................ 7, 10

C.R.S. § 13-80-102(1)(g) ..................................................................... 11, 12

C.R.S. § 13-80-102(1)(h) ............................................................. 8, 13, 14, 15

C.R.S. § 24-4-106(4) ........................................................................ 8, 10, 12

Colorado Laws 1959, H.B. 212 .............................................................. 12

Pub.L. 100–12, 101 Stat. 103 (Mar. 17, 1987) ......................................... 5

Pub.L. 101-650, Title III, § 313(a), Dec. 1, 1990 ...................................... 5

## Ordinances

Denver, Colo., Council Bill CB16-1231 (Dec. 20, 2016) ............................... 14

Denver, Colo., Council Bill CB21-1310 (Nov. 24, 2021) ........................... 9, 14

## Court Rules

Federal Rule of Civil Procedure 12(b)(6) ................................................... 2

Uniform Civil Practice Standard 7.1B(b) .................................................... 2

## Regulations

Colorado Register, Volume 46, No. 18 (Sept. 25, 2023) ............................... 9

Denver, Colo., Office of Climate Action, Sustainability, and Resiliency, Rules and
    Regulations Governing Energize Denver Building Energy and Performance
    Requirements (July 11, 2023) ........................................................... 10

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................... 1

CONFERRAL STATEMENT ................................................................................. 2

FACTUAL BACKGROUND .................................................................................. 2

LEGAL STANDARDS ........................................................................................... 2

ARGUMENT .......................................................................................................... 3

   I.    THE STATUTE OF LIMITATIONS BARS PLANTIFFS' CLAIMS. ................................... 3

      A.   Every Claim Arising Under a Federal Statute Must Have a Statute of Limitations. ....... 4

      B.   The Court Should Borrow the 60-Day Statute of Limitations in EPCA. ......................... 6

         1.   The most analogous statute of limitations in federal law is the 60-day limitations period in EPCA. ........................................................................................... 6

         2.   All of Plaintiffs' claims are time-barred because they were brought more than 60 days after the state and local laws were published. ........................................................ 9

      C.   In the Alternative, the Court Could Borrow Statutes of Limitations from Colorado Law….. ...........................................................................................................10

         1.   The most analogous Colorado statute of limitations for challenges to Regulation 28 is the 35-day limitation on challenges to AQCC rules. ...................................................10

         2.   The most analogous statute of limitations for challenges to Energize Denver ordinances and regulations is the two-year, catch-all limitation on challenges to government actions. ...................................................................................................13

CONCLUSION .....................................................................................................15

**INTRODUCTION**

Proposed Intervenor-Defendants Coalition for Community Solar Access, Colorado Solar and Storage Association, Natural Resources Defense Council and Sierra Club file this proposed motion to dismiss as an attachment to their motion to intervene. If the motion to intervene were granted, this motion to dismiss would be filed. In support of this motion to dismiss, Proposed Intervenor-Defendants are also attaching a motion for judicial notice.

This case concerns efforts by the State of Colorado and the City of Denver to set standards for emissions from large buildings that contribute to climate change and deadly air pollution. Large buildings emit air pollution in two ways: directly, by burning fossil fuels in equipment such as furnaces and hot-water heaters; and indirectly, by using electricity that is generated by fossil fuel power plants. The Front Range of Colorado suffers from some of this country's worst ozone pollution, which regularly makes it unsafe to venture outside during the summer ozone season. Emissions from large buildings contribute to this ozone pollution and to climate change. To address this significant climate and public health problem, the State of Colorado and the City of Denver enacted building performance standards designed to gradually reduce emissions from buildings while providing flexibility to building owners as to how they meet the standards.

Rather than do their part to reduce harmful emissions, several organizations representing the interests of large building owners filed this lawsuit to overturn the building performance standards. The Plaintiffs' claims are based on mischaracterizing

both what Colorado law requires and the scope of preemption under federal law. Plaintiffs seek to expand the scope of federal law far beyond the plain language of the statute and encroach on areas that Congress has left state and local governments to regulate, namely, greenhouse gas emissions from buildings. If this case were to proceed to the merits, the Plaintiffs should lose.

But this case should not reach the merits. The Court should dismiss the Complaint in its entirety because all of the claims are time-barred, as explained below.

