# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-01093-RMR

COLORADO APARTMENT ASSOCIATION; APARTMENT ASSOCIATION OF METRO DENVER; COLORADO HOTEL AND LODGING ASSOCIATION, INC.; AND NAOIP COLORADO CHAPTER;

    *Plaintiffs,*

  v.

JILL HUNSAKER RYAN, in her Official Capacity as the Executive Director of the Colorado Department of Public Health and Environment, MICHAEL OGLETREE, in his Official Capacity as the Director of the Colorado Air Pollution Control Division; AND WILL TOOR, in his Official Capacity as the Executive Director of the Colorado Energy Office; AND

THE CITY AND COUNTY OF DENVER; THE DENVER CITY COUNCIL; DENVER MAYOR MIKE JOHNSTON; THE DENVER OFFICE OF CLIMATE ACTION, SUSTAINABILITY, AND RESILIENCY; AND ELIZABETH BABCOCK, in her Official Capacity as the Executive Director of the Denver Office of Climate Action, Sustainability, and Resiliency.

    *Defendants.*

_____

**PROPOSED INTERVENOR-DEFENDANTS' PROPOSED MOTION FOR JUDICIAL NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES**

_____

## TABLE OF AUTHORITIES

**Cases**

*Battle v. Taylor James, LLC*, 607 F.Supp.3d 1025 (C.D. Cal. 2022) ............................... 2
*Tal v. Hogan,* 453 F.3d 1244 (10th Cir. 2006) ................................................................. 2
*Zimomra v. Alamo Rent-A-Car, Inc.*, 111 F.3d 1495 (10th Cir. 1997) ............................. 1

**Court Rules**

D. Colo. Civ. R. 7.1(a) ..................................................................................................... 1

**Other Authorities**

Fed. R. Evid. 201(b) ........................................................................................................ 1
Fed. R. Evid. 201(c)(2) .................................................................................................... 2

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1
CONFERRAL STATEMENT ............................................................................................. 1
LEGAL STANDARDS ....................................................................................................... 1
ARGUMENT ...................................................................................................................... 2
   I. The Court Should Take Judicial Notice of the Dates that Certain Colorado Laws were Enacted and Went into Effect............................................................................................ 2
CONCLUSION ................................................................................................................... 4

## INTRODUCTION

Proposed Intervenor-Defendants Coalition for Community Solar Access, Colorado Solar and Storage Association, Natural Resources Defense Council, and Sierra Club file this proposed motion for judicial notice in support of their accompanying motion to dismiss.

## CONFERRAL STATEMENT

Pursuant to Local Rule 7.1(a), counsel for the Proposed Intervenor-Defendants have conferred with the existing parties regarding this proposed motion. Denver does not oppose the motion. The State Defendants take no position. The Plaintiffs oppose the motion.

## LEGAL STANDARDS

"Federal Rule of Evidence 201 authorizes a federal court to take judicial notice of adjudicative facts at any stage of the proceedings," including when ruling on a motion to dismiss. *Zimomra v. Alamo Rent-A-Car, Inc.*, 111 F.3d 1495, 1503 (10th Cir. 1997). The court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment… This allows the court to 'take judicial notice of its own

1

files and records, as well as facts which are a matter of public record.'" *Tal v. Hogan*, 453 F.3d 1244, 1265 n. 24 (10th Cir. 2006) (internal citations omitted).

## ARGUMENT

### I. The Court Should Take Judicial Notice of the Dates that Certain Colorado Laws were Enacted and Went into Effect.

Proposed Intervenor-Defendants hereby request that the Court take judicial notice of the dates that Colorado Air Quality Control Commission Regulation 28 and the Energize Denver ordinances and regulations were adopted and went into effect. A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). "Courts regularly take judicial notice of legislative history and materials prepared by government agencies." *Battle v. Taylor James, LLC*, 607 F.Supp.3d 1025, 1040 (C.D. Cal. 2022).

