## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-01093

**COLORADO APARTMENT ASSOCIATION et al.**

                     Plaintiffs,

**v.**

**JILL HUNSAKER RYAN, in her Official Capacity as the Executive Director of the Colorado Department of Public Health and Environment, et al.**

                     Defendants.

_____

**PLAINTIFFS' RESPONSE IN OPPOSITION TO PROPOSED INTERVENOR-DEFENDANTS' PROPOSED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MEMORANDUM OF POINTS AND AUTHORITIES**
_____

On June 24, 2024, Proposed Intervenor-Defendants Coalition for Community Solar Access, Colorado Solar and Storage Association, Natural Resources Defense Council and Sierra Club ("Proposed Intervenors") filed a Proposed Motion to Dismiss for Failure to State a Claim and Memorandum of Points and Authorities.  ECF No. 30.  While not currently admitted as a party in this proceeding, Proposed Intervenors' motion to dismiss is cited and incorporated by Denver Defendants' motion to dismiss (*See* ECF No. 24 at 13).  On July 18, 2024, this Court granted Plaintiffs' Motion to Extend Motion to Dismiss Response Deadline (ECF No. 37), granting Plaintiffs until August 9, 2024 to respond to all motions to dismiss.  ECF No. 41.  Given that the Denver Defendants rely on arguments in the yet-filed Proposed Intervenors Motion to Dismiss, Plaintiffs hereby file this response to Proposed Intervenors' motion to dismiss.

Plaintiffs have challenged two sets of regulations promulgated by Denver and State Defendants: Energize Denver and Regulation 28.  For Energize Denver, the operative provisions containing the enforceable building performance standards are found in the most recent version of the Energize Denver Regulations, which took effect on July 11, 2023.  ECF No. 31-1, Proposed Intervenors' Appendix at 118 (Energize Denver amendments (July 11, 2023))[1]; ECF No. 31 at 4.  Regulation 28, which contains the operative provisions setting enforceable building performance standards, was

---

[1] Proposed Intervenors filed a Proposed Motion for Judicial Notice and Memorandum of Points and Authorities and Appendix on June 24, 2024 (*See* ECF Nos. 31, 31-1).  Plaintiffs reserve the right to respond to that motion if intervention is granted.

published in the *Colorado Register* on September 25, 2023 and became effective on October 15, 2023.  Proposed Intervenors' Appendix at 8 (Colorado Air Quality Control Commission Regulation 28, as published the in Colorado Register on Sept 25, 2023); ECF No. 31 at 4.

**SUMMARY OF ARGUMENT**

As a threshold matter, Proposed Intervenors' motion to dismiss is inappropriate at this stage because factual development remains to determine when Plaintiffs were injured by both Regulation 28 and Energize Denver sufficient to trigger an applicable statute of limitations.   Therefore, to the extent Proposed Intervenors' motion depends on a determination on when Plaintiffs' injuries accrued, this Court should decline to resolve the motion.

On the merits, Proposed Intervenors motion to dismiss should be denied in its entirety as no applicable statute of limitations bars Plaintiffs' claims against Regulation 28 and Energize Denver. First, Plaintiffs' claims are not barred by EPCA's 60-day statute of limitations.  EPCA's 60-day statute of limitations only applies to plaintiffs challenging a rule promulgated by the Secretary of the Department of Energy ("DOE") in a United States Court of Appeals, and does not apply to challenges to state or local regulations.  Instead, the appropriate statute of limitations for Plaintiffs' claims is either Colorado's default two-year statue of limitations for § 1983 actions or the fallback general limitation contained in C.R.S. § 13-80-102(1)(g)-(h).

Both Regulation 28 and the Energize Denver Regulations, which contain the operative building performance standards that harm Plaintiffs and their members, were

enacted within the prior two years.  As such, Plaintiffs' claims are not barred by any statute of limitations.

