**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 24-cv-01093-RMR

COLORADO APARTMENT ASSOCIATION; APARTMENT ASSOCIATION OF METRO
DENVER; COLORADO HOTEL AND LODGING ASSOCIATION, INC.; AND NAOIP
COLORADO CHAPTER;

      Plaintiffs,

v.

JILL HUNSAKER RYAN, in her Official Capacity as the Executive Director of the
Colorado Department of Public Health and Environment, MICHAEL OGLETREE, in his
Official Capacity as the Director of the Colorado Air Pollution Control Division; AND
WILL TOOR, in his Official Capacity as the Executive Director of the Colorado Energy
Office; and

THE CITY AND COUNTY OF DENVER; THE DENVER CITY COUNCIL; DENVER
MAYOR MIKE JOHNSTON; THE DENVER OFFICE OF CLIMATE ACTION,
SUSTAINABILITY, AND RESILIENCY; AND ELIZABETH BABCOCK, in her Official
Capacity as the Executive Director of the Denver Office of Climate Action,
Sustainability, and Resiliency.

      Defendants.

---

**ORDER**

---

This matter is before the Court on the Motion to Intervene and Memorandum of
Points and Authorities of the Coalition for Community Solar Access ("CCSA"), Colorado
Solar and Storage Association ("CSSA"), Natural Resources Defense Counsel ("NRDC"),
and Sierra Club (collectively, "Proposed Intervenors"), ECF No. 29.

In this case, Plaintiffs—four organizations whose members either own or manage
buildings in Colorado, including some in Denver—challenge the state and city-level

building performance standards developed by the Colorado Air Quality Control Commission ("Regulation 28" or "State Standards") and Denver City Council ("Energize Denver" or "City Standards") (collectively, "the Building Performance Standards" or "the Standards"). Generally, the Building Performance Standards require owners of large buildings to reduce the emissions associated with those buildings' energy use, including by placing energy and conservation standards on the appliances and equipment within those buildings. Plaintiffs allege the Standards are preempted by the federal Energy Policy and Conservation Act ("EPCA"), 42 U.S.C. §§ 6201-6422, and seek to enjoin enforcement of the Standards on that basis.

Proposed Intervenors seek to intervene as of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure, and alternatively to intervene permissively pursuant to Rule 24(b)(1)(B).  Defendants do not oppose the Motion to Intervene. ECF Nos. 33, 35. Plaintiffs filed a response in opposition to the Motion to Intervene. ECF No. 36. Proposed Intervenors filed a reply. ECF No. 36. For the following reasons, the Motion to Intervene is GRANTED.

## I.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 24(a)(2), "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Thus, a movant under Rule 24(a) must demonstrate that four requirements are met in order to intervene as of right:

(1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) the applicant's interest may as a practical matter be impaired or impeded; and (4) the applicant's interest is not adequately represented by existing parties. *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001). Under Federal Rule of Civil Procedure 24(b), the court may permit anyone to permissively intervene who "is given a conditional right to intervene by a federal statute or who has a claim or defense that shares with the main action a common question of law or fact."

The Tenth Circuit "has historically taken a 'liberal' approach to intervention and thus favors the granting of motions to intervene." *W. Energy Alliance v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017). While the criteria for intervention are not "rigid, technical requirements," they are "intended to capture the circumstances in which the practical effect on the prospective intervenor justifies its participation in the litigation." *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010). In addition, the requirements for intervention may be relaxed in cases raising significant public interests. *Kane Cnty., Utah v. United States*, 928 F.3d 877 (10th Cir. 2019).

## II.   ANALYSIS

Proposed Intervenors argue that they have satisfied each of the four requirements under Federal Rule of Civil Procedure 24(a)(2) to intervene as of right. The Court addresses each factor in turn.

### A.	Timeliness

Rule 24(a)'s "timeliness" requirement focuses on prejudice to existing parties resulting from the passage of time between the initiation of the litigation and the motion to intervene. *See Utah Ass'n of Cntys.*, 255 F.3d at 1250–51. Here, Proposed Intervenors moved to intervene two months after Plaintiffs initiated this action, one business day after the State Defendants filed their responsive pleading, and on the same day the Denver Defendants filed their responsive pleading. Proposed Intervenors' motion will not prejudice either party or cause disruption or delay at this early stage. *See id*. at 1251. Accordingly, the Court finds that Proposed Intervenors' motions to intervene are timely.

