**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-01093-RMR

COLORADO APARTMENT ASSOCIATION; APARTMENT ASSOCIATION OF METRO
DENVER; COLORADO HOTEL AND LODGING ASSOCIATION, INC.; AND NAIOP
COLORADO CHAPTER;

       *Plaintiffs,*

    v.

JILL HUNSAKER RYAN, in her Official Capacity as the Executive Director of the
Colorado Department of Public Health and Environment, MICHAEL OGLETREE, in his
Official Capacity as the Director of the Colorado Air Pollution Control Division; AND
WILL TOOR, in his Official Capacity as the Executive Director of the Colorado Energy
Office; AND

THE CITY AND COUNTY OF DENVER; THE DENVER CITY COUNCIL; DENVER
MAYOR MIKE JOHNSTON; THE DENVER OFFICE OF CLIMATE ACTION,
SUSTAINABILITY, AND RESILIENCY; AND ELIZABETH BABCOCK, in her Official
Capacity as the Executive Director of the Denver Office of Climate Action,
Sustainability, and Resiliency,

       *Defendants*; AND

COALITION FOR COMMUNITY SOLAR ACCESS, COLORADO SOLAR AND
STORAGE ASSOCIATION, NATURAL RESOURCES DEFENSE COUNCIL AND
SIERRA CLUB,

       *Intervenor-Defendants.*

_____

**INTERVENOR-DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

_____

## TABLE OF AUTHORITIES

**Cases**

*Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020
    (9th Cir. 2007) ............................................................................................. 10

*Air Conditioning & Refrigeration Inst. v. Energy Res. Conservation & Dev. Comm'n*,
    410 F.3d 492 (9th Cir. 2005) ........................................................................ 2

*Bradford v. U.S. Dep't of Labor*, 101 F.4th 707 (10th Cir. 2016) .................................... 4

*Brown v. Barry*, 710 F.Supp. 352 (D.D.C. 1989) ............................................................ 7

*Carson Harbor Village Ltd. v. City of Carson*, 353 F.3d 824 (9th Cir. 2004) ...................... 6

*Colo. Apartment Ass'n v. Colo. Air Quality Control Comm'n*, No. 2023-CV-33354
    (Colo. Dist. Ct., filed Nov. 14, 2023) .............................................................. 5

*Colo. Dept. of Public Health & Envt. v. United States*, 693 F.3d 1214 (10th Cir. 2012) ... 7

*Corner Post, Inc. v. Bd. of Governors of Fed. Reserve Sys.*, 144 S.Ct. 2440 (2024) ...... 7

*DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151 (1983) ........................................ 1

*Dr. John's, Inc. v. City of Roy*, 465 F.3d 1150 (10th Cir. 2006) ...................................... 8

*Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963
    (10th Cir. 1994) ...................................................................................... 8, 9

*Jenkins v. Panama Canal Ry. Co.*, 208 P.3d 238 (Colo. 2009) ...................................... 4

*Koehler v. Colo. Dep't of Health Care Pol'y & Fin.*, 252 P.3d 1174 (Colo. App. 2010) .... 4

*Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350 (1991) ........... 1, 4

*Med. Waste Inst. & Energy Recovery Council v. EPA*, 645 F.3d 420 (D.C. Cir. 2011).. 10

*Merck & Co. v. Reynolds*, 559 U.S. 633 (2010) ................................................................ 8

*Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1 (1981) ........ 3

*Mondragón v. Thompson*, 519 F.3d 1078 (10th Cir. 2008) .............................................. 7

*Rocky Mtn. Gun Owners v. Polis*, 685 F. Supp. 3d 1033 (D. Colo. 2023) .................... 6, 8

*Sw. Air Ambulance, Inc. v. City of Las Cruces*, 268 F.3d 1162 (10th Cir. 2001) ............. 3

*United States v. Supreme Ct. of N.M.*, 839 F.3d 888 (10th Cir. 2016) ........................... 8

