# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-01093-RMR

**COLORADO APARTMENT ASSOCIATION et al.**

                Plaintiffs,

**v.**

**JILL HUNSAKER RYAN, in her Official Capacity as the Executive Director of the Colorado Department of Public Health and Environment, et al.**

                Defendants.

AND

**COALITION FOR COMMUNITY SOLAR ACCESS, COLORADO SOLAR AND STORAGE ASSOCIATION, NATURAL RESOURCES DEFENSE COUNCIL, AND SIERRA CLUB**

                Intervenor-Defendants.

---

## PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

---

       Plaintiffs, the Colorado Apartment Association and Apartment Association of Metro Denver, the Colorado Hotel and Lodging Association, Inc., and the NAIOP Colorado Chapter (collectively "Plaintiffs") bring this Motion for Leave to File First Amended Complaint ("Motion"). Plaintiffs respectfully request they be permitted leave to file the attached proposed First Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2). **Exhibit 1**.[1] A comparison of the Proposed First Amended Complaint pursuant to

---

[1] According to Civ. Practice Standard 7.1A(a)(3), all exhibits are provided in one

D.C.Colo.LCivR 15.1 is attached as **Exhibit 2**.  For the reasons set forth herein, the interests of justice and judicial economy and efficiency support granting this Motion.

### D.C.COLO.LCivR 7.1(a) CONFERRAL

Counsel for Plaintiff conferred with counsel for Defendants on June 5 and 6, 2025. The Denver Defendants (City and County of Denver, Denver City Council, Denver Mayor Michael Johnston, Denver Office of Climate Action, Sustainability, and Resiliency, and Elizabeth Babcock) oppose this motion.  The State Defendants (Jill Hunsaker Ryan, Michael Ogletree, and Will Toor) oppose this motion.   The Intervenor-Defendants (Coalition for Community Solar Access, Colorado Solar and Storage Association, Sierra Club, and Natural Resources Defense Council) take no position on this motion at this time but reserve the right to respond after reviewing the motion.

### PROCEDURAL BACKGROUND

1.      On March 22, 2024 Plaintiffs challenged two sets of regulations: (1) the Colorado Air Quality Control Commission's final regulation entitled Building Benchmarking and Performance Standards, 5 CCR 1001-32 ("Regulation 28") and (2) the City and County of Denver, Colorado's Denver Ordinance No. 20211310 ("Energize Denver Ordinance"), and the implementing rules for Energize Denver enacted by the Denver Office of Climate Action, Sustainability, and Resiliency, ("Denver OCASR") entitled "Rules & Regulations Governing Energize Denver Building Energy Performance Requirements" ("Energize Denver Regulations") (collectively "Energize Denver").  *See* ECF No. 1.   Plaintiffs' assert that  Energize Denver and Regulation 28 are preempted

consecutively numbered appendix attached to this Motion.

under the Energy Policy and Conservation Act ("EPCA"), 42 U.S.C. §§ 6201-6422, alleging that the regulations concerned the energy efficiency of EPCA regulated products, also known as "Covered Products," which include HVAC and domestic water equipment in buildings owned and operated by Plaintiffs that are subject to Regulation 28 and Energize Denver.

2.    On June 21, 2024, the City and County of Denver, the Denver City Council, Denver Mayor Mike Johnston, the Denver Office of Climate Action, Sustainability, and Resiliency, and Elizabeth Babcock (the "Denver Defendants") filed a Partial Motion to Dismiss Plaintiffs' claims. ECF No. 23.

3.    On June 24, 2024, Defendants Jill Hunsaker Ryan, Michael Ogeltree, and Will Toor (the "State Defendants") filed a Motion to Dismiss Plaintiffs' claims. ECF No. 24.

4.    On June 24, 2024, Intervenor-Defendants the Coalition for Community Solar Access, Colorado Solar and Storage Association, Natural Resources Defense Council, and Sierra Club (the "Intervenor-Defendants") filed a Motion to Intervene in these proceedings and a Proposed Motion to Dismiss. ECF Nos. 29, 30. On August 19, 2024 this Court granted Intervenor-Defendants' Motion to Intervene.

5.    On March 28, 2025, this Court issued an order Granting State Defendants' and Denver Defendants' Motions to Dismiss, dismissing Plaintiffs' claims without prejudice, and granting Plaintiffs leave to file a motion for leave to amend by April 18, 2025. ECF No. 55.

