# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-01093-RMR

**COLORADO APARTMENT ASSOCIATION et al.**

                Plaintiffs,

**v.**

**JILL HUNSAKER RYAN, in her Official Capacity as the Executive Director of the Colorado Department of Public Health and Environment, et al.**

                Defendants.

AND

**COALITION FOR COMMUNITY SOLAR ACCESS, COLORADO SOLAR AND STORAGE ASSOCIATION, NATURAL RESOURCES DEFENSE COUNCIL, AND SIERRA CLUB**

                Intervenor-Defendants.

_____

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

_____

Plaintiffs, the Colorado Apartment Association and Apartment Association of Metro Denver, the Colorado Hotel and Lodging Association, Inc., and the NAIOP Colorado Chapter (collectively "Plaintiffs") respectfully submit this Reply in Support of Motion for Leave to File First Amended Complaint ("Reply").  For the reasons set forth in Plaintiffs' Motion for Leave to File First Amended Complaint ("Motion") and this Reply, Plaintiffs' proposed amendment should be allowed.

**REPLY ARGUMENT**

Plaintiffs are challenging the building performance standards contained within Colorado Regulation 28, and Energize Denver, as they *are applied* to Covered Products regulated by the Energy Policy and Conservation Act ("EPCA") and are thus preempted by EPCA.  Plaintiffs' proposed Amended Complaint is replete with clearly pled factual allegations of how specific individual members have determined that Regulation 28 and Energize Denver "concern" the energy efficiency of Covered Products as applied to their own buildings under EPCA's preemption provisions, 42 U.S.C. § 6297(c); 42 U.S.C. § 6316.  While Plaintiffs' challenge may have some hybrid aspects of a facial challenge – e.g. whether on legal grounds EPCA's preemption provision applies to Regulation 28 and Energize Denver – it also clearly depends on applying the facts for Plaintiffs' members subject buildings to the application of the challenged Regulations.  Even in this "intermediate position on the spectrum between purely as-applied relief and complete facial invalidation," Plaintiffs claims are not "futile" and cannot be rejected out of hand at this early stage of the proceedings.  *U.S. v. Supreme Ct. of New Mexico*, 839 F.3d 888, 908 (10th Cir. 2016).

First, Plaintiffs are bringing an as applied (or at most a hybrid) challenge to Regulation 28 and Energize Denver. Further, even if the Court concludes that Plaintiffs are mounting a facial challenge, the proposed Amended Complaint is not futile.

Second, Plaintiffs are not challenging provisions of Regulation 28 and Energize Denver that are not preempted by EPCA, such as the application of those regulations to non-Covered Products. Plaintiffs are only seeking invalidation of Regulation 28 and Energize Denver to the extent the building performance standards "concern" the "energy efficiency" of Covered Products.

Third, Defendants miss the mark on what is required to prove preemption under EPCA. As stated in Plaintiffs' proposed Amended Complaint, EPCA preempts any "State regulation *concerning* the energy efficiency, energy use, or water use of such covered product." Pls'. Appx. pp. 4-5 (¶ 2) (citing 42 U.S.C. § 6297(c); 42 U.S.C. § 6316). Plaintiffs have pleaded that Regulation 28 and Energize Denver "concern" the energy efficiency of Covered Products because they require existing building owners to analyze the energy efficiency of all equipment in their buildings, which includes Covered Products. While Plaintiffs have also pleaded (and supported with affidavits) that, in many cases, Regulation 28 and Energize Denver require the *replacement* of Covered Products to address this Court's request for further information on the *harms* the regulations impose on Plaintiff's members for purposes of standing, that is not EPCA's preemption standard. Regulations that "concern" the energy efficiency of Covered Products are preempted by EPCA, even where they might not require the direct or immediate replacement of Covered Products in every instance.

Plaintiffs reiterate their position to the parties and the Court now – Plaintiffs' challenge seeks to invalidate the building performance standards under Regulation 28 and Energize Denver as they are applied to Covered Products in their members' existing buildings.

