IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 24-cv-01093-RMR

COLORADO APARTMENT ASSOCIATION; APARTMENT ASSOCIATION OF METRO DENVER; COLORADO HOTEL AND LODGING ASSOCIATION, INC.; AND NAOIP COLORADO CHAPTER;

    Plaintiffs,

v.

JILL HUNSAKER RYAN, in her Official Capacity as the Executive Director of the Colorado Department of Public Health and Environment, MICHAEL OGLETREE, in his Official Capacity as the Director of the Colorado Air Pollution Control Division; AND WILL TOOR, in his Official Capacity as the Executive Director of the Colorado Energy Office; and

THE CITY AND COUNTY OF DENVER; THE DENVER CITY COUNCIL; DENVER MAYOR MIKE JOHNSTON; THE DENVER OFFICE OF CLIMATE ACTION, SUSTAINABILITY, AND RESILIENCY; AND ELIZABETH BABCOCK, in her Official Capacity as the Executive Director of the Denver Office of Climate Action, Sustainability, and Resiliency.

    Defendant

AND

COALITION FOR COMMUNITY SOLAR ACCESS, COLORADO SOLAR AND STORAGE ASSOCIATION, NATURAL RESOURCES DEFENSE COUNCIL, AND SIERRA CLUB,

    Intervenor-Defendants

**ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

    This matter is before the Court on Plaintiffs' Opposed Motion for Leave to File First Amended Complaint ("Motion"), ECF No. 62. Therein, Plaintiffs seek leave to amend their

previously dismissed Complaint. *See* ECF No. 55. Defendants filed a joint response in opposition, ECF No. 65, and Plaintiffs filed a reply in support, ECF No. 66. For the following reasons, the Motion is granted.

I. BACKGROUND

This Court dismissed Plaintiffs' original Complaint without prejudice earlier this year for a failure to establish that any of their members had Article III standing for their claims and did not reach Defendants' remaining arguments for dismissal. *See* ECF No. 55. In dismissing the Complaint, the Court found that Plaintiffs lacked organizational standing to challenge 5 CCR 1001-32 ("Regulation 28") and the City and County of Denver, Colorado's Denver Ordinance No. 20211310, and the implementing rules for Energize Denver enacted by the Denver Office of Climate Action, Sustainability, and Resiliency, entitled "Rules & Regulations Governing Energize Denver Building Energy Performance Requirements" (the Ordinance and Regulations may be collectively referred to as "Energize Denver"). *See id.* The Court found that the need to conduct energy audits or engineering analyses was not fairly traceable to the alleged injury—the need to replace certain consumer and commercial appliances ("Covered Products") subject to the Energy Policy and Conservation Act's ("EPCA") express preemption provision. *See id.*

The Court held that Plaintiffs' presumptive allegations that Regulation 28 or Energize Denver would "effectively and de facto prohibit the use of natural gas appliances in existing and new buildings by setting the energy conservation standards so stringent as to provide Covered Building owners with no effective choice in reducing their energy consumption or greenhouse gas emissions other than to install electric Covered Products

2

that exceed federal DOE standards" was insufficient to state a claim that Regulation 28 or Energize Denver directly regulate the energy efficiency or use of Covered Products. *See id.* at 10−17. The Court explained, "The problem for Plaintiffs is that beyond these conclusory statements, they have failed to allege a non-speculative injury" caused by Regulation 28 and Energize Denver. *Id.* at 14, 16. Members merely attesting that they "anticipate" they will need to change out Covered Products to comply was not enough to allege that an injury was "certainly impending." *See id.* at 15. At the time of the Complaint, Plaintiffs' members merely alleged they were going to have to conduct energy audits or engineering analyses to see if their speculative injury would materialize, but those audits/analyses had not yet occurred.

Thus, the Court dismissed the Complaint without prejudice and gave Plaintiffs twenty-one (21) days from the date of its Order of dismissal to file a motion for leave to amend, together with a proposed amended complaint. *Id.* at 18. The Court then granted Plaintiffs' Unopposed Motion for Extension of Time to File Motion for Leave to Amend Complaint until twenty-one (21) days after Governor Polis' final action on HB 25-126. *See* ECF Nos. 57, 60. Plaintiffs complied with this deadline, filing their Motion for Leave to File First Amended Complaint, together with their Proposed First Amended Complaint (the "FAC"), on June 10, 2025. *See* ECF No. 62. Defendants jointly oppose Plaintiffs' motion alleging that the FAC fails to state a claim for a facial challenge of Regulation 28 and/or Energize Denver, while reserving their right to file a motion to dismiss the FAC on issues not previously addressed by this Court if Plaintiffs' motion for leave to amend is granted. *See* ECF No. 65.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), after a responsive pleading has been served, a party "may amend its pleading only with the opposing party's written consent or the court's leave." The Rule specifies that "[t]he court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a). The purpose of the Rule is to "provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Warnick v. Cooley*, 895 F.3d 746, 754 (10th Cir. 2018) (citation and internal quotation marks omitted). Whether to grant leave to amend the pleadings pursuant to Rule 15(a) is within the court's wide discretion. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Rehberg v. City of Pueblo*, No. 10-cv-00261-LTB-KLM, 2011 WL 4102287, at *3 (D. Colo. Sept. 14, 2011).

