IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-01093

**COLORADO APARTMENT ASSOCIATION et al.**

        Plaintiffs,

**v.**

**JILL HUNSAKER RYAN, in her Official Capacity as the Executive Director of the Colorado Department of Public Health and Environment, et al.**

        Defendants.

AND

**COALITION FOR COMMUNITY SOLAR ACCESS, COLORADO SOLAR AND STORAGE ASSOCIATION, NATURAL RESOURCES DEFENSE COUNCIL, AND SIERRA CLUB**

        Intervenor-Defendants.

_____

**PLAINTIFFS' RESPONSE TO JOINT NOTICE OF SUPPLEMENTAL AUTHORITY BY DEFENDANTS AND INTERVENOR-DEFENDANTS**
_____

Plaintiffs, the Colorado Apartment Association and Apartment Association of Metro Denver, the Colorado Hotel and Lodging Association, Inc., and the NAIOP Colorado Chapter (collectively "Plaintiffs") submit this Response to the Joint Notice of Supplemental Authority by Defendants and Intervenor-Defendants ("Joint Notice", ECF No. 94).

Pursuant to this Court's Uniform Civil Practice Standard 10.1(d), a "Notice of Supplemental Authority may identify the relevant issue, but may not include any additional or new argument." However, the Joint Notice nonetheless makes such additional

arguments, asserting that the noticed cases "reject the interpretation of EPCA" which "Plaintiffs rely upon" and asserting that the arguments made by Plaintiffs in this case are similar regarding "EPCA preemption and the operation of covered appliances by consumers." ECF No. 64 at 1-2. Accordingly, Plaintiffs file this response to Defendants' and Intervenor-Defendants' additional arguments.

The two noticed District Court decisions have distinct and material legal differences from the Colorado and Denver regulations challenged in this case. First, both cases dealt with building codes governing new construction (or where buildings are being substantially modified), whereas the instant challenge involves a challenge to Colorado's and Denver's energy conservation standards that are imposed on *existing* buildings and will require the removal and replacement of building equipment installed within those *existing* buildings. *See* ECF No. 64-1, Mem. Op., *National Association of Home Builders of the United States, et al., v. Montgomery County, et al.*, No. 24-cv-3024, 2026 U.S. Dist. LEXIS 62725 (D. Md. Mar. 25, 2026); and ECF No. 64-2, Mem. Op. and Order, *National Association of Home Builders of the United States, et al., v. District of Columbia*, No. 24-cv-02942, 2026 U.S. Dist. LEXIS 64829 (D.D.C. Mar. 26, 2026).

Second, both noticed opinions dealt with building codes that banned the use of natural gas in new construction, whereas this case involves energy conservation standards impacting equipment within existing buildings.

Plaintiffs previously discussed the exact same distinctions between the challenged regulations in this action and other EPCA challenges across the country. *See* ECF No. 81 at 13-16.

2

Dated: April 2, 2026

GREENBERG TRAURIG, LLP

/s/ *Paul M. Seby*
Paul M. Seby
Matthew K. Tieslau
GREENBERG TRAURIG, LLP
1144 15th Street, Suite 3300
Denver, Colorado 80202
Phone Number:  303.572.6500
Fax Number: 303.572.6540
E-Mail:    SebyP@gtlaw.com
             TieslauM@gtlaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd of April 2026, a copy of the foregoing was served upon all parties using the Court e-filing system.


*s/ Paul M. Seby*
Paul M. Seby