## CONFERRAL STATEMENT

Counsel for Proposed Intervenor-Defendants conferred with counsel for the parties in this case on this motion, pursuant to Uniform Civil Practice Standard 7.1B(b). Denver and the State Defendants do not oppose the motion. The Plaintiffs oppose the motion.

## FACTUAL BACKGROUND

The accompanying Motion to Intervene describes this case's factual background.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint that is barred by the statute of limitations. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . ."); *see also Chance v. Zinke*, 898 F.3d 1025, 1034 (10th Cir. 2018).

## ARGUMENT

### I.     THE STATUTE OF LIMITATIONS BARS PLANTIFFS' CLAIMS.

The Supreme Court long ago held that every claim arising under federal law must have a statute of limitations, such that if federal law does not contain an express limitations period, a court must borrow the most analogous statute of limitations. Here, there is no federal statute containing an express statute of limitations governing Plaintiffs' claims that state and local laws violate the Energy Policy and Conservation Act's ("EPCA") preemption provisions regarding energy conservation standards for covered products. Thus, the Court must borrow the most analogous statute of limitations for Plaintiffs' claims, which appears in EPCA itself: the 60-day time limit on seeking judicial review of federal energy conservation standards for covered products. Plaintiffs filed suit more than 60 days after publication of the state and local laws that they challenge, and thus the entire Complaint should be dismissed as time-barred.

If the Court instead borrows statutes of limitations from Colorado law, the Court should apply the 35-day statute of limitations governing all challenges to AQCC regulations to Plaintiffs' challenge to AQCC Regulation 28. In that case, the Court should dismiss Plaintiffs' first and second counts because they were filed more than 35 days after Regulation 28 went into effect. The Court should then apply the catch-all, two-year statute of limitations in Colorado law governing lawsuits against government officials and agencies to Plaintiffs' challenge to the Energize Denver ordinances and regulations. The Court should dismiss Plaintiffs' claims against the Energize Denver

ordinances and the original and first amended regulations, because they were published more than two years before the Complaint was filed.

### A.   Every Claim Arising Under a Federal Statute Must Have a Statute of Limitations.

The Complaint cites various statutes as allegedly granting this court jurisdiction over this case, Compl. ¶ 15, but none of the cited statutes has an express statute of limitations governing the Plaintiffs' claims. The Complaint cites the federal question statute, 28 U.S.C. § 1331, which does not contain a statute of limitations. The Complaint also cites two federal civil rights statutes, 42 U.S.C. §§ 1983, 1988, but neither of those statutes contains an express statute of limitations. Finally, the Complaint cites a jurisdiction-conferring provision of EPCA, 42 U.S.C. § 6306(c), but this provision does not contain a statute of limitations.

The crux of the Complaint is the claim that certain Colorado laws violate EPCA's preemption provisions. *E.g.*, Compl. ¶¶ 163-64, 170-71, 176-77, 184-85. EPCA contains a 60-day statute of limitations for claims that a party is adversely affected by a rule issued by the Department of Energy under EPCA that establishes testing procedures, labeling requirements, or energy conservation standards for covered products. 42 U.S.C. § 6306(b)(1). However, EPCA does not contain an express statute of limitations for claims that state or local laws violate EPCA's preemption provisions.[1]

---

[1] In 1990, Congress adopted a four-year, catch-all statute of limitations for all claims arising under any federal statute enacted after December 1, 1990. Pub.L. 101-650, Title

"A federal cause of action 'brought at any distance of time' would be 'utterly repugnant to the genius of our laws.'" *Wilson v. Garcia*, 471 U.S. 261, 271 (1985) (quoting *Adams v. Woods,* 2 Cranch 336, 342, 2 L.Ed.2d 297 (1805)). Thus, a claim brought under a federal statute must have a statute of limitations. "As is often the case in federal civil law, there is no federal statute of limitations expressly applicable to this suit. In such situations we do not ordinarily assume that Congress intended that there be no time limit on actions at all; rather, our task is to 'borrow' the most suitable statute or other rule of timeliness from some other source." *DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 158 (1983)*.* The default presumption is to apply a "state statutes of limitations unless 'a timeliness rule drawn from elsewhere in federal law should be applied.'" *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143,

_____

III, § 313(a) (Dec. 1, 1990), codified at 28 U.S.C. § 1658. This catch-all statute of limitations applies only "if the plaintiff's claim against the defendant was made possible by a post–1990 enactment." *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004). The EPCA preemption provisions that make Plaintiffs' claims possible were enacted in the National Appliance Energy Conservation Act of 1987, Pub.L. 100–12, 101 Stat. 103 (Mar. 17, 1987), which amended EPCA by adding the provisions in 42 U.S.C. § 6297(b), (c) that the Complaint claims have been violated by state and local law. Compl. ¶¶ 10, 84, 161, 174, 180. Given that Plaintiffs' claims were made possible by legislation enacted before December 1, 1990, the catch-all, four-year statute of limitations in 28 U.S.C. § 1658 does not apply to Plaintiffs' claims.