Here, the dates that the Colorado Air Quality Control Commission's Regulation 28 were published and went into effect meet the standards for judicial notice. Those dates are not subject to reasonable dispute and can be accurately and readily determined by examining several official sources maintained by the State of Colorado whose accuracy cannot reasonably be questioned, including the Colorado Register, the

Colorado Code of Regulations, and the website of the Air Quality Control Commission.[1] A true and correct copy of Regulation 28 is attached to this motion.

 For similar reasons, the dates on which the Energize Denver ordinances and regulations were adopted and went into effect meet the standards for judicial notice. Those dates are not subject to reasonable dispute and can be accurately and readily determined by examining several official sources maintained by the City of Denver whose accuracy cannot reasonably be questioned, including the City of Denver's Code of Ordinances[2] and the City of Denver's website for the Energize Denver program.[3]  A true and correct copy of each of the Energize Denver ordinances and regulations is attached to this motion.

---

[1] *Air Quality Control Commission regulations*, Colorado Department of Public Health and Environment (last visited June 4, 2024), https://cdphe.colorado.gov/aqcc-regulations.

[2] Denver, Colo., Code of Ordinances (2024), https://library.municode.com/co/denver/codes/code_of_ordinances.

[3] Denver, Colo., Energize Denver Policy Timeline (last visited June 4, 2024), https://www.denvergov.org/Government/Agencies-Departments-Offices/Agencies-Departments-Offices-Directory/Climate-Action-Sustainability-Resiliency/Cutting-Denvers-Carbon-Pollution/High-Performance-Buildings-and-Homes/Energize-Denver-Hub/Energize-Denver-Policy-Timeline.

3

For these reasons, the Court should take judicial notice of the dates on which the following laws were adopted or went into effect:

- Colorado Air Quality Control Commission Regulation 28: published in the Colorado Register on September 25, 2023, with an effective date of October 15, 2023;
- Energize Denver Ordinance 1, Council Bill 16-1231: signed into law on December 20, 2016;
- Energize Denver Ordinance 2, Council Bill 21-1310: signed into law on November 24, 2021;
- Energize Denver regulation, version 1: issued March 29, 2017;
- Energize Denver regulation, version 2: issued January 20, 2022;
- Energize Denver regulation, version 3: issued November 23, 2022; and
- Energize Denver regulation, version 4: issued July 11, 2023.

## **CONCLUSION**

For the foregoing reasons, the Court should take judicial notice of the dates listed above on which the seven Colorado laws listed above were adopted and/or went into effect.

4

Dated this 24th day of June, 2024

/s/ Matthew Gerhart
Matthew Gerhart
Senior Attorney
Sierra Club
1536 Wynkoop St., Suite 200
Denver, CO 80202
(303) 454-3346
matt.gerhart@sierraclub.org

Jim Dennison
Staff Attorney
Sierra Club
1650 38th St # 102W
Boulder, CO 80301
(435) 232-5784
jim.dennison@sierraclub.org

**ATTORNEYS FOR SIERRA CLUB**

/s/ Ellen Howard Kutzer
Ellen Howard Kutzer
General Counsel
Colorado Solar and Storage Association
1536 Wynkoop St., Suite 104
Denver, CO 80202
(303) 333-7342
ekutzer@cossa.co

**ATTORNEY FOR COLORADO SOLAR AND STORAGE ASSOCATION AND COALITION FOR COMMUNITY SOLAR ACCESS**

<u>/s/ Joe Vukovich</u>
Joe Vukovich
Staff Attorney
Natural Resources Defense Council
1152 15 T H ST. NW
Suite 300
Washington, D.C. 20005
(202) 717-8344
JVukovich@nrdc.org

***ATTORNEY FOR NATURAL RESOURCES DEFENSE COUNCIL***

## CERTIFICATE OF SERVICE

   I hereby certify that on this 24th day of June, 2024, a true and correct copy of the foregoing **PROPOSED INTERVENOR- DEFENDANTS' PROPOSED MOTION FOR JUDICIAL NOTICE AND MEMORANDUM OF POINTS AND AUTHORITIES** was served via the CM/ECF system upon all counsel of record in this matter.

                /s/ *Maddie Lipscomb*
                Maddie Lipscomb