**ARGUMENT**

### I.   Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint that is barred by the statute of limitations. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Chance v. Zinke*, 898 F.3d 1025, 1034 (10th Cir. 2018).   Typically though, "facts must be developed to support dismissing a case based on the statute of limitations." *Herrera v. City of Espanola*, 32 F.4th 980, 991 (10th Cir. 2022). Therefore, "a court may grant a motion to dismiss based on a statute of limitations defense only 'when the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements.'"  *Id.* (citing *Fernandez v. Clean House, LLC,* 883 F.3d 1296, 1299 (10th Cir. 2018)).

Federal law rather than state law determines when a cause of action accrues. *See Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994).  Where "there are two plausible constructions of a statute of limitations, [Courts] should adopt the construction that starts the time limit running when the cause of action . . . accrues."  *Graham County Soil & Water Conservation Dist. v. U.S. ex rel Wilson*, 545 U.S. 409, 419 (2005).  Pursuant to federal law, "[t]he statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Id.* at 969; *see also Corner Post, Inc. v. Board of Governors, FRS*, 603 U.S. _____ (2024).  In the case of challenges to the

lawfulness of a statute or regulations, an injury caused by a statute has been found to be either "continuing" or "not occur[ing] until the statute 'is enforced,' and consequently the Supreme Court has allowed non-taking challenges to statutes 'long after they were enacted.'" *Carson Harbor Village Ltd. V. City of Carson*, 37 F.3d 468, 476, n.7 (9th Cir. 1994) (citing *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 688 (9th Cir. 1993)).

Limitations on a federal claim of right are grounded in federal law. *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 159 n. 13 (1983).  When a federal statute does not supply a limitations period, courts "generally 'borrow' the most closely analogous state limitations period." *Graham County Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 545 U.S. 409, 414 (2005).  In resolving this question, courts will look for a state statute that is "actually designed to accommodate a balance of interests very similar" to that struck by the federal law at issue. *DelCostello*, 462 U.S. at 169.  Relevant factors include "commonality of purpose and similarity of elements." *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 358 (1991).  Further, federal statutes will preempt state statutes of limitation when the state limitations are "inconsistent with Congress's full purposes and objectives in passing" the federal statute.  *Allen v. Environmental Restoration, LLC,* 32 F.. 4th 1239, 1244 (10th Cir. 2022); *see also DelCostello*, 462 U.S. at 171-172 (presumption that a state statute of limitations should be applied can be overridden ""when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking.").

II.   **Regardless of the Applicable Statute of Limitations, this Court Should Decline to Resolve the Matter Until it has Resolved When Plaintiffs' Injuries Accrued.**

Plaintiffs' Complaint (and supporting declarations) are clear that Plaintiffs *first* engaged in the work of analyzing the building performance standards in both Regulation 28 and Energize Denver to determine whether they "concerned" the energy efficiency of Covered Products such that they were preempted by EPCA *before* they brought this action.   Compl. ¶¶ 21, 115-130, 136-153.[2]   Given the need to analyze the building performance standards in both regulations, Plaintiffs' claims did not "accrue" for purposes of triggering any statute of limitations until that injury had been determined.   *Indus. Constructors Corp.*, 15 F.3d at 969.

That an injury caused by a statute or regulation may take time to accrue is not a novel concept.   For example, in *Brown v. Barry*, a plaintiff sought to operate a business shining shoes and discovered that a law on the books for nearly a century required him to obtain a special permit to do so.   710 F. Supp. 352, 352-53 (D.D.C. 1989).   There was no question that plaintiff's challenge was timely for purposes of a statute of limitations despite the operative law having been on the books for almost a century, because the plaintiff's injury accrued when he learned of the licensing requirement and the fact that it applied to him.   *Id.; see also Loving v. Commonwealth of Virginia,* 388 U.S. 1 (1967) *and*

---

[2] Ironically, both State Defendants and Denver Defendants make standing arguments that Plaintiffs did not do enough to determine whether Regulation 28 and Energize Denver cause them injury, essentially arguing Plaintiffs claims have not yet accrued.