### B.	Interest in the Subject of the Lawsuit

"To meet the interest requirement, an applicant must have an interest that could be adversely affected by the litigation." *Kane*, 928 F.3d at 891.  Establishing the potential impairment of such an interest "presents a minimal burden." *Id*. (quoting *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1199 (10th Cir. 2010)). The Tenth Circuit has held that it is "'indisputable' that a prospective intervenor's environmental concern is a legally protectable interest." *WildEarth Guardians*, 604 F.3d at 1198 (citation omitted). The health effects of air pollution, which are closely related to these environmental concerns, have likewise been recognized as a legally protectable interest. *See Utah Physicians for a Healthy Env't v. Diesel Power Gear*, LLC, 21 F.4th 1229, 1241-46 (10th Cir. 2021). The interest requirement is also satisfied by an applicant's economic interests that would be affected by the outcome of the litigation, including its stare decisis effect. *See NRDC v. U.S. Nuclear Regul. Comm'n*, 578 F.2d 1341, 1344-45 (10th Cir. 1978).

Finally, an applicant's "record of advocacy" on an issue can establish a sufficient interest, such as an interest in preserving a policy that the applicant helped develop. *Zinke*, 877 F.3d at 1165-66.

The Proposed Intervenors have a significant interest in the Building Performance Standards at issue here. Proposed Intervenors assert that "large buildings' energy use harms [their] members by contributing significantly to air pollution, both through the buildings' direct combustion of fossil fuels and through their consumption of electricity that is generated by fossil fuel combustion." ECF No. 29 at 9. This pollution, which the challenged Standards are intended to reduce, harms the health of Proposed Intervenors' members, who include students, retirees, renters, and utility customers. *Id.* Proposed Intervenors have an interest in the benefits of the challenged Standards, which aim to "reduce greenhouse gas emissions and support climate resilience by promoting access to distributed energy generation, energy storage, and affordable cooling that can provide protection against weather-related grid outages, energy price spikes, and heat waves." *Id.* at 10.

Proposed Intervenors' members also "include renters in covered apartment buildings who have an economic interest in utility bill savings from energy efficiency improvements that the Standards encourage their landlords to make." *Id.* at 10. Additionally, COSSA and CCSA's members have business interests that are impacted by the litigation, because of their members' "products and services that will help covered buildings meet the challenged Standards, including distributed renewable energy generation through rooftop solar and community solar gardens, battery storage, and

energy management services throughout the supply chain that facilitate access to these programs." *Id.* at 11. Finally, Sierra Club, NRDC, and COSSA have a record of advocacy on this issue—they all worked to help develop the policies at issue and have an interest in preserving those policies.

Proposed Intervenors therefore have both individual member interests and organizational interests in the implementation of the challenged Standards. These interests fit squarely within the Tenth Circuit's interest test for intervention as of right. Accordingly, the Court finds that the Court finds that the Proposed Intervenors have demonstrated a protectable interest in the litigation sufficient to warrant intervention.

### C.    Impairment of Interest

Rule 24(a)(2) also requires the intervenors to demonstrate that the disposition of this action may as a practical matter impair or impede their ability to protect their interest. *Clinton*, 255 F.3d at 1253. The Tenth Circuit has recognized that "the question of impairment is not separate from the question of existence of an interest." *Id*. The applicant's interest may be indirect and contingent on the outcome of the litigation, as long as it is not "wholly remote and speculative." *San Juan Cnty.*, 503 F.3d at 1203 (quoting *United States v. Union Elec. Co.*, 64 F.3d 1152, 1162 (8th Cir. 1995)).

Here, Proposed Intervenors have demonstrated an interest in the implementation and enforceability of the Standards. Plaintiffs seek to enjoin implementation of the Standards as well as a declaratory judgment that the Standards are "void and unenforceable." ECF No. 1 ¶ 194. Given that a disposition of this action in Plaintiffs' favor

would impair Proposed Intervenors' interests, the Court finds that the impairment element is satisfied in this case.

### D.     Adequate Representation

Plaintiffs do not dispute that Proposed Intervenors have satisfied the first three criteria for intervention as of right. But Plaintiffs argue that Proposed Intervenors' interests are adequately represented by Defendants because they are pursuing the same objective and seeking the same relief. ECF No. 36 at 4-10. Accordingly, Plaintiffs ask the Court to deny intervention as a matter of right because, "[e]ven if an applicant satisfies the other requirements of Rule 24(a)(2), it is not entitled to intervene if its 'interest is adequately represented by existing parties.' " *San Juan Cnty., Utah v. United States*, 503 F.3d 1163, 1203 (10th Cir. 2007) (en banc) (quoting Fed.R.Civ.P. 24(a)(2)).