**Statutes**

42 U.S.C. § 6306(b)(1) ......................................................................................... 1, 2, 7

42 U.S.C. § 6306(c) .............................................................................................. 1, 3

42 U.S.C. § 6297(d) ................................................................................................. 3

C.R.S. § 13-80-102(1) ............................................................................................. 7

C.R.S. § 13-80-102(1)(g) ......................................................................................... 4

C.R.S. § 13-80-102(1)(h) ....................................................................................... 3, 4

C.R.S. § 24-4-106(4) ........................................................................................... 3, 4, 5

**Congressional Hearings**

S.Rep. No. 100-6 (Jan. 20, 1987) ................................................................................. 2

**Other Authorities**

Energize Denver Task Force, *Energize Denver Task Force Recommendations*
 (Aug. 31, 2021) ...................................................................................................... 9, 10

**TABLE OF CONTENTS**

I.  THIS COURT SHOULD BORROW EPCA'S 60-DAY STATUTE OF LIMITATIONS, WHICH IS MOST ANALOGOUS TO PLAINTIFFS' CLAIMS. ...... 1

II.  THE MOST ANALOGOUS STATE-LAW PERIOD FOR THE CHALLENGE TO REGULATION 28 IS THE 35-DAY LIMITATIONS PERIOD. ............................... 3

   A.  Plaintiffs Do Not Have a Claim Under Section 1983. ........................................ 3

   B.  The Court Should Not Borrow Colorado's Catch-All Limitations Period. ........... 4

III.  EVEN IF THE COURT APPLIES A TWO-YEAR STATUTE OF LIMITATIONS, SOME OF PLAINTIFFS' CLAIMS ARE UNTIMELY. ............................................ 5

   A.  The Plaintiffs Have Brought Facial Challenges to Energize Denver ................. 5

   B.  The Limitations Period for Plaintiffs' Facial Challenges Began to Run When the Energize Denver Standards Were Enacted. ...................................................... 7

   C.  The Plaintiffs Knew or Should Have Known of their Injuries as Soon as the Energize Denver Standards Were Enacted. .................................................... 8

   D.  Subsequent Amendments to Energize Denver Did Not Restart the Limitations Period for All Previously-Adopted Provisions. ................................................... 9

Intervenor-Defendants hereby file this reply in support of their Motion to Dismiss the Complaint under Rule 12(b)(6) as barred by the statute of limitations, ECF No. 30.

## I.     THIS COURT SHOULD BORROW EPCA'S 60-DAY STATUTE OF LIMITATIONS, WHICH IS MOST ANALOGOUS TO PLAINTIFFS' CLAIMS.

The Response argues that when Congress remained silent on which limitations period to use for Energy Policy and Conservation Act ("EPCA") preemption claims, it implicitly directed courts not to borrow EPCA's statute of limitations for closely-analogous claims challenging federal energy conservation standards. ECF No. 46 at 9. This argument cannot be correct, because it would prevent this Court from borrowing *any* limitations period, including Plaintiffs' recommended two-year period (which also does not appear in 42 U.S.C. § 6306(c)). Supreme Court precedent requires courts to borrow a limitations period for any federal claim where Congress has not provided one. *DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 158 (1983). "When the statute of origin contains comparable express remedial provisions, the inquiry usually should be at an end." *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 359, (1991) (superseded on other grounds by statute); *see also DelCostello*, 462 U.S. at 172.

That is the case here. Congress expressly imposed a 60-day limitations period for challenges to federal energy conservation standards. 42 U.S.C. § 6306(b)(1). EPCA's preemption provisions in 42 U.S.C. § 6306(c) are both "similar and related" to the protections governed by the 60-day limitations period in 42 U.S.C. § 6306(b)(1), as both provisions authorize claims that a conservation standard violates EPCA. *Lampf*, 501 U.S. at 359. Plaintiffs offer no response to the argument that under *Lampf* and *DelCostello*, the close analogy to 42 U.S.C. § 6306(b)(1) ends the inquiry and

forecloses reliance on a state statute of limitations.

Borrowing the 60-day statute of limitations from EPCA itself is most consistent with Congressional intent in enacting EPCA's preemption provisions. The purpose of EPCA's preemption provisions is to provide appliance manufacturers with nationwide uniformity and regulatory certainty, rather than a "patchwork of differing State regulations which would increasingly complicate their design, production, and marketing plans." *See Air Conditioning & Refrigeration Inst. v. Energy Res. Conservation & Dev. Comm'n*, 410 F.3d 492, 500 (9th Cir. 2005) (quoting S.Rep. No. 100-6 at 4 (Jan. 20, 1987)). Borrowing EPCA's 60-day statute of limitations advances this purpose by providing a nationally-uniform statute of limitations for EPCA preemption claims. It also gives appliance manufacturers predictability and certainty as to whether regulations affecting them are subject to judicial review, and does so within a reasonable 60-day period that does not span across multiple production years.

Finally, the Response argues, incorrectly, that the statute of limitation issue cannot be resolved without further factual development as to when the Plaintiffs' claims accrued. ECF No. 46 at 6-8. But EPCA itself resolves the issue. EPCA's 60-day limitations period begins to run when a "rule is prescribed," 42 U.S.C. § 6306(b)(1)—not when a plaintiff discovers its injuries. If the Court borrows the 60-day limitations period in § 6306(b)(1) for Plaintiffs' EPCA preemption claims, it is legally irrelevant when Plaintiffs discovered their injury, because EPCA directs that the limitations period begins when a "rule is prescribed." *Id*. Here, the dates on which the relevant ordinances and regulations were issued can be ascertained from the laws themselves, and are not

disputed. Given that Plaintiffs filed their complaint more than 60 days after the adoption

of each law the Plaintiffs challenge, the entire complaint must be dismissed as untimely.

## II.   THE MOST ANALOGOUS STATE-LAW PERIOD FOR THE CHALLENGE TO REGULATION 28 IS THE 35-DAY LIMITATIONS PERIOD.

If the Court does not borrow EPCA's 60-day limitations period and instead looks

to state law, it should borrow the 35-day limitations period in Colorado's Administrative

Procedure Act ("APA"), C.R.S. § 24-4-106(4), for Plaintiffs' claims against Regulation 28

and the 2-year period in C.R.S. § 13-80-102(1)(h) for claims against Energize Denver.

### A.   Plaintiffs Do Not Have a Claim Under Section 1983.

The Court cannot follow Plaintiffs' advice to borrow the limitations period for

§ 1983 actions, ECF No. 46 at 9-10, because the Complaint does not plead a valid

cause of action under § 1983. A plaintiff may not rely on § 1983 to vindicate a federal

right when the statute creating that right contains a "comprehensive enforcement

scheme." *Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1,

20-21 (1981). Here, EPCA confers jurisdiction to enable judicial enforcement of its

preemption provisions, 42 U.S.C. § 6306(c), and contains a detailed scheme for

obtaining waivers from preemption, *id.* § 6297(d). EPCA thus contains exactly the kind

of "comprehensive enforcement scheme" that bars reliance on § 1983. *See Sw. Air*

*Ambulance, Inc. v. City of Las Cruces*, 268 F.3d 1162, 1175-76 (10th Cir. 2001)

(explaining that the Supreme Court has "placed great weight" on provisions for

administrative procedures and private judicial remedies, which "evidenc[e]

congressional intent to supplant the § 1983 remedy") (internal quotations omitted).

Plaintiffs cannot have it both ways: if EPCA authorizes citizen enforcement of its

preemption provisions, it forecloses enforcement of those provisions through § 1983.

**B.     The Court Should Not Borrow Colorado's Catch-All Limitations Period.**

In the alternative, Plaintiffs urge the Court to borrow the two-year limitations period from state law in C.R.S. § 13-80-102(1)(g) or (h). ECF No. 46 at 12-14. As noted above, the Court cannot borrow a limitations period from state law because the existence of an express federal statute of limitations for similar claims in EPCA ends the inquiry. *Lampf*, 501 U.S. at 359, 362. But even if this Court looked to state law, the Plaintiffs do not dispute that Colorado law requires selection of the limitations period that is more specific or more recently-enacted. Here, the 35-day limitations period in C.R.S. § 24-4-106(4) governing challenges to state agency regulations is both more specific and was enacted more recently than the two-year periods the Plaintiffs cite, making it the appropriate state-law choice. ECF No. 30 at 11-12 (citing *Jenkins v. Panama Canal Ry. Co.*, 208 P.3d 238, 241-42 (Colo. 2009)); *see also Bradford v. U.S. Dep't of Labor*, 101 F.4th 707, 724 (10th Cir. 2016) (noting "well-established principle[s] that, when two statutes *conflict*, the specific governs the general," and "[t]he later statute displaces the first") (internal quotations omitted; emphasis in original).

Plaintiffs contend that the 35-day period in Colorado's APA for challenges to state agency rules is inapplicable because Plaintiffs could not have brought a preemption claim under the Colorado APA. ECF No. 46 at 14. Plaintiffs do not cite any law in support of this proposition. To the contrary, Colorado courts have resolved questions of federal preemption in cases brought under the state APA. *E.g., Koehler v. Colo. Dep't of Health Care Pol'y & Fin.*, 252 P.3d 1174, 1182 (Colo. App. 2010).

Plaintiffs further argue that borrowing the 35-day limitations period in Colorado law would be inappropriate as it is shorter than the 60-day limitations period in EPCA itself. ECF No. 46 at 14-15. But there is no evidence supporting Plaintiffs' assumption that by remaining silent on the limitations period for EPCA preemption claims, Congress intended to foreclose the use of a shorter period than the one that appears in EPCA. To the contrary, a short limitations period advances EPCA's objective of providing regulatory certainty to manufacturers. If the Court borrows a limitations period from state law, it must apply the more specific, later-enacted statute of limitations, rather than rely on Plaintiffs' unsupported speculation about congressional intent to override the principles governing selection of a limitations period. Finally, despite protesting a 35-day statute of limitations, Plaintiffs filed a state court lawsuit challenging Regulation 28 within 35 days of the rule going into effect, showing that there is no hardship in meeting the 35-day limitations period in C.R.S. § 24-4-106(4). *Colo. Apartment Ass'n v. Colo. Air Quality Control Comm'n*, No. 2023-CV-33354 (Colo. Dist. Ct., filed Nov. 14, 2023).

## III.   EVEN IF THE COURT APPLIES A TWO-YEAR STATUTE OF LIMITATIONS, SOME OF PLAINTIFFS' CLAIMS ARE UNTIMELY.

Even if this Court accepted Plaintiffs' argument to borrow a two-year statute of limitations from state law, the claims challenging both Energize Denver ordinances and the provisions in the first two Energize Denver regulations would be time-barred.

### A.   The Plaintiffs Have Brought Facial Challenges to Energize Denver.

All of the Plaintiffs' claims are facial challenges, rather than as-applied challenges, and are therefore subject to the claim accrual rules for facial challenges. The Complaint does not allege that any agency has taken enforcement action against

the Plaintiffs. Because the challenged standards "have not been enforced against any Plaintiff, only facial challenges have been asserted." *Rocky Mtn. Gun Owners v. Polis*, 685 F. Supp. 3d 1033, 1048 n.10 (D. Colo. 2023) (internal quotations omitted). Moreover, Plaintiffs assert that their challenge to the standards "is not an individualized inquiry [i.e., an as-applied challenge] – it is a broad inquiry across Plaintiffs' membership as a whole." Pls' Resp. to State Defs' Mot. to Dismiss at 13, ECF No. 45. Finally, the Complaint alleges that Energize Denver violates EPCA's preemption provision "[b]y its plain terms," i.e., on its face, and seeks declaratory and injunctive relief against *all* enforcement and applications of Energize Denver. ECF No. 1 ¶¶ 137, 177, 185, 193-94. Given the nature of their claims and the breadth of their requested relief, Plaintiffs bring a facial challenge that is subject to the corresponding claim accrual rules.

In arguing that their claims accrued sometime after the challenged standards were enacted, the Plaintiffs rely on cases that did not involve facial challenges and are thus inapplicable. ECF No. 46 at 4-6. Plaintiffs cite a passage from *Carson Harbor Village Ltd. v. City of Carson*, but that passage explains that the harm supporting an *as-applied* challenge may occur when the statute is enforced, in contrast to the facial takings claim that was at issue in the case where the passage originated. Moreover, if the Plaintiffs are correct that their injuries will not occur until the challenged building performance standards are enforced, then they do not yet have all the elements of a claim and the Complaint must be dismissed. The Plaintiffs also cite *Brown v. Barry*, which is distinguishable both because the court did not address timeliness, and

because the plaintiffs brought an as-applied challenge in response to an enforcement action. *See* 710 F.Supp. 352, 352-53 (D.D.C. 1989). Finally, the Plaintiffs cite *Colo. Dept. of Public Health & Envt. v. United States*, 693 F.3d 1214 (10th Cir. 2012), for the claim that preemption challenges "can be raised at any time." ECF No. 46. This case also contains no discussion of timeliness, and preemption was raised not as a *claim* but as a *defense* against an enforcement action. Unlike federal *claims* (whether facial or as-applied), federal *defenses* are not governed by any statute of limitations.

## B.   The Limitations Period for Plaintiffs' Facial Challenges Began to Run When the Energize Denver Standards Were Enacted.

Unless a statute of limitations provides otherwise, the "'standard rule" is that "the limitations period commences when the plaintiff has a complete and present cause of action."[1] *Corner Post, Inc. v. Bd. of Governors of Fed. Reserve Sys.*, 144 S.Ct. 2440, 2451 (2024) (internal quotations omitted). Both § 1983 claims and claims pursuant to C.R.S. § 13-80-102(1) follow this default rule. *See Mondragón v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008); C.R.S. § 13-80-102(1) (listed civil actions "must be commenced within two years after the cause of action accrues").

When a regulated entity brings a facial challenge to a law, the injury supporting a

---

[1] Notably, EPCA's 60-day statute of limitations expressly supplants this default rule with language specifying that the limitations period begins to run when a "rule is prescribed," 42 U.S.C. § 6306(b)(1). *See Corner Post*, 144 S.Ct. at 2452 (citing similar language as an example where Congress "depart[ed] from the traditional rule to create a limitations period that begins with the defendant's action instead of the plaintiff's injury").

cause of action occurs when the plaintiff becomes subject to restrictions on its current or intended actions under the law and a credible threat of future enforcement exists. *See Dr. John's, Inc. v. City of Roy*, 465 F.3d 1150, 1156 (10th Cir. 2006). "Where a statute is recently enacted and is not moribund, its existence alone" may create a credible enforcement threat that establishes the plaintiff's injury, even before the statute goes into effect. *Rocky Mtn. Gun Owners*, 685 F. Supp. 3d at 1046-47 (internal citations omitted); *see also United States v. Supreme Ct. of N.M.*, 839 F.3d 888, 901 (10th Cir. 2016). Here, the Plaintiffs had members who owned covered buildings and faced requirements under the challenged standards as soon as they were enacted, because the ordinances and regulations impose compliance obligations directly on regulated entities. *See, e.g.*, ECF No. 1, Attach, 2, Decl. of Ryan Rogers ¶¶ 6, 8 (explaining that Zocalo Community Development has been a member of Plaintiff organizations since 2010 and has built developments in the Denver Metro area since 2006). Plaintiffs faced a credible threat of enforcement and therefore had an injury that started the clock on the statute of limitations as soon as the challenged standards were enacted.

### C.   The Plaintiffs Knew or Should Have Known of their Injuries as Soon as the Energize Denver Standards Were Enacted.

"The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968-69 (10th Cir. 1994). The test focuses on when a "reasonably diligent plaintiff would have discovered the facts constituting the violation." *Merck & Co. v. Reynolds*, 559 U.S. 633, 653 (2010). "A plaintiff need not know the full extent of his injuries before the statute of limitations

begins to run." *Indus. Constructors Corp.*, 15 F.3d at 969.

Here, a reasonably diligent plaintiff should have known of its injuries and their cause when the relevant laws were issued, because the Complaint alleges that the facts constituting the violation are apparent from the face of the local laws. *See* ECF No. 1 ¶ 137. Thus, according to the Plaintiffs, no factual investigation was necessary; according to the Plaintiffs, merely reading the local laws and comparing them to EPCA was enough to discover that they violate EPCA. *See id.*

A reasonably diligent plaintiff should have known of the existence of the Energize Denver ordinance and regulations, and EPCA's preemption provisions, at the time the Energize Denver laws were issued. These laws were published on easily-accessible websites, including the website for the City of Denver's Code of Ordinances and the City of Denver's website for the Energize Denver program. *See* Intervenor-Defs.' Mot. for Judicial Notice, ECF No. 31, at 3. Moreover, three of the Plaintiffs were represented on the 2021 task force that informed the Energize Denver program. ECF No. 40 at 5 (citing Energize Denver Task Force, *Energize Denver Task Force Recommendations* at 1-2 (Aug. 31, 2021)). The Plaintiffs also knew or should have known about EPCA's preemption provision, which was enacted many years before Energize Denver. Thus, the Plaintiffs knew or should have known all the facts constituting the alleged violations of EPCA as soon as the Energize Denver ordinances and regulations were enacted.

### D. Subsequent Amendments to Energize Denver Did Not Restart the Limitations Period for All Previously-Adopted Provisions.

Without citing any supporting authorities, Plaintiffs argue that the statute of limitations for their claims against *all* provisions of Energize Denver runs from when

"[t]he latest version and amendment of the Energize Denver regulations … was signed and issued on July 11, 2023." ECF No. 46 at 15-16. This conflicts with federal law.

Where an amendment does not alter the provision that causes a plaintiff's injury, it likewise does not alter the date on which a claim arising from that injury accrues. *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir. 2007) ("[t]he mere re-enactment of a statutory scheme does not restart the clock … and … substantive amendments to a takings statute will give rise to a new cause of action only if those amendments alter 'the effect of the ordinance upon the plaintiffs.'") (internal citation omitted); *see also Med. Waste Inst. & Energy Recovery Council v. EPA*, 645 F.3d 420, 427 (D.C. Cir. 2011) (holding that a petitioner's objection to EPA's "longstanding practice" of pollutant-by-pollutant regulation was time-barred, notwithstanding EPA's application of that practice in a recent rulemaking).

Here, Denver's enactment of the third and fourth versions of the Energize Denver regulations did not restart the statute of limitations for provisions that were previously enacted through the Energize Denver ordinances and the first two versions of the regulations. The third and fourth versions of the regulations only affect the limitations periods of the provisions that these versions added or substantially revised. In this case, the third and fourth versions made changes to Energize Denver that are largely unrelated to Plaintiffs' claims. *See* App'x to Intervenor-Defs.' Mot. for Judicial Notice, ECF No. 31-1, at 94-147. For these reasons, even if this Court uses a two-year statute of limitations, that limitations period would still bar the Plaintiffs' claims challenging both Energize Denver ordinances and the first and second Energize Denver regulations.

Dated this 12th day of September, 2024

/s/ Matthew Gerhart
Matthew Gerhart
Senior Attorney
Sierra Club
1536 Wynkoop St., Suite 200
Denver, CO 80202
(303) 454-3346
matt.gerhart@sierraclub.org

Jim Dennison
Staff Attorney
Sierra Club
1650 38th St # 103W
Boulder, CO 80301
(435) 232-5784
jim.dennison@sierraclub.org

**ATTORNEYS FOR SIERRA CLUB AND
NATURAL RESOURCES DEFENSE
COUNCIL**

/s/ Ellen Howard Kutzer
Ellen Howard Kutzer
General Counsel
Colorado Solar and Storage Association
1536 Wynkoop St., Suite 104
Denver, CO 80202
(303) 333-7342
ekutzer@cossa.co

**ATTORNEY FOR COLORADO SOLAR AND
STORAGE ASSOCIATION AND COALITION
FOR COMMUNITY SOLAR ACCESS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of September, 2024, a true and correct copy of the foregoing **INTERVENOR-DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS** was served via the CM/ECF system upon all counsel of record in this matter.

_/s/ Emma Szymanski_
Emma Szymanski