6.    On April 1, 2025, Denver finalized changes to Energize Denver that

materially modify the provisions challenged by Plaintiffs current action. *See* https://denvergov.org/Government/Agencies-Departments-Offices/Agencies-Departments-Offices-Directory/Climate-Action-Sustainability-and-Resiliency/Cutting-Denvers-Carbon-Pollution/Efficient-Commercial-Buildings/Denver-Building-Regulations/Energize-Denver-Building-Performance-Policy/Buildings-25000-sq-ft-or-Larger/Technical-Guidance-25k-or-more (last visited June 6, 2025).

7.    On May 7, 2025, the Colorado Legislature passed HB 25-1269 which amends the energy use benchmarking and performance standard requirements upon which Regulation 28 is based, including modifying provisions of Regulation 28. *See* https://leg.colorado.gov/bills/hb25-1269 (last visited June 6, 2025). HB 25-1269 was signed into law on May 20, 2025. *Id.*

8.    Plaintiffs timely sought and obtained from this Court an extension of time to June 10, 2025 in which to submit a motion for leave to amend, together with a proposed amended complaint, in order to address the recent changes to both Regulation 28 and Energize Denver. ECF Nos. 56-61.

9.    Plaintiffs now bring this Motion seeking leave to amend their Complaint.

**ARGUMENT**

Plaintiffs' proposed amended complaint addresses the issues regarding Plaintiffs' standing discussed by this Court in its Order granting Defendants' motions to dismiss. Plaintiffs' proposed amended complaint does not change the theories of recovery, and in fact narrows them. This matter is still in its earliest stages and Defendants will not be prejudiced by this timely amendment: Defendants have not yet filed answers, discovery

has not begun, and Defendants will have ample opportunity to respond to and address Plaintiffs amended complaint.

Plaintiffs' proposed amended complaint, which this Court invited Plaintiffs' to file, is thus neither futile, unduly delayed, nor prejudicial to Defendants, and should be granted in the interests of justice and judicial efficiency and economy.

## I.    Plaintiffs Should Be Permitted Leave to Amend their Complaint in the Interests of Justice Under F.R.C.P. 15.

### A.   Standard for Amending Pleadings.

Under Rule 15, once the deadline for amending as a matter of course has passed, a party may amend its pleading only with the opposing party's written consent or with the court's permission, which leave the court should "freely grant leave when justice so requires." Fed. R. Civ. P. 15(a)(2).[2]  The purpose of the Rule is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.* 3 F.3d 1357, 1365 (10th Cir. 1993).  The party contesting the motion to amend has the burden to prove that the amendment should be refused on one of these bases.  *Openwater Safety IV, LLC v. Great*

---

[2] Contrastingly, motions to amend outside the timeline provided by a scheduling order are governed by Fed. R. Civ. P. 16(b)(4), and require good cause for amendment.  No scheduling order has been entered in this case, and Plaintiffs' proposed amendment is governed by Fed. R. Civ. P. 15.

*Lakes Insurance, SE*, 435 F.Supp.3d 1142, 1151 (D. Colo. 2020).

A district court has "wide discretion to recognize a motion for leave to amend in the interest of a just, fair or early resolution of litigation." *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999) (quotations omitted). "Rule 15 ... was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." *United States v. Hougham*, 364 U.S. 310, 316, 81 S.Ct. 13, 5 L.Ed.2d 8 (1960). Typically, courts will find prejudice only when an amendment unfairly affects non-movants " 'in terms of preparing their [response] to the amendment.' " *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)).

Under this standard, the Supreme Court has made clear that courts should liberally allow amendments, unless there is some "apparent or declared reason" to deny a motion to amend such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party," or "on grounds of futility where the proposed pleading would not survive a motion to dismiss." *Foman v. Davis*, 371 U.S. 178, 182 (1962). That is because "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.*

### B.  Plaintiffs' Have Not Unduly Delayed their Proposed Amendment.

Plaintiffs' are promptly seeking leave to amend in response to the Court's order on Defendants' motions to dismiss, and as such have not unduly delayed their proposed

amended complaint. When this Court granted the Defendants' and Intervenor-Defendants' motions to dismiss without prejudice on March 28, 2025 (ECF No. 55), it gave Plaintiffs twenty-one days to file a motion for leave to amend. Due to pending changes to the challenged regulations, Plaintiffs timely sought (unopposed by Defendants) an extension of time in which to seek leave to file an amended complaint (ECF No. 56), which this Court granted (ECF No. 57, 60).

Plaintiffs are now seeking leave to amend within the timeframe established by this Court, and have not unduly delayed their proposed amendment – and are in fact seeking amendment at the earliest opportunity after this Court's March 28, 2025 (ECF No. 55) Order. The early procedural status of this case, where no answers were filed and only initial motions to dismiss were decided, shows that Plaintiffs' have not unduly delayed their proposed amendment.

### C.  There is No Undue Prejudice to Defendants by Allowing Amendment.

Plaintiffs' proposed amendment will not unduly prejudice Defendants, as they are still afforded all procedural defenses and discovery has not commenced. The case is still at the earliest of stages, and Defendants will be able to litigate the validity of Plaintiffs' claims in their entirety. Defendants have only committed minimal resources to the litigation to date (not having filed answers and only filing one motion to dismiss each). Regardless, even if Defendants had committed substantial resources to contesting Plaintiffs' action, the expenditure of time, money, and effort alone is not grounds for a finding of prejudice to disallow an amendment. *Bylin*, 568 F.3d at 1230. Courts typically find prejudice only when the amendment unfairly affects the defendants "in terms of

preparing their defense to the amendment." *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir.1971).

Further, Plaintiffs' amended complaint does not raise any new claims that prejudice Defendants ability to adequately defend those claims. *See Gillette v. Tansy,* 17 F.3d 308, 313 (10th Cir.1994) (finding no evidence of prejudice when the "Petitioner's [amended] claims track the factual situations set forth in his [original] claims"); *Childers v. Indep. Sch. Dist. No. 1,* 676 F.2d 1338, 1343 (10th Cir.1982); *R.E.B., Inc. v. Ralston Purina Co.,* 525 F.2d 749, 751–52 (10th Cir.1975).

Plaintiffs' proposed amended complaint does not expand the issues in the case, but in fact narrows them. Plaintiffs have dropped their prior claims relating to Regulation 28 and Energize Denver's application to <u>new</u> buildings, and now only challenge those regulations' application to <u>existing</u> buildings. Plaintiffs' amended complaint includes fewer issues for the Defendants to defend, further removing any possibility of prejudice.

Finally, because this Court's prior dismissal was without prejudice, Plaintiffs' could simply refile this action again. *See* ECF No. 55 at 18; *see also Albert v. Smith's Food & Drug Ctrs., Inc.,* 356 F.3d 1242, 1249 (10th Cir.2004); *Martinez v. Richardson,* 472 F.2d 1121, 1126 (10th Cir.1973). Allowing amendment now in this forum, with the Court most familiar with these claims, will not prejudice Defendants and is in the further interests of judicial economy and efficiency.

### D.  Plaintiffs' Proposed Amendment is Not Futile.

Plaintiffs' proposed amendment is not futile because Plaintiffs have properly pleaded standing to challenge Energize Denver and Regulation 28 and should not be

dismissed on any of the myriad issues raised by Defendants and Defendant-Intervenors in their motions to dismiss upon which the Court has not ruled.[3]  *See Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 508 (D. Kan. 2007) (the issue in resolving a motion to amend is ""not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)).

      i.    **Plaintiffs have now established standing and their proposed amendment is not futile.**

Plaintiffs' proposed amended complaint addresses the factual standing issues discussed by this Court in its recent Order, and demonstrates that Regulation 28 and Energize Denver both concern and implicate the EPCA-preempted Covered Products in Plaintiffs' members buildings.  *See* Proposed Amended Complaint at ¶¶ 31-37; Exhibits 1-10 to Proposed Amended Complaint (Declarations of Plaintiffs' members describing the findings of completed Level II ASHRAE Energy Audits for their buildings, including how the removal and replacement of existing EPCA Covered Products with remaining useful life will be required regardless of the compliance "pathway" chosen by those building owners under either regulation).  Plaintiffs' proposed amendment establishes Plaintiffs' associational standing to challenge Regulation 28 and Energize Denver.

      ii.    **Plaintiffs' members are not indispensable to the claims and relief sought in the proposed amended complaint.**

---

[3] Plaintiffs reassert their arguments raised in opposition to Defendants' and Defendant-Intervenors' motions to dismiss.  ECF Nos. 44, 45, 46.  Plaintiffs also reserve the right to respond to any renewed or new dismissal arguments raised by Defendants or Defendant-Intervenors.

Plaintiffs' individual members are not indispensable parties to a proper resolution of this case.  Whether Regulation 28 or Energize Denver "concern" the energy efficiency of Covered Products in Covered Buildings in Colorado (or Denver) and are preempted by EPCA is a broad inquiry regarding how those regulations apply across the building sector as a whole.

"[A]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Wash. State Apple Advertising Com'n*, 432 U.S. 333, 343 (1977).  State Defendants previously argued that under the third prong of *Hunt*, Plaintiffs' members' individual participation in this action will be required, making associational standing inappropriate. ECF No. 23 at 11 (citing to *Kan. Health Care Ass'n, Inc. v. Kan. Dep't of Soc. & Rehab. Servs.*, 958 F.2d 1018, 1022 (10th Cir. 1992)).

However, since *Kan. Health Care Ass'n*, was decided, the Supreme Court clarified that the third prong of *Hunt* does not rest on "elements of a case or controversy within the meaning of the Constitution", but rather as a "matter[] of administrative convenience and efficiency." *United Food and Commerc. Workers Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 557 (1996).  Subsequent Circuits examining the third prong of associational standing under *Hunt* have found that even where the participation of some members may be required, associational standing was appropriate unless every individual member would be required.  *Association of American Physicians & Surgeons, Inc. v. Texas*

*Medical Bd.,* 627 F.3d 547, 552 (5th Cir. 2010) (Finding associational standing where "[p]roving the illegality of the pattern or breach of contract required some evidence from members, but once proved as to some, the violations would be proved as to all."); *Alliance for Open Soc'y Int'l, Inc. v. U.S. Agency for Int'l Dev.*, 651 F.3d 218, 229-230 (2d Cir. 2011) (While proving plaintiffs case would "require a more thorough factual development to establish the extent of the burden on the Associations' members," individualized evidence of members' efforts to comply with the regulation "would be duplicative and redundant[,] counsel[ing] in favor of granting associational standing in the interests of judicial economy," and "'[t]he fact that a limited amount of individualized proof may be necessary does not in itself preclude associational standing.' ") (citation omitted); *Pa. Psychiatric Soc. v. Green Spring Health Servs., Inc.*, 280 F.3d 278, 286 (3d Cir. 2002) ("If the Pennsylvania Psychiatric Society can establish these claims with limited individual participation, it would satisfy the requirements for associational standing.").  Similarly, Colorado District Courts have also distinguished *Kan. Health Care Ass'n* and found associational standing appropriate even where the participation of some individual members was necessary.  *See Colorado Cross-Disability Coalition v. Abercrombie & Fitch Co.,* 2011 WL 2173713 at *6 (D. Colo., June 2, 2011) (distinguishing *Kan. Health Care Ass'n* to find plaintiffs had associational standing even though participation of some members would be required); *Cunningham v. Federal Bureau of Prisons,* 222 F.Supp.3d 959, 961 (D. Colo. 2015) (Finding the Ninth Circuit's reasoning persuasive that "[p]roof of those claims may make some testimony from individual inmates necessary but it does not require the participation of all inmates affected by those practices.").

Thus, to the extent that Plaintiffs' claims require an analysis of individual members' specific situations, the type of analysis necessary from some individual members does not rise to the level of detail or specificity present in *Kan. Health Care Ass'n,*.  In *Kan Health Care Ass'n*, the Court was tasked with looking at both procedural and substantive claims regarding reimbursement rates under Medicaid – chiefly to determine if reimbursement rates set by Kansas were adequate and reasonable to meet the costs of efficiently and economically operated facilities. *Id.* This would have required the District Court to "examine evidence particular to individual providers" to "determine whether a 4.8% inflation rate insufficiently account[ed] for increased costs incurred by providers" as well as determining whether individual operators were "efficiently and economically operated." *Id.* at 1022-1023.  Further, the Court would have been required to review whether the defendants had made the proper particularized Medicaid procedural findings required by federal law (including identifying efficiently and economically operated hospitals; the costs incurred by those hospitals; and the payment rates which were reasonable). *Id.* at 1023

Plaintiffs' claims here do not require such an individualized inquiry.  Instead, whether Regulation 28 or Energize Denver "concern" the energy efficiency of Covered Products is a much broader inquiry across Plaintiffs' memberships as a whole. If Regulation 28 or Energize Denver "concern" the energy efficiency Covered Products in Plaintiffs' existing buildings, EPCA's preemption applies, and the legal conclusion and remedy applied does not vary as between individual members of the Plaintiffs (or the regulated building sector in Colorado as a whole). This is especially true because

Plaintiffs are not seeking damages, but injunctive and declaratory relief. *United Food and Commerc. Workers Union Local 751*, 517 U.S.at 546 (Individual participation is not normally required when "an association seeks prospective or injunctive relief for its members.").

> iii.    **Plaintiffs' members' injuries and the requested relief are redressable by a favorable decision from this Court.**

Regulation 28 and Energize Denver both are regulations "concerning" the energy efficiency of Covered Products. Any decision from this Court declaring either regulation preempted will redress Plaintiffs' and their members' injuries and requested relief.

State Defendants' has claimed that Plaintiffs' true complaints were with House Bill 21-1286 (which directed the Commission to reduce greenhouse gas ("GHG") emissions from the building sector by seven percent by 2026 and twenty percent by 2030), and that Plaintiffs' challenge to Regulation 28 would not redress their injuries because the "Commission remains under statutory obligations to adopt rules that accomplish the statutory GHG emission reduction targets established in [House Bill] 21-1286. ECF No. 23 at 9-11. This is incorrect.

Regulation 28 is distinct from House Bill 21-1286 (and the subsequent House Bill 25-1269). While House Bill 21-1286 directed the Commission to promulgate regulations targeting reduction in GHG emissions in Colorado's building sector, House Bill 21-1286 did not constrain the content of those regulations or obligate it to create unlawful regulations. The Commission could have required reductions targeting products not covered by EPCA and emphasized the use of renewable energy sources, but did not. The Commission could have exempted EPCA Covered Products from Regulation 28, but did

not.   House Bill 21-1286 did not set or mandate the draconian building performance standards in Regulation 28, and instead simply required the Commission to adopt building performance standards that would achieve the GHG reductions mandated by C.R.S. § 25-7-142(3). The fact that HB 21-1286 authorized and directed the Commission to promulgate regulations does not mean that the scope and content of those regulations are beyond challenge, particularly where the regulation has crossed the line and is preempted by Federal law.   In short, the Commission's decision to target Covered Products in Regulation 28 is exactly what makes Regulation 28 preempted by EPCA and unlawful, and a decision from this Court declaring Regulation 28 (or Energize Denver) unlawful will redress Plaintiffs' and their members' injuries.

        **iv.**   **Plaintiffs' claims are not barred by a statute of limitations.**

Finally, Plaintiffs' claims against Energize Denver in the proposed amendment are not barred by any statute of limitations such as to render the proposed amendment futile. *See* ECF No. 44 at 14-15; ECF No. 46 at 8-15.  As Plaintiffs have previously explained, their claims are property subject to the two-year statute of limitations under 42 U.S.C. § 1983.  *See* ECF No. 46 at 9-12.

Further, challenges that a state law is preempted by federal law can be raised at any time. *See Colo. Dept. of Public Health and Environment, Hazardous Materials and Waste Management Div. v. U.S.*, 693 F.3d 1214 (10th Cir. 2012) (Denying Colorado's attempt to regulate stored hazardous waste under federal conflict preemption principles, where Colorado was attempting to enforce regulations authorized by a statute initially enacted in 1981). It is not novel that Plaintiffs may challenge a regulation authorized by

an earlier statutory enactment, when it is the regulation itself which contains the operative provisions harming the Plaintiff.

Plaintiffs proposed amended complaint is not futile and thus should be allowed under Fed. R. Civ. P. 15(a)(2).

## CONCLUSION

For the reasons stated herein, Plaintiffs' respectfully request that the Court GRANT this Motion and permit Plaintiffs' to file their Proposed Amended Complaint in this matter.

Dated:  June 10, 2025

GREENBERG TRAURIG, LLP

/s/ *Paul M. Seby*
Paul M. Seby
Matthew K. Tieslau
GREENBERG TRAURIG, LLP
1144 15th Street, Suite 3300
Denver, Colorado 80202
Phone Number:  303.572.6500
Fax Number: 303.572.6540
E-Mail:    SebyP@gtlaw.com
             TieslauM@gtlaw.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th of June, 2025, a copy of the foregoing was served upon all parties using the Court e-filing system.

*s/ Paul M. Seby*
Paul M. Seby