## I.    Plaintiffs' Applied/Hybrid Challenge to Regulation 28 and Energize Denver.

Plaintiffs' proposed Amended Complaint contains two specific causes of action and types of relief:

1.  For Count I, Plaintiffs request "that the Court (i) declare that Regulation 28 *as it is applied to existing buildings* is preempted by EPCA, and (ii) enjoin Defendants from enforcing Regulation 28."  Pls.' Appx., p. 52 (¶ 173) (emphasis added);

2.  For Count II, Plaintiffs request "that the Court (i) declare that the Energize Denver Ordinance and the Energize Denver Regulations *as they are applied to existing buildings* are preempted by EPCA, and (ii) enjoin Defendants from enforcing the Energize Denver Ordinance and the Energize Denver Regulations." *Id.* at p. 54 (¶ 180) (emphasis added).

Defendants claim that Plaintiffs are seeking "broad, unqualified relief with respect to the Building Standards."  This is not so.  Plaintiffs' proposed First Amended Complaint is clear that Plaintiffs are seeking to invalidate Regulation 28 and Energize Denver to the extent they are preempted by EPCA – namely to the extent they regulate EPCA preempted Covered Products.

Further, this Court's Order concluding that Plaintiffs had not fully demonstrated standing further indicates the "as applied" nature of this action.  The Court directed

4

Plaintiffs to show with particularity that Regulation 28 and Energize Denver not only "concerned" the energy efficiency of Covered Products, but that they would suffer concrete injury in the form of being required to expend funds analyzing the Covered Products within their buildings, and in many cases, would incur costs in modifying or replacing those EPCA preempted Covered Products.

As Plaintiffs state in their proposed Amended Complaint, *some* existing buildings may not be required to replace Covered Products in order to meet the building performance standards. But that does not mean that Regulation 28 and Energize Denver do not "concern" Covered Products within all existing buildings – indeed, each Covered Building owner is required to benchmark their entire building's energy usage, which indisputably include EPCA-preempted Covered Products such as HVAC and domestic water heating equipment, and water using fixtures, and then determine how to reduce their entire building's energy usage in order to meet the building performance standards of the Regulations.[1]

Finally, Plaintiffs' requested relief also does not implicate a direct facial challenge to Regulation 28 and Energize Denver that reaches beyond the particular circumstances of the Plaintiffs. Defendants' focus on the fact that "Plaintiffs seek to enjoin the enforcement of the Building Standards with respect to all existing buildings" (Response at 5) as proof that Plaintiffs are seeking only a facial challenge to the Regulations. Yet

---

[1] The Court's emphasis on a showing of particularized harm for purposed of demonstrating standing does not change or narrow EPCA's broad preemption reach – preempting any state or local regulation "concerning the energy efficiency, energy use, or water use of" Covered Products. 42 U.S.C. § 6297(c); 42 U.S.C. § 6316.

the context of Plaintiffs' well pleaded factual allegations, applying the challenged regulations to their existing buildings, clearly show that Plaintiffs are not seeking a facial challenge. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) (Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").

The Supreme Court's recent decision in *Trump v. CASA, Inc. et al.*, 606 U.S. ____, ___ S.Ct. ___, 2025 WL 1773631 (2025) sheds light on the scope of Plaintiffs' challenge and permissible relief here. In *Trump v. CASA, Inc. et al.*, the Supreme Court clarified that District Courts do not have the power to issue universal injunctions, and reaffirmed that the "equitable tradition has long embraced the rule that courts generally 'may administer complete relief *between the parties*.'" *Id.* at *11 (quoting *Kinney-Coastal Oil Co. v. Kieffer*, 277 U.S. 488, 507, 48 S.Ct. 580, 72 L.Ed. 961 (1928) (emphasis in original)). Here, Plaintiffs' challenges are similarly bound and limited to the Plaintiff groups, and not any potential class of existing building owner. To properly limit the scope of relief here, the Court must "apply" Plaintiffs' challenge to their member groups, and not the broader class of any existing building owner in the State. *See also U.S. v. Nat'l Treasury Employees Union*, 513 U.S. 454, 478 (1995) (Supreme Court limiting relief in challenge to constitutionality of statute to the parties before the Court); *Doe v. City of Albuquerque*, 667 F.3d 1111, 1124 (10th Cir. 2012) ("the distinction between facial and as-applied challenges is not so well defined that it has some automatic effect or that it must always control the pleadings and disposition in every case", instead "the distinction goes to the breadth of the remedy employed by the Court, not what must be pleaded in a

complaint." (internal quotations and citations omitted)).

Plaintiffs are seeking judgment and relief that Regulation 28 and Energize Denver "concern" the energy efficiency of Covered Products and are preempted to the extent they seek to regulate Covered Products in Plaintiffs' members' existing buildings.  This Court has the authority (and recent Supreme Court direction) to administer complete relief "between the parties" to this action, and Plaintiffs requested relief can be properly tailored to fit their as applied challenge and is not futile.  *Trump*, 2025 WL 1773631 at *11.

## II.    Plaintiffs Are Not Challenging the Application of Regulation 28 and Energize Denver to Products not Covered by EPCA.

Defendants make the non-sensical argument that Plaintiffs are discretely challenging the portions of Regulation 28 and Energize Denver (such as the benchmarking provisions) that have no applicability to EPCA Covered Products. This is not so.  Plaintiffs' proposed Amended Complaint challenges Regulation 28 and Energize Denver to the extent those regulations "concern" Covered Products in existing buildings. Regulation 28 and Energize Denver cannot be understood, implemented or challenged on an isolated evaluation of each sentence or provision.

Plaintiffs' proposed Amended Complaint is replete with support from declarations by affected members describing how they have analyzed Regulation 28 and Energize Denver, and determined that they cannot comply with the building performance standards of both regulations without analyzing (and often replacing) EPCA preempted Covered Products.  Pls'. Appx., pp. 56-142 (Exhibits 1-10 to proposed First Amended Complaint). These fact-specific assertions serve to further emphasize that Plaintiffs' challenge to both regulations is an as applied challenge.

7

If this Court rules in Plaintiffs' favor, that judgment would only apply to the extent Regulation 28 and Energize Denver regulate Covered Products. In *California Restaurant Ass'n v. City of Berkeley*, the Ninth Circuit analyzed how EPCA's preemption provision works in regard to a regulation covering both Covered, and non-Covered products:

> To put it more concretely: Say a State enacts a broad regulation on all appliances—some that are "covered" and some that are not. EPCA would only supersede the regulation's impact on the covered products. And the State could still enforce its regulation against the non-covered products. In other words, if a building code concerns the "energy use" of covered an non-covered products alike, EPCA's preemptive effect is limited to the covered products.  Here, Berkeley may enforce its building code on non-covered products, but EPCA displaces its effect on covered products.  But this language in no way narrows a "regulation concerning the . . . energy use" to direct regulations on covered products themselves.

89 F.4th 1094, 1104 (9th Cir. 2024)

In other words, the Regulations would be declared unlawful as to the extent they regulate Covered Products, and not non-Covered Products.  Under Defendants' assertion that the "no set of circumstances" test under *United States v. Salerno*, 481 U.S. 739, 745 (1987)[2] should be applied here (essentially requiring that a regulation applied to Covered Products in *all* applications), there is no feasible version of an energy efficiency standard targeting buildings that could ever be challenged.  Any regulation governing a building's entire energy usage inherently implicates non-Covered products, and undoubtedly *some* buildings would be able to comply without needing to reference or analyze Covered Products.  This is not the standard for proving EPCA preemption.  Under the Ninth

---

[2] Regardless, this Circuit has held that "idea that the Supreme Court applies the 'no set of circumstances' test to every facial challenge is simply a fiction, readily dispelled by a plethora of Supreme Court authority."  *Doe*, 667 F.3d at 1124.

Circuit's analysis in *California Restaurant Ass'n*, regulations carefully crafted to avoid direct regulation of Covered Products are nonetheless not immune from EPCA's preemption provisions.  89 F.4th at 1107 ("States and localities can't skirt the text of broad preemption provisions by doing *indirectly* what Congress says they can't do *directly*." (emphasis in original)).

Further, the scope of benchmarking is not as simple as Defendants assert.  For example, in order to be exempt from the 2026 building performance standards of Regulation 28 (which Plaintiffs have alleged "concern" Covered Products), a Covered Building owner is required to submit information to the State, including benchmarking tracking the Covered Buildings' progress towards compliance with the final 2031 building performance standard deadline.   Thus, while Plaintiffs are not claiming that the benchmarking provisions of Regulation 28 and Energize Denver are, discretely and by themselves preempted by EPCA, they are arguing that the benchmarking provisions are an integral element of the preempted regulations, and that to the extent the benchmarking provisions extend to Covered Products and are a necessary part of compliance (such as extension requests for the building performance standard deadlines), those portions of the regulations "concern" the energy efficiency of Covered Products and are preempted.

III. **Even if Plaintiffs Were Making a Facial Challenge, Defendants Incorrectly Apply the "No Set of Circumstance" Standard.**

Even if this Court concludes that Plaintiffs are making a hybrid or facial challenge, Plaintiffs' claims are not futile.   To prove that EPCA preempts Regulation 28 and Energize Denver, Plaintiffs need only to show that the regulations "concern" the energy efficiency of Covered Products.  Pls'. Appx., p. 38 (¶ 117).

Plaintiffs do not have to allege or prove every single application of Regulation 28 and Energize Denver require the replacement of Covered Products in every single existing building subject to the regulations.  Instead, Plaintiffs must allege, and eventually prove, that Regulation 28 and Energize Denver "concern" the energy efficiency of Covered Products, something Plaintiffs' standing declarations indisputably allege and establish.  EPCA's waiver provision is instructive as to the breadth of the preemptive effect of EPCA's "concern" language, as the Secretary cannot grant waivers for State or local regulations that "will significantly burden manufacturing, marketing, distribution, sale, *or servicing* of the covered product on a national basis."  Pls'. Appx., pp. 33-34 (¶ 103) (citing 42 U.S.C. § 6297(d)(1)(C)).  Regulations requiring replacement of Covered Products are not the test for preemption – regulations "concerning" Covered Products and impairing their manufacture, distribution, sale, or servicing are enough to trigger EPCA preemption.

*Supreme Ct. of New Mexico,* which Defendants rely upon, is clear that the standards used for evaluating facial challenges "are applied but only to the universe of applications contemplated by plaintiffs' claim, not to all conceivable applications contemplated by the challenged provision."  839 F.3d at 914.  To that end, a facial challenge "is best understood as 'a challenge to the terms of the statute, not hypothetical applications,' . . . and is resolved 'simply by applying the relevant constitutional test to the challenged statute without attempting to conjure up whether or not there is a hypothetical situation in which application of the statute might be valid'".  *Id.* at 917 (internal citations omitted).  In other words, Plaintiffs, not Defendants, are the masters of their complaint.

Plaintiffs have pled that Regulation 28 and Energize Denver both clearly "concern" the energy efficiency of Covered Products and are preempted by EPCA. Defendants' claim that some applications of the regulations might not "concern" Covered Products, a claim that Defendants cannot discern from Plaintiffs' proposed Amended Complaint, is not relevant to an evaluation of a facial challenge. Defendants' effort to go beyond the pleadings must be rejected. Further, to the extent Defendants dispute that Regulation 28 and Energize Denver "concern" the energy efficiency of Covered Products under EPCA, that is a factual dispute that cannot be decided at this stage of the litigation and does not demonstrate that Plaintiffs' proposed Amended Complaint is inherently "futile".

Finally, for the reasons stated herein, Defendants' concerns that Plaintiffs are challenging the portions of Regulation 28 and Energize Denver unrelated to Covered Products are misplaced. Whether those provisions could be severed from the portions of the regulations "concerning" Covered Products a fact-dependent question to be developed during the course of the litigation. It may be that the non-offending portions of Regulation 28 and Energize Denver that regulate non-Covered products can exist on their own. But this does not render Plaintiffs' complaint futile.

## CONCLUSION

For the reasons stated herein and in Plaintiffs' Motion for Leave to File First Amended Complaint, Plaintiffs' respectfully request that the Court GRANT their Motion, find that Plaintiffs' proposed Amended Complaint is not futile, and permit Plaintiffs' to file their Proposed Amended Complaint in this matter.

Dated:  July 15, 2025

GREENBERG TRAURIG, LLP

/s/ *Paul M. Seby*
Paul M. Seby
Matthew K. Tieslau
GREENBERG TRAURIG, LLP
1144 15th Street, Suite 3300
Denver, Colorado 80202
Phone Number:  303.572.6500
Fax Number: 303.572.6540
E-Mail:    SebyP@gtlaw.com
           TieslauM@gtlaw.com


*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th of July, 2025, a copy of the foregoing was served upon all parties using the Court e-filing system.

*s/ Paul M. Seby*
Paul M. Seby