When determining whether to allow amendment of a complaint, courts typically consider several factors: whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, whether the request was offered in good faith, and whether the party has had sufficient opportunity to state a claim and has failed. *State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984). Potential prejudice to a defendant is the most important factor in determining whether a plaintiff should be permitted to amend the complaint. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). However, courts typically find prejudice only when the proposed amendments unfairly affect the defendants in terms of preparing their defense to the amendments. *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971). "Most often, [undue prejudice] occurs when the amended complaints arise out of a subject matter different

from what was set forth in the complaint and raise significant new factual issues." *Minter*, 451 F.3d at 1208 (citations omitted).

### III.   ANALYSIS

The Court finds that Plaintiffs have remedied their Article III standing issues in the FAC by alleging non-speculative, certainly impending injuries related to their members' necessary replacement of Covered Products to comply with Regulation 28 and Energize Denver.

The FAC alleges that the energy audits and engineering analyses have been conducted for Plaintiffs' members confirming what was previously only "anticipated"—that Plaintiffs' members will need to replace Covered Products that currently comply with U.S. Department of Energy ("DOE") standards in order to comply with Regulation 28 and Energize Denver, costing "from hundreds of thousands to millions of dollars at each Covered Building." *See* ECF No. 62-1 ¶¶ 31-36, 65, 93, 117, 127-33, 143-50, 159. The FAC also details the monetary penalties Plaintiffs' members will face for failing to replace the Covered Products, with civil injunctive relief in the thousands per month, civil penalties in the thousands per violation, and potential cumulative fines for missing targets in the millions. *See id.* ¶¶ 21, 41, 64, 73, 77−78. These alleged concrete, non-speculative injuries of its members provides Plaintiffs with the Article III standing that was previously absent from the original Complaint.

Defendants argue that Plaintiffs' Motion should be denied because they are raising a facial challenge to Regulation 28 and Energize Denver, but "their amended allegations could only support an as-applied challenge to the Building Standards." ECF No. 65 at 2.

5

"As such, Plaintiffs fail to state a plausible claim that the Building Standards are facially preempted by the [EPCA]; their [FAC] would be subject to dismissal under Federal Rule of Civil Procedure 12(b)(6); and amendment would be futile." *Id.* However, as explained by Plaintiffs in their reply, and as is evidenced by the FAC itself, they are asserting an as-applied (or at most a hybrid) challenge to Regulation 28 and Energize Denver. *See* ECF No. 66 at 2−3. Moreover, even if this Court were to conclude that the Plaintiffs are mounting a facial challenge, the Motion is not futile and the Court will not reject it out of hand at this early stage of the proceedings on such grounds.[1] *See U.S. v. Supreme Ct. of New Mexico*, 839 F.3d 888, 908 (10th Cir. 2016).

Further, all four factors considered by courts related to amendments weigh in favor of granting the Motion. The request for amendment was not unduly and inexplicably delayed, as Plaintiffs met the Court's deadline to file their Motion, and the request is being offered in good faith. Plaintiffs also have yet to file an amended complaint and no scheduling order has been entered. Accordingly, the Court cannot conclude that Plaintiffs have had sufficient opportunity to state a claim and have failed. *See State Distributors, Inc.*, 738 F.2d at 416.

Moreover, amendment would not cause Defendants undue prejudice. Plaintiffs' FAC does not "arise out of a subject matter different from what was set forth in the complaint" or "raise significant new factual issues." *Minter*, 451 F.3d at 1208. The FAC

---

[1] However, the Court does have concerns with Plaintiffs' lack of explicit allegations related to which Covered Products must exceed the federal DOE energy efficiency standards to comply with Regulation 28 and Energize Denver. See ECF No. 55 at 13−17. That said, the Court does not see it appropriate to reject the Motion at this early stage and will allow Plaintiffs to be put to their proof to give them the maximum opportunity for their claims to be decided on the merits.

actually narrows the issues—abandoning allegations related to *new* construction buildings, focusing only on the replacement of Covered Products in *existing* buildings to comply with the fast-approaching compliance deadlines under Regulation 28 and Energize Denver. As highlighted by Plaintiffs, certain emissions reduction deadlines are as soon as 2026. *See* ECF No. 62 at 13. With the final quarter of 2025 fast approaching, Plaintiffs' members' injuries are "certainly impending."

Also, while the Court is only ruling on Plaintiffs' FAC as remedying the standing issues, Defendants' need to engage in renewed motion practice with respect to filing a Motion to Dismiss the FAC on issues previously argued but not addressed by this Court, motion practice results from having to defend a lawsuit and, therefore, does not constitute undue prejudice. *See Collins v. Ace Mortg. Funding, LLC*, No. 08-cv-01709-REB-KLM, 2008 WL 4457850, at *1 (D. Colo. Oct. 1, 2008) ("The ordinary burdens associated with litigating a case do not constitute undue burden.").

### IV.   CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiffs' Motion for Leave to File First Amended Complaint, ECF No. 62, is GRANTED.

DATED: August 21, 2025

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge

7