147 (1987) (quoting *DelCostello,* 462 U.S. at 159, n. 13). "[W]hen a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking, we have not hesitated to turn away from state law." *DelCostello,* 462 U.S. at 172.

      **B.**   **The Court Should Borrow the 60-Day Statute of Limitations in EPCA.**

           **1.**  **The most analogous statute of limitations in federal law is the 60-day limitations period in EPCA.**

      EPCA's statute of limitations for challenges to a rule issued by the Department of Energy establishing energy conservation standards for covered products "provides a closer analogy than available state statutes" of limitations. *DelCostello,* 462 U.S. at 172. Here, Plaintiffs claim that Colorado laws violate EPCA's express preemption provisions governing energy conservation standards for covered products. *E.g.*, Compl. ¶¶ 10, 161, 174, 180. The closest analogy to Plaintiffs' claim is a lawsuit challenging federal rules related to the energy conservation standards for covered products, for which the statute of limitations is 60 days after publication of the federal rule, 42 U.S.C. § 6306(b)(1).

      It is more consistent with Congressional intent to borrow a statute of limitations from EPCA to apply to an EPCA preemption claim than to look to unrelated state laws. There is "no clearer indication of how Congress would have balanced the policy considerations implicit in any limitations provision than the balance struck by the same Congress in limiting similar and related protections." *Lampf, Pleva, Lipkind, Prupis &*

*Petigrow v. Gilbertson*, 501 U.S. 350, 359 (1991) (superseded by statute). EPCA's provision for judicial review of energy conservation standards issued by the federal Department of Energy authorizes federal courts to grant the same kind of declaratory and injunctive relief that the Plaintiffs request from this Court regarding Colorado laws. Given that "the statute of origin contains comparable express remedial provisions, the inquiry usually should be at an end." *Id.*

Moreover, the Complaint repeatedly alleges that the federal Department of Energy has not granted the Colorado laws in question a waiver from EPCA's preemption provisions. *E.g.*, Compl. ¶ 90, 100, 162, 168, 175, 182. DOE's "denial of [a state agency's] petition for a waiver of preemption is closely intertwined with the exercise of DOE's authority under § 6295," which is one of the provisions governed by the 60-day limitations period in 42 U.S.C. § 6306(b)(1). *Cal. Energy Comm'n v. Dep't of Energy*, 585 F.3d 1143, 1148 (9th Cir. 2009). The close relationship between questions of EPCA preemption and DOE's rulemaking authority provides further support for borrowing the limitations period in 42 U.S.C. § 6306(b)(1) and applying it to Plaintiffs' preemption claims.

"[T]he federal policies at stake and the practicalities of litigation make" borrowing the statute of limitations from EPCA "significantly more appropriate" than borrowing a limitations period from state law. *DelCostello,* 462 U.S. at 172. Given that states have different statutes of limitations for the same categories of claims, borrowing a state statute of limitations would mean that the statute of limitations for EPCA preemption claims would vary from state-to-state. Yet Plaintiffs' preemption claims rest on the

contention that Congress preferred a single set of uniform standards to a patchwork of state and local laws. While Plaintiffs are incorrect that EPCA preempts Colorado's and Denver's building performance standards, EPCA establishes a uniform 60-day period for seeking judicial review of federal energy conservation standards for covered products, 42 U.S.C. § 6306(b)(1). Applying the same 60-day period here would advance uniformity in administering EPCA and determining whether it preempts non-federal regulations, consistent with Congressional intent.

Even within a single state, borrowing from state law would yield different statutes of limitations for different EPCA preemption claims, based on the regulation being challenged and the identity of the defendant. As relevant here, Colorado law prescribes one statute of limitations for lawsuits challenging a regulation issued by the AQCC, C.R.S. § 24-4-106(4), and a different statute of limitations for lawsuits challenging regulations issued by the City of Denver and its agencies, *id.* § 13-80-102(1)(h). Borrowing statutes of limitations for EPCA preemption claims from state law would mean that not only would the statute of limitations vary *between* states, it would vary *within* each state depending on which state or local agency adopted the law that a plaintiff claims is preempted by EPCA. There is nothing to suggest that Congress intended such a complicated scheme that would arbitrarily apply a different limitations period to the same claim based on whom it is brought against. In short, borrowing a statute of limitations from state law would be "at odds with the purpose or operation of federal substantive law," *DelCostello,* 462 U.S. at 161, because it would create precisely the patchwork of state laws on the procedural side that a preemption claim seeks to

avoid on the substantive side. For these reasons, the Court should borrow EPCA's 60-day statute of limitations in 42 U.S.C. § 6306(b)(1) and apply it to Plaintiffs' claims because it "provides a closer analogy than available state statutes" of limitations. *DelCostello,* 462 U.S. at 172.

**2. All of Plaintiffs' claims are time-barred because they were brought more than 60 days after the state and local laws were published.**

Plaintiffs filed their Complaint on April 22, 2024, more than 60 days after Regulation 28 and the Energize Denver ordinances and regulations were published. Regulation 28 was published in the Colorado Register on September 25, 2023. Colorado Register, Volume 46, No. 18, at pdf pages 1207-50 (Sept. 25, 2023) (attached in Appx. to the Motion for Judicial Notice, p. 1).[2] The most recent Energize Denver ordinance was published on November 24, 2021, and the most recent Energize Denver regulation was published on July 11, 2023. City of Denver, Council Bill CB21-1310 (attached in App. to the Mot. for Judicial Notice, p. 56); City of Denver, Office of Climate Action, Sustainability, and Resiliency, Rules and Regulations Governing Energize

---

[2] The accompanying Motion for Judicial Notice explains why the Court should take judicial notice of the dates on which Regulation 28 was published and went into effect, and the dates on which the Energize Denver ordinances and regulations were issued. Taking judicial notice of these facts does not convert this motion to dismiss into a motion for summary judgment. *Tal v. Hogan,* 453 F.3d 1244, 1265 n. 24 (10th Cir. 2006); *Zimomra v. Alamo Rent-A-Car, Inc.*, 111 F.3d 1495, 1503 (10th Cir. 1997).

Denver Building Energy and Performance Requirements (attached in App. to the Mot. for Judicial Notice, p. 118). Given that Plaintiffs filed suit more than 60 days after publication of the Colorado laws that they challenge, all of the Plaintiffs' claims are time-barred.

**C.    In the Alternative, the Court Could Borrow Statutes of Limitations from Colorado Law.**

As discussed previously, the 60-day statute of limitations in EPCA, 42 U.S.C. § 6306(b)(1), is the limitations period that is most analogous here and borrowing it here is the approach most consistent with Congress' intent in enacting EPCA's preemption provisions. However, if the Court declines to adopt that approach, and instead looks to Colorado law for a limitations period, the Court should apply the following Colorado statutes of limitations: apply the 35-day statute of limitations governing challenges to AQCC regulations to Plaintiffs' claims concerning AQCC Regulation 28; and apply the two-year statute of limitations for civil lawsuits against government officials to Plaintiffs' claims concerning the City of Denver's Energize Denver ordinances and regulations.

**1.   The most analogous Colorado statute of limitations for challenges to Regulation 28 is the 35-day limitation on challenges to AQCC rules.**

The first and second counts in the Complaint claim that Regulation 28, issued by the AQCC, is unlawful because it violates the preemption provisions of a federal statute, EPCA. Compl. ¶¶ 159-71. Under Colorado law, a party seeking judicial review of a regulation issued by the AQCC must file suit within 35 days of the effective date of the regulation. C.R.S. § 24-4-106(4). If the Court borrows a statute of limitations from

Colorado law to apply to Plaintiffs' challenge to Regulation 28, it should borrow this 35-day statute of limitations in C.R.S. § 24-4-106(4).

Plaintiffs may argue that the most analogous statute of limitations is the two-year statute of limitations for "[a]ll actions upon liability created by a federal statute where no period of limitation is provided in said federal statute." C.R.S. § 13-80-102(1)(g). However, this provision does not apply to Plaintiffs' claims, for two reasons. First, the provision applies only to "actions *upon liability* created by a federal statute." *Id.* (emphasis added). In civil law, Colorado courts generally use the term "liability" to mean "liability for damages." *See, e.g.*, *Medina v. State*, 35 P.3d 443, 453 (Colo. 2001). In all of the cases we have found in which a court applied section 13-80-102(1)(g) and its predecessor to a federal claim, the plaintiffs sought to recover monetary damages.[3] Here, by contrast, Plaintiffs do not seek damages but instead seek only declaratory and injunctive relief. *See* Compl. ¶ 194.

Second, under Colorado law, when two statutes of limitations could apply to a claim, courts prefer the more specific provision or the more recent provision. *Jenkins v.*

---

[3] *McDonald v. Sch. Dist. No. 1*, 83 F. Supp. 3d 1134, 1142 (D. Colo. 2015); *Onyx Properties LLC v. Bd. of Cnty. Comm'rs*, 868 F. Supp. 2d 1171, 1174 (D. Colo. 2012); *Siegel Oil Co. v. Gulf Oil Corp.*, 556 F. Supp. 302, 306 (D. Colo. 1982), *aff'd*, 701 F.2d 149 (Temp. Emer. Ct. App. 1983); *Salazar v. Dowd*, 256 F. Supp. 220, 222-23 (D. Colo. 1966); *Mucci v. Falcon Sch. Dist. No. 49, El Paso Cnty.*, 655 P.2d 422, 424 (Colo. Ct. App. 1982).

*Panama Canal Ry. Co.*, 208 P.3d 238, 241–42 (Colo. 2009). Even if the Complaint

could be characterized as a suit "on liability" arising under a federal statute (which it is

not), that category of lawsuits is more general than a lawsuit challenging an AQCC

regulation—which is what this Complaint does. In addition, the 35-day statute of

limitations in C.R.S. section 24-4-106(4) governing challenges to state agency actions

including AQCC regulations was originally enacted in 1959, as part of the Colorado

Administrative Procedure Act. Colorado Laws 1959, H.B. 212. The two-year statute of

limitations for federal actions "on liability" where the federal statute lacks a statute of

limitations was originally enacted prior to 1959. *See Wolf Sales Co. v. Rudolph Wurlitzer

Co.*, 105 F. Supp. 506, 507 (D. Colo. 1952) (in a decision issued in 1952, discussing the

Colorado law establishing a two-year statute of limitations for federal actions "on

liability" without a statute of limitations). Thus, if the Court were to look to Colorado law

for a limitations period, Colorado law dictates the selection of the limitations period in

section 24-4-106(4) because it is both more specific and more recent than the

limitations period in section 13-80-102(1)(g). *See Jenkins*, 208 P.3d at 241–42.

Plaintiffs may also contend that they bring their claims under 42 U.S.C. § 1983

and that the statute of limitations is two years for all Section 1983 claims brought in

Colorado, *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006). However, accepting

all of the factual allegations in the Complaint as true, the Plaintiffs have not stated a

Section 1983 claim, and thus the statute of limitations for Section 1983 actions does not

apply here. A plaintiff properly pleads a Section 1983 claim only if there is an underlying

federal statute in which "Congress has 'unambiguously conferred' 'individual rights upon

a class of beneficiaries' to which the plaintiff belongs." *Health & Hosp. Corp. of Marion Cnty. v. Talevski*, 599 U.S. 166, 183 (2023) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 283, 285-86 (2002)). A plaintiff must identify with particularity the individual rights created by federal law that the plaintiff seeks to vindicate under section 1983; references to "unspecified 'rights'" are insufficient to establish that federal law creates individual rights that may be enforced through section 1983. *Blessing v. Freestone*, 520 U.S. 329, 343 (1997).

Here, Plaintiffs have not even alleged in the Complaint that EPCA creates individual rights in building owners that can be enforced through a section 1983 action. Nor is there any indication in the plain language of EPCA that Congress intended to confer individual rights upon building owners such as the Plaintiffs in this lawsuit. Therefore, Plaintiffs have not stated a claim under Section 1983 and the two-year statute of limitations for Section 1983 claims brought in Colorado does not apply here.

> **2.  The most analogous statute of limitations for challenges to Energize Denver ordinances and regulations is the two-year, catch-all limitation on challenges to government actions.**

While Colorado law contains a statute of limitations specific to lawsuits challenging final actions taken by state agencies such as the AQCC, Colorado law does not contain a limitations period specific to claims challenging an ordinance or regulation adopted by municipalities such as the City of Denver. Instead, Colorado law provides a two-year, catch-all statute of limitations for "[a]ll actions against any public or governmental entity or any employee of a public or governmental entity," except in circumstances not applicable here. C.R.S. § 13-80-102(1)(h). Thus, if the Court declines

to borrow EPCA's 60-day statute of limitations, the Court should borrow the two-year statute of limitations in C.R.S. § 13-80-102(1)(h) to apply to Plaintiffs' claims regarding the Energize Denver ordinances and regulations. This statute of limitations begins to run when a plaintiff knows or should have known of the legal violation that is the subject of the action. *Onyx*, 868 F. Supp. 2d at 1174. Plaintiffs knew or should have known of the alleged legal infirmities in the Denver ordinances and regulations on the dates that those laws were published, and thus the two-year statute of limitations began to run on the dates those laws were published.

Here, the Energize Denver ordinances were signed into law by the Mayor of Denver on December 20, 2016 and November 24, 2021. City of Denver Council Bill CB16-1231 (attached in App. to the Mot. for Judicial Notice, p. 47); City of Denver Council Bill CB21-1310 (attached in App. to the Mot. for Judicial Notice, p. 56). Plaintiffs filed their complaint on April 22, 2024, more than two years after the ordinances became law. Thus, if the Court borrows the two-year statute of limitations in C.R.S. § 13-80-102(1)(h) for the claims challenging the Energize Denver ordinances, the Court should dismiss Plaintiffs' claims regarding the Energize Denver ordinances because they are time-barred.

The original Energize Denver regulations were issued on March 29, 2017, and then certain portions were amended on three later dates. *See* App. to the Mot. for Judicial Notice, pp. 74, 79, 94, 118. The original regulations issued on March 29, 2017, and the first amendments issued on January 20, 2022, were issued more than two years earlier than Plaintiffs' April 22, 2024 complaint. Thus, if the Court borrows the two-

year statute of limitations in C.R.S. § 13-80-102(h) to apply to claims challenging the Energize Denver regulations, the Court should dismiss Plaintiffs' claims regarding the Energize Denver regulations issued on March 29, 2017 and January 20, 2022.

## **CONCLUSION**

For the foregoing reasons, the Court should borrow EPCA's 60-day statute of limitations and dismiss all of Plaintiffs' claims as time-barred. In the alternative, the Court should dismiss all claims except those challenging the two most recent Energize Denver regulations as time-barred under the most relevant state statutes of limitations.

Dated this 24th day of June, 2024

/s/ Matthew Gerhart
Matthew Gerhart
Senior Attorney
Sierra Club
1536 Wynkoop St., Suite 200
Denver, CO 80202
(303) 454-3346
matt.gerhart@sierraclub.org

Jim Dennison
Staff Attorney
Sierra Club
1650 38th St # 103W
Boulder, CO 80301
(435) 232-5784
jim.dennison@sierraclub.org

**ATTORNEYS FOR SIERRA CLUB**

/s/ Ellen Howard Kutzer
Ellen Howard Kutzer
General Counsel
Colorado Solar and Storage Association
1536 Wynkoop St., Suite 104
Denver, CO 80202
(303) 333-7342
ekutzer@cossa.co

**ATTORNEY FOR COLORADO SOLAR AND STORAGE ASSOCIATION AND COALITION FOR COMMUNITY SOLAR ACCESS**

<u>/s/ Joe Vukovich</u>
Joe Vukovich
Staff Attorney
Natural Resources Defense Council
1152 15 T H ST. NW
Suite 300
Washington, D.C. 20005
(202) 717-8344
JVukovich@nrdc.org

***ATTORNEY FOR NATURAL RESOURCES
DEFENSE COUNCIL***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of June, 2024, a true and correct copy of the foregoing **PROPOSED INTERVENOR-DEFENDANTS' PROPOSED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MEMORANDUM OF POINTS AND AUTHORITIES** was served via the CM/ECF system upon all counsel of record in this matter.


/s/ *Maddie Lipscomb*
Maddie Lipscomb