*Brown v. Board of Educ.,* 347 U.S. 483 (1954) (Supreme Court in both cases allowing challenges to statutes long on the books).

Further, challenges that a state law is preempted by federal law can be raised at any time.  *See Colo. Dept. of Public Health and Environment, Hazardous Materials and Waste Management Div. v. U.S.*, 693 F.3d 1214 (10th Cir. 2012) (Denying Colorado's attempt to regulate stored hazardous waste under federal conflict preemption principles, where Colorado was attempting to enforce regulations authorized by a statute initially enacted in 1981).  It is not novel that Plaintiffs may challenge a regulation authorized by an earlier statutory enactment, when it is the regulation itself which contains the operative provisions harming the Plaintiff.

Further, Proposed Intervenors' pending Proposed Motion for Judicial Notice raises what will be contested issues of fact as to when Energize Denver's substantive provisions implementing the building performance standards Plaintiffs are challenging became effective.  *See* ECF No. 31 at 4 (noting four different versions of the Energize Denver Regulations and their respective effective dates).  Plaintiffs' position is that the statute of limitations for challenge Energize Denver starts *at the earliest* at the time of the last amendment to the Energize Denver Regulations, on July 11, 2023, but more properly when Plaintiffs analyzed the Energize Denver Regulations and discovered harm.  To the extent Proposed Intervenors argue for an earlier date, there are disputed issues of fact inappropriate for resolution at this time.

Thus, there remains critical questions of when Plaintiffs' cause of action accrued in this matter – specifically when Plaintiffs' members properly determined that either

Regulation 28 or Energize Denver applied in a manner that "concerns" the energy efficiency of Covered Products in their buildings that cannot be determined from the face of Plaintiffs' complaint.   Because factual disputes remain as to when Plaintiffs' claims accrued, Proposed Intervenors' statute of limitations arguments are in appropriate at this juncture.  *See Fernandez v. Clean House, LLC,* 883 F.3d 1296) ("Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense— may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." (citing *Xechem, Inc. v. Bristol–Myers Squibb Co*., 372 F.3d 899, 901 (7th Cir. 2004)).

## III.   Plaintiffs' Claims are Not Barred by the Appropriate Statute of Limitations.

### A.   EPCA's 60-day statute of limitations does not apply to Plaintiffs' claims.

As Proposed Intervenors admit, "EPCA does not contain an express statute of limitations for claims that state or local laws violate EPCA's preemption provisions."  ECF No. 30 at 8.  In fact, the only statute of limitations contained in EPCA relates to persons who challenge a rule promulgated by the Secretary of the DOE, jurisdiction for which challenges specifically resides in the United States court of appeals.   42 U.S.C. § 6306(b)(1) ("Any person who will be adversely affected by a rule prescribed under section 6293, 6294, or 6295 of this title may, at any time within 60 days after the date on which such rule is prescribed, file a petition with the United States court of appeals for the circuit in which such person resides.").

In the very same section of EPCA that authorizes (and limits) challenges to the Secretary's promulgation of rules under EPCA, Congress also anticipated exactly the type

of challenge brought here – when a person seeks a determination as to whether a State or local government is complying with the requirements of" EPCA.  *Id.* at (c) ("Jurisdiction is vested in the Federal district courts of the United States over actions brought by-- (1) any adversely affected person to determine whether a State or local government is complying with the requirements of this part.").

Congress carefully crafted the administrative and judicial review provisions of EPCA, and chose to only provide a shorter statute of limitations for challenges to the Secretary's promulgation of rules under EPCA.  For other challenges, such as challenges over whether a State or local government has violated EPCA, Congress consciously left out any applicable statute of limitations.   *See Russello v. United States,* 464 U.S. 16, 23 (1983) ("Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (internal quotations omitted).

**B.  Plaintiffs' § 1983 claims are subject to Colorado's default two-year statute of limitation.**

Having determined that EPCA's 60-day statute of limitations is inapplicable to Plaintiffs' challenge, this Court should 'borrow' the most closely analogous state limitations period" (*Graham County Soil & Water Conservation Dist.*, 545 U.S. at 414), that resolving "accommodate[s] a balance of interests very similar" to that struck by the federal law at issue (*DelCostello*, 462 U.S. at 169).

Plaintiffs filed this action, in part, under 42 U.S.C. § 1983.  Compl. ¶ 15.  Under Colorado law, the statute of limitations for suits brought under 42 U.S.C. § 1983 is two years from the time the cause of action accrued.  *Fogle v. Pierson*, *435 F.3d* 1252, 1258

(10th Cir. 2006).   Contrary to Proposed Intervenors' argument, Congress did confer individual rights on building owners to challenge State or local regulations that violate EPCA by stating that "[j]urisdiction is vested in the Federal district courts of the United States over actions brought by--(1) any adversely affected person to determine whether a State or local government is complying with the requirements of" EPCA.

In *Golden State Transit Corp. v. Los Angeles* the Supreme Court held that an enforceable statutory "right" under § 1983 arises when (1) the plaintiff is an intended beneficiary of the statutory provision at issue, (2) the statute creates a binding obligation rather than merely a congressional preference for a certain kind of conduct, and (3) the plaintiff's interest is not so vague and amorphous as to be beyond the competence of the judiciary to enforce.  493 U.S. 103, 106 (1989).  In contesting whether a Plaintiff can bring a § 1983 action, the "burden to demonstrate that Congress has expressly withdrawn [a § 1983] remedy is on the defendant", and Courts will "not lightly conclude that Congress intended to preclude reliance on § 1983 as a remedy for the deprivation of a federally secured right.  *Golden State Transit Corp.*, 493 U.S. at 107 (1989) (citing *Wright v. City of Roanoke Redevelopment and Housing Authority*, 479 U.S. 418, 423-424 (1987)).

In *Golden State Transit Corp.,* the Supreme Court was tasked with determining whether a taxicab franchise could enforce the National Labor Relations Act ("NLRA") which preempted the City of Los Angeles from conditioning the renewal of the taxicab's franchise on the settlement of a labor dispute.   493 U.S. at 104-105.  The Supreme Court first held that while the NLRA preempted the City of Los Angeles' conduct, the National Labor Relations Board ("NLRB") had no authority to "address conduct protected by the

NLRA against governmental interference." *Id.* at 108. Thus, the Supreme Court held that there was no "comprehensive enforcement scheme for preventing state interference with federal protected labor rights", and as such the plaintiff was the "intended beneficiary" of the NLRA's statutory scheme preempting governmental interference with the right secured by the NLRA. *Id.* at 108-109. The same is true here, because while 42 U.S.C. § 6306(c) allows interested "persons" to bring suit against States or local governments violating EPCA, there is no analogous cause of action for the Secretary of the DOE to bring suit to enforce EPCA's preemption provisions, nor any procedure by which Plaintiffs can petition the Secretary of DOE to independently invalidate state regulations preempted by EPCA.

Congress has clearly and unambiguously conferred an enforceable right on "any adversely affected person" (42 U.S.C. § 6306(c)) to bring suit to enforce EPCA's preemption provisions. *See Gonzaga University v. Doe*, 536 U.S. 273, 280 (2002) ("Congress spoke in terms that 'could not be clearer,' and conferred entitlements 'sufficiently specific and definite to qualify as enforceable rights,'" and also significant was that the federal agency at issue had not "provided a procedure" by which plaintiffs could complain to it of alleged failure to adhere to the statutorily granted right. (internal citations omitted)); *see also Wilder v. Virginia Hospital Ass'n*, 496 U.S. 498, 509, 522 (1990) (holding the "reasonable rates" standard of the Boren Amendment, 42 U.S.C. § 1396a(l)(13)(a) were enforceable under § 1983 where federal statute did not provide "any mechanism for individuals to bring problems to the attention of" the Secretary of the Department of Housing and Urban Development, and the "Secretary's limited oversight

[wa]s insufficient to demonstrate an intent to foreclose relief altogether in the courts under § 1983."). Here, Plaintiffs are clearly the "intended beneficiar[ies]" of Congress' intent in EPCA "to preempt patchwork state or local laws that are unworkable, that undercut a coordinated national energy policy, that overlook the public's need for reliable and resilient energy, and that deny consumer choice." Compl. ¶ 7.

Moving on to the second factor, the Supreme Court found that the NLRA's preemption provisions clearly created a binding obligation (rather than a Congressional preference) on the actions of the City of Los Angeles. *Golden State Transit Corp.*, 493 U.S. at 110 ("state jurisdiction over conduct arguably protected or prohibited by the NLRA is pre-empted in the interest of maintaining uniformity in the administration of the federal regulatory jurisdiction."). As such, the Supreme Court found under the third factor that the taxicab franchise was enforcing "a right specifically conferred on employers and employees by the NLRA" that was neither vague or amorphous, and within the authority of the judiciary to enforce. *Id.* at 112. So too here, where EPCA specifically preempts the conduct the State and Denver Defendants are alleged to have engaged in – regulating Covered Products preempted from State and local regulation by EPCA.

Plaintiffs are clearly the "intended beneficiar[ies]" of EPCA preemption provisions, and have properly brought an action to enforce the rights secured by Congress' clear preemptive intent in EPCA under § 1983. As such, Colorado's default two-year statute of limitation for § 1983 actions applies. *Fogle v. Pierson*, *435 F.3d* at 1258.

### C. Even if Plaintiffs' claims are not properly brough under § 1983, the most closely analogous state statute of limitations is also two years.

Proposed Intervenors admit that Colorado law provides a two-year, catch-all

statute of limitations for "[a]ll actions against any public or governmental entity or any employee of a public or governmental entity."  C.R.S. § 13-80-102(1)(g)-(h).  Notably here, Plaintiffs have brought their challenge against "public or governmental entit[ies]" and employees (*id.* at (1)(h)) who will implement and enforce Regulation 28 and Energize Denver (*see* Compl. ¶¶ 23-31) under an action sounding in "liability created by a federal statute where no period of limitation is provided in said federal statute" (C.R.S. § 13-80-102(1)(g)).

Contrary to Proposed Intervenors' claims the term "liability" in § 13-80-102(1)(g) has been applied to mean "liability for the plaintiff's injuries" (*Medina v. State*, 35 P.3d 443, 453 (Colo. 2001)[3]), which includes constitutional and statutory injuries authorized under federal statutes.  *See Bowdry v. United Air Lines, Inc.*, 956 F.2d 999, 1006 (10th Cir. 1992) (finding "that the proper statute to apply is Colo.Rev.Stat. § 13–80–102(1)(g)" to plaintiffs' claims to enforce their first right of hire under authority of the Airline Deregulation Act of 1978.).  For that reason, Proposed Intervenors' claim that no court has applied section 13-80-102(1)(g) and its predecessor where a plaintiff sought to obtain declaratory relief is belied by *Bowdry*.  *See also United Food and Commercial Workers International Union, Local No. 7, AFL-CIO v. Kaiser Foundation Health Plan of Colorado*, 2024 WL 3345286 at *4-*6,  (July 9, 2024) (In action "seeking declaratory and injunctive

---

[3] Proposed Intervenors mistakenly cite to *Medina* for support of the proposition that Colorado courts generally use the term "liability" to mean "liability for damages" (ECF No. 30 at 11), but the phrase "liability for damages" does not appear in the *Medina* opinion.

relief" this Court considering both C.R.S. § 13-80-102(1)(g) and C.R.S. § 13-80-101(1)(a) as "candidates" for providing the proper statute of limitations but ultimately choosing the longer three-year limitations period in § 13-80-101(1)(a)).

Further, Courts in this District have applied section § 13-80-102(1)(g) statute of limitations in other § 1983 actions. *Hawkinson v. Montoya*, 385 Fed. Appx. 836, 841 (10th Cir. 2010); *Hull v. Colo. Bd. Of Governors of Colorado State University System*, 805 F. Supp. 2d 1094, 1103 (D. Colo. 2011); *Holmes v. Regents of University of Colorado*, 176 F. 3d 488 (Table), 1999 WL 285826 at *5 (10th Cir. 1999).

### D. The Colorado APA's 35-day Statute of Limitations is Inapplicable to Plaintiffs' Challenge to Regulation 28.

Plaintiffs' challenge against Regulation 28 is not the type of challenge authorized by the Colorado APA (and Proposed Intervenors also admit that the operative Energize Denver Regulations could not have been challenged under the Colorado APA).

First, for the reasons stated in sections III.B and C, *supra*, the most analogous statute of limitations for challenging a State or local regulation as preempted by federal law is either Colorado's default two-year limitation for § 1983 claims or the catch-all two-year limitation for claims brought under color of federal law against state entities and officials found in C.R.S. § 13-80-102(1).

Second, applying the Colorado APA's 35-day statue of limitations would fail to "accommodate a balance of interests very similar" to that struck by the federal law at issue. *DelCostello*, 462 U.S. at 169. As noted herein, Congress could have applied a short 60-day statute of limitations to actions under 42 U.S.C. § 6306(c) that was already present under § 6306(b)(1) but declined to do so. Applying a drastically shorter statute

of limitations than the one Congress already declined to impose on claims brought under 42 U.S.C. § 6306(c) would undermine the balance consciously struck by Congress in EPCA.

Third, drastically limiting a plaintiffs' ability to challenge a State or local regulation inconsistent with the uniform energy goals of EPCA would be "inconsistent with Congress's full purposes and objectives in passing" the EPCA.  *Allen,* 32 F.4[th] at 1244 (10th Cir. 2022); *see also DelCostello*, 462 U.S. at 171-172.  Instead, it is much more likely that Congress' intent was to provide a commensurate time for a plaintiff to bring an action under § 6306(c) such as that authorized under other federal statutes such as § 1983, the default four-year statue of limitations for actions authorized under federal law found in 28 U.S.C. § 1658, or even the default six-year statute of limitations under the federal APA in 28 U.S.C. § 2401(a).  *See Corner Post, Inc.*, 603 U.S. _____ at 23 (Holding APA claims do not accrue for purposes of the six-year statute of limitations until the plaintiff is injured).

## IV.   Applying the Appropriate Two-Year Statute of Limitations, Plaintiffs' Claims are Timely.

Regulation 28, which contains the building performance standards Plaintiffs are challenging, was published on September 25, 2023 and became effective on October 15, 2023.  ECF No. 31 at 4.  Even ignoring when Plaintiffs' claims accrued against Regulation 28, Plaintiffs clearly filed within two years of either the publication of or effective date of Regulation 28, and their claims are timely.

The latest version and amendment of the Energize Denver Regulations which contains the building performance standards Plaintiffs are challenging was signed and

issued on July 11, 2023.  ECF No. 31 at 4.  Again, ignoring when Plaintiffs' claims actually accrued against Energize Denver, Plaintiffs clearly filed within two years of either the publication of or effective date of Energize Denver's latest amendment, and their claims are timely.

## CONCLUSION

For the reasons stated herein, Plaintiffs' claims against Regulation 28 and Energize Denver are not barred by any statute of limitations.  Proposed Intervenors' motion to dismiss should be denied.


Dated:  August 9, 2024

GREENBERG TRAURIG, LLP

/s/ *Paul M. Seby*
Paul M. Seby
Matthew K. Tieslau
GREENBERG TRAURIG, LLP
1144 15th Street, Suite 3300
Denver, Colorado 80202
Phone Number:  303.572.6500
Fax Number: 303.572.6540
E-Mail:
TieslauM@gtlaw.com


*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th of August 2024, a copy of the foregoing was served upon all parties using the Court e-filing system.

*s/ Paul M. Seby*
Paul M. Seby