The burden to satisfy this condition is "the 'minimal' one of showing that representation 'may' be inadequate." *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1254 (10th Cir. 2001) (quoting *Sanguine, Ltd. v. United States Dep't of Interior*, 736 F.2d 1416, 1419 (10th Cir.1984)). "The possibility that the interests of the applicant and the parties may diverge 'need not be great' in order to satisfy this minimal burden." *Id*. (quoting *Natural Res. Def. Council*, 578 F.2d at 1346). Here, the Court finds that Proposed Intervenors have satisfied this minimal burden.

First, the fact that Proposed Intervenors seek the same relief as Defendants—dismissal of the Complaint—"does not render their *interests* identical under Rule 24(a)(2)." *Kane Cnty., Utah v. United States*, 94 F.4th 1017, 1032 (10th Cir. 2024) (emphasis in original). In *Kane*, the Tenth Circuit explicitly "decline[d] to equate relief and

interests," for purposes of adequate representation, reasoning that "[t]o hold otherwise would leave movants who pursue[] the same form of relief as the representative party *per se* adequately represented under Rule 24(a)(2) and thus denied intervention." *Id.*

Second, although they may share the same objective, the Court disagrees with Plaintiffs that the Proposed Intervenors have identical interests as the Defendants. The Tenth Circuit has repeatedly held that a government's obligation to represent the public interest rebuts the presumption that it can adequately represent the interests of a private movant who shares "the same ultimate objective in the litigation." *Clinton*, 255 F.3d at 1255-56; *Coal. of Arizona/New Mexico Ctys. for Stable Econ. Growth v. Dep't of Interior,* 100 F.3d 837, 843 (10th Cir. 1996); *Tri-State Generation & Transmission Ass'n, Inc. v. New Mexico Pub. Regul. Comm'n*, 787 F.3d 1068, 1072 (10th Cir. 2015). That is because "[i]n litigating on behalf of the general public, the government is obligated to consider a broad spectrum of views, many of which may conflict with the particular interest of the would-be intervenor." *Clinton*, 255 F.3d at 1256. "This potential conflict exists even when the government is called upon to defend against a claim which the would-be intervenor also wishes to contest." *Id.*

Here, Defendants are governmental entities who may not adequately represent the Proposed Intervenor's private interests when defending against Plaintiffs' claims that the Standards are preempted by the EPCA. Although Defendants and Proposed Intervenors' share the same objective of defending and upholding the Standards, there is the possibility that Defendants may not adequately represent Proposed Intervenors' interest in upholding the Standards in a way that promotes strong, environmentally

8

friendly building performance standards, public health, renters' utility bill savings, and clean energy business opportunities. That is because the challenged Standards reflect the input and interest of a broader set of stakeholders, some of whom have interests adverse to Proposed Intervenors. *See, e.g.*, C.R.S. § 25-7-142(8)(a)(I), (8)(a)(III), (8)(a)(V), (8)(d) (requiring the State Standards to be informed by recommendations on wide-ranging topics made by a task force that includes representatives of building owners, architects, developers, energy utilities, and others). Moreover, Proposed Intervenors seek to defend both the State Standards and the City Standards collectively, while the State and City Defendants are interested in upholding only their respective standards. Importantly, an intervenor need only show that representation may be inadequate, not that it is inadequate. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). The Court is satisfied that the Defendants' representation may be inadequate here.

In addition, the Defendants have taken no position on Proposed Intervenors' Motion to Intervene. This "silence on any intent to defend the [intervenors'] special interests" supports a finding that Defendants may not adequately represent their interests. *See Clinton*, 255 F.3d at 1346. For these reasons, Proposed Intervenors have satisfied the "minimal burden" that the representation "may be" inadequate.

The Court therefore finds that the Proposed Intervenors have satisfied each of the four general requirements under Federal Rule of Civil Procedure 24(a) and should be allowed to intervene in the lawsuit as a matter of right. Given this conclusion, the Court

need not address the Proposed Intervenors' arguments regarding permissive intervention.

## III.   CONCLUSION

For the reasons stated above, the Motion to Intervene, ECF No. 29 is GRANTED. The parties are hereby instructed to include the intervening parties in the case caption in subsequent filings.


DATED:  August 19, 2024.


BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge