**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-CV-01093-RMR-KAS

COLORADO APARTMENT ASSOCIATION; APARTMENT ASSOCIATION OF METRO DENVER; COLORADO HOTEL AND LODGING ASSOCIATION, INC.; AND NAIOP COLORADO CHAPTER;

*Plaintiffs*,

v.

JILL HUNSAKER RYAN, in her Official Capacity as the Executive Director of the Colorado Department of Public Health and Environment, MICHAEL OGLETREE, in his Official Capacity as the Director of the Colorado Air Pollution Control Division; AND WILL TOOR, in his Official Capacity as the Executive Director of the Colorado Energy Office;

AND

THE CITY AND COUNTY OF DENVER; THE DENVER CITY COUNCIL; DENVER MAYOR MIKE JOHNSTON; THE DENVER OFFICE OF CLIMATE ACTION, SUSTAINABILITY, AND RESILIENCY; AND ELIZABETH BABCOCK, in her Official Capacity as the Executive Director of the Denver Office of Climate Action, Sustainability, and Resiliency.

*Defendants*,

AND

THE COALITION FOR COMMUNITY SOLAR ACCESS, COLORADO SOLAR AND STORAGE ASSOCIATION, NATURAL RESOURCES DEFENSE COUNCIL, AND SIERRA CLUB.

*Intervenor-Defendants.*

---

**STATE DEFENDANTS' OBJECTIONS TO RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

## TABLE OF CONTENTS


BACKGROUND .......... 1

STANDARD OF REVIEW .......... 2

OBJECTIONS .......... 2

1. The Recommendation fails to address State Defendants' argument that the building code exception is inapplicable to Plaintiffs' challenge because Regulation 28 is not a building code. .......... 3

2. The Recommendation fails to address State Defendants' argument that the building code exception indicates Congress' intent to preempt only prescriptive regulations requiring the use of Covered Products that have an energy efficiency rating in excess of federal standards. .......... 4

3. Dicta from recent cases confirms the narrow scope of EPCA preemption and its inapplicability to regulations that do not require the use of "hyper-efficient" appliances, contrary to the Recommendation's conclusion. .......... 8

CONCLUSION .......... 10

Defendants Jill Hunsaker Ryan, the Executive Director of the Colorado Department of Public Health and Environment; Michael Ogletree, the Director of the Colorado Air Pollution Control Division; and Will Toor, the Executive Director of the Colorado Energy Office, all in their official capacities (collectively the "State Defendants"), hereby object in part to the Recommendation of United States Magistrate Judge Kathryn A. Starnella (ECF #106) ("Recommendation") and state the following in support of their objections:

**BACKGROUND**

On August 21, 2026, Magistrate Judge Starnella issued her Recommendation addressing several pending motions, including State Defendants' Motion to Dismiss (ECF # 72) ("State Defendants' Motion"). State Defendants' Motion seeks dismissal of Plaintiffs' First Cause of Action based on Plaintiffs' failure to state a claim upon which relief can be granted. More specifically, State Defendants argue that Plaintiffs' First Cause of Action rests on an untenable, overbroad reading of the Energy Policy and Conservation Act's ("EPCA") express preemption provision.

Relying on several recent decisions, the Recommendation adopted the majority of State Defendants' arguments regarding the narrow scope of EPCA preemption. The Recommendation rejected Plaintiffs' colloquial interpretation of the crucial term "energy use," ECF #106 at 27; it held that Regulation 28 "do[es] not refer to overed Products' energy use or energy efficiency," *id*. at 28; it concluded that EPCA does not create an affirmative right to use or sell any Covered Product, *id*. at 31; it held that Regulation 28 "does not directly interfere with or undermine Congress's primary objectives" in enacting EPCA, *id*; it found that "Regulation 28 . . . do[es] not, in a literal sense, have a direct

impact on the preempted subject matter," *id*. at 31; and it determined that "outright bans of certain types of Covered Products based on fuel source and building-wide regulations concerning greenhouse gas emissions are *not* preempted by the EPCA," *id*. at 37.

Nonetheless, Magistrate Judge Starnella recommended denial of the State Defendants' Motion based on her conclusion that Regulation 28's regulation of whole building energy consumption via one of its optional compliance pathways could be preempted by EPCA. *Id*.39. State Defendants object to this legal conclusion and the recommended denial of their Motion to Dismiss.

## STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, the district judge must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Federal Rule of Civil Procedure 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

## OBJECTIONS

State Defendants object to the portion of the Recommendation concluding that Regulation 28 is a whole-building energy conservation standard, potentially within the scope of EPCA's express preemption provision. State Defendants agree that EPCA preempts building codes concerning the energy use or energy efficiency of a Covered Product, ECF #106 at 3; 42 U.S.C. § 6297(c) & (f); but State Defendants object to the conclusion that EPCA could preempt "regulations imposing building-wide energy reductions," regardless of whether those regulations actually regulate the energy use or energy efficiency of Covered Products. ECF #106 at 37. More specifically, State Defendants object to the Recommendations': (1) failure to address State Defendants'

argument that the building code exemption is inapplicable to the Court's consideration of Plaintiffs' challenge to Regulation 28, because Regulation 28 is not a building code; (2) failure to address State Defendants' argument that the building code exception indicates Congress' intent to preempt only prescriptive regulations requiring the use of Covered Products that have an energy efficiency rating in excess of federal standards; and (3) incomplete analysis of dicta discussing the scope of EPCA's preemption provision as applied to building codes. The Court should modify these portions of the Recommendation.

The first two arguments and portions of the third argument were raised in State Defendants' Reply. Portions of the third argument are presented for the first time in this objection. The court may consider the portions of the third argument raised for the first time in this objection because they discuss several cases cited and relied on in the Recommendation that were not decided at the time the parties' concluded briefing of the State Defendants' Motion. Although these cases were provided as supplemental authority, the State Defendants did not have an opportunity to provide argument regarding their impact on the State Defendants' Motion in their briefing.

1. The Recommendation fails to address State Defendants' argument that the building code exception is inapplicable to Plaintiffs' challenge because Regulation 28 is not a building code.

The Recommendation relies on EPCA's building code exception language together with dicta from several recent decisions. However, as set forth in State Defendants' Reply, the exception does not directly apply to Regulation 28. *See* State Defendants' Reply Brief in Support of Their Motion to Dismiss Plaintiffs' First Amended Compliant (ECF #91) ("State Defendants' Reply") at 5-6. Regulation 28 is not a building code. The State of Colorado currently does not have the authority to promulgate a

statewide building code, *see* § 30-28-201, C.R.S. (authorizing County Commissions to determine the need for building code adoption) and § 31-15-601, C.R.S. (authorizing municipalities to adopt ordinances to regulate the construction, repair, use, and maintenance of buildings and related infrastructure); and Regulation 28 does not have the indicia of a building code. Black's Law Dictionary defines "building code" as a "law or regulation setting forth standards for the construction, maintenance, occupancy, use, or appearance of buildings and dwelling units." Building Code, Black's Law Dictionary (12th ed. 2024). Regulation 28 does none of this.

For these reasons, the State Defendants object to the assumption underlying the portion of the Recommendation wherein the Magistrate reasoned that EPCA might preempt Regulation 28 when reading the exception and recent dicta together: that EPCA's exemption of certain building codes is directly applicable to assessing the plausibility of Plaintiffs' claim that Regulation 28 is preempted by EPCA. ECF #106 at 39. This assumption is incorrect and caused the Magistrate to misapply exception language in her preemption reasoning.

2. The Recommendation fails to address State Defendants' argument that the building code exception indicates Congress' intent to preempt only prescriptive regulations requiring the use of Covered Products that have an energy efficiency rating in excess of federal standards.

As set forth in State Defendants' Reply, ECF #91 at 7-8, although EPCA's exception for certain building codes from the scope of its express preemption provision is relevant to Plaintiffs' challenge to Regulation 28 to the extent it provides insight into Congress' intent with respect to the scope of EPCA preemption, it should not defeat the motion to dismiss.

Through the building code exception, Congress expressly authorized certain regulations concerning energy use or energy efficiency that are part of building codes, even though those regulations otherwise would have been preempted by § 6297(c). 42 U.S.C. § 6297(f). Congress did so in recognition that "state and local building codes have a major impact on energy consumption." *Bldg. Indus. Ass'n of Wash. v. Wash. State Bldg. Code Council*, 683 F.3d 1144, 1148 (9th Cir. 2012). Congress insisted that building codes meet certain criteria to be exempted, *see* 42 U.S.C. § 6297(f)(3)(a)-(g), to prevent state building codes from requiring "the installation of covered products which have efficiencies exceeding the applicable Federal standard," S. Rep. No. 100-6, at 2. Nonetheless, the provision with affirmative preemptive force remains § 6297(c)—not § 6297(f). *See Nat'l Ass'n of Home Builders of the United States v. D.C.*, 2026 WL 837674 at *10 (D.D.C. Mar. 26, 2026) (citing § 6297(c) and noting that building code at issue was not preempted because it did "not 'concern[ ] ... energy efficiency [or] energy use' under the main preemption provision").

For the reasons discussed in the State Defendants' Motion, the State Defendants' Reply, and the balance of the Recommendation, Regulation 28 does not fall within § 6297(c)'s preemptive scope, so whether it meets any of the criteria of § 6297(f)(3) is beside the point. *See* supra 2-3 (citing portions of Recommendation supporting State Defendants' arguments).

To the extent the building code exception provides insight into the threshold preemption determination under § 6297(c), it supports State Defendants' argument that Plaintiffs have failed to state a plausible claim that Regulation 28 is preempted. The existence of the exception supports the conclusion that Congress intended to preempt

building codes containing certain prescriptive requirements related to Covered Products, but the legislative history and persuasive case law clarifies that Congress was not concerned with performance-based regulations generally. *See Bldg. Indus. Ass'n of Wash.,* 683 F.3d at 1151-52 (performance-based code did not create any penalty or legal compulsion to use products that exceeded federal energy efficiency standards). Instead, the preemption provision was "designed to ensure the performance-based building codes cannot circumvent the federal standard for a given covered product by effectively requiring the installation of such product with an efficiency exceeding the applicable Federal standards or State standards for which a waiver from preemption has been obtained." S. Rep. No. 100-6, at 11; *see also Nat'l Ass'n of Home Builders of the United States* 2026 WL 837674, at *9 n.23 (citing H.R. Rep. No. 100-11, at 26 (1987) for the proposition that that Congress added § 6297(f) to "prevent[ ] State building codes from being used as a means of setting mandatory State appliance standards in excess of the Federal standards").

As State Defendants noted in their Reply and their Motion, "Regulation 28 is no such regulation because, contrary to Plaintiff's repeated claims, Regulation 28 does not mandate energy consumption limits—it requires Covered Buildings to reduce their GHG emissions attributable to energy consumption, which can be achieved through multiple means." ECF #91 at 11; *see also id*. at 6; ECF #72 at 3, 11, 15.

If anything, the criteria for satisfying the building code exception shed light on what kinds of regulations Congress *did not* intend to preempt in the first place, i.e., regulations that do not require the installation of Covered Products that have an energy efficiency rating in excess of federal standards. *See Maryland Bldg. Indus. Ass'n, Inc. v.*

*McIlwain*, 828 F. Supp. 3d 617, 638 (D. Md. 2026) (because the challenged regulations "do not require building owners to install appliances whose energy efficiencies exceed federal standards, they are not like the building codes that Congress intended to preempt"); *cf. Air Conditioning, Heating and Refrigeration Institute v. City of Albuquerque*, 835 F. Supp. 2nd 1133, 1136-37 (D.N.M. 2010) (because the challenged optional compliance pathway contained prescriptive measures that explicitly required installation of appliances whose energy efficiencies exceed federal standards, the optional compliance pathway was preempted).

Plaintiffs do not allege that Regulation 28 requires the replacement of Covered Products with appliances exceeding EPCA efficiency standards. *See* ECF # 106 at 8 (noting that the Amended Complaint "removed all allegations that, in order to comply with the subject regulations, [Plaintiffs] would need to replace their gas-powered appliances with appliances that *exceed* federal standards (emphasis in original)).[1] As discussed above, EPCA only preempts regulations requiring use of Covered Products exceeding EPCA efficiency standards. And as the Recommendation, and the vast majority of courts have held, a regulation requiring the replacement of a fossil fuel Covered Products with EPCA-compliant electric Covered Products is not preempted by EPCA. *See id*. at 37 ("outright bans of certain types of Covered Products based on fuel source and building-wide regulations concerning greenhouse gas emissions are not preempted by the EPCA."). Accordingly, State Defendants' object to the

---

[1] Plaintiffs include one conclusory allegation that "Defendants seek to impose their own energy efficiency standards for existing Covered Products." Amended Complaint, ¶ 120. "[T]he court need not accept conclusory allegations without supporting factual averments." *VDARE Foundation v. City of Colo. Springs*, 11 F.4th 1151, 1158-59 (10th Cir. 2021) (cleaned up).

Recommendation's conclusion that Plaintiffs state a plausible claim that Regulation 28 is preempted.

3. Dicta from recent cases confirms the narrow scope of EPCA preemption and its inapplicability to regulations that do not require the use of "hyper-efficient" appliances, contrary to the Recommendation's conclusion.

The Recommendation cites dicta from several recent decisions in support of its conclusion that regulations imposing building-wide energy reductions might be preempted by EPCA. *Id*. at 34-37. But the Recommendation ignores language in those cases illuminating the limitations on EPCA's application to such regulations. The express limitations acknowledged by other courts support State Defendants' argument that EPCA only preempts building-wide energy regulations effectively requiring the installation of Covered Products that have an energy efficiency rating in excess of federal standards (or approved state standards).

The Recommendation first cites Judge Friedland's dissent in the *California Restaurant* case, which posited EPCA would preempt certain building codes. *Id*. at 34-35. But Judge Friedland did not find that "EPCA contemplates preempting" all such standards. *Cal. Rest. Ass'n v. City of Berkeley*, 89 F.4th 1094, 1125 (9th Cir. 2024) (Friedland, J., dissenting). Instead she recognized the limited scope of EPCA preemption as applied to whole building energy efficiency standards, noting that "EPCA contemplates preempting building codes that set building-wide energy efficiency standards <u>that can only be met through the use of hyper-efficient appliances</u>." *Id.* (emphasis added).

The Recommendation also cites the District of Maryland's decision in the *Maryland Building Industry Association Case*, which also concluded that the building code exception revealed Congress' intent to preempt certain state and local building

codes addressing whole building energy consumption. ECF #106 at 35. But like Judge Friedland, the District of Maryland posited that the building code exception indicates Congress' intent to preempt "building codes that set an 'objective' for 'energy consumption' or 'conservation' and do so in a way that mandates the installation of high-efficiency appliances." *Maryland Building Industry Ass'n*, 828 F. Supp. 3d at 637 (emphasis added). The Recommendation's attempt to distinguish the Maryland regulation upheld by the District of Maryland from Regulation 28 is unavailing. ECF #106 at 36. The District of Maryland's conclusion that the Maryland regulation, which is strikingly similar to Regulation 28, is not preempted was based on its review of "§ 6297's statutory scheme." *Maryland Building Industry Ass'n*, 828 F. Supp. 3d at 639. Ultimately, the court concluded the regulation at issue was not preempted because it was not within "the 'domain' Congress sought to preempt … [--]building regulations that require building owners to swap out less-efficient appliances for appliances whose efficiencies exceed federal standards." *Id*. (citation omitted) (emphasis added).

The *Plumbers II* and *Mulhern* cases do not support the Recommendation's conclusion that regulations imposing building-wide energy reductions but not requiring use of Covered Products exceeding EPCA's minimum efficiency standards might be preempted by EPCA. ECF #106 at 36-37 (citing *Plumbers II*, 180 F.4th at 447-48; *Mulhern Gas Co. v. Mosley*, 798 F.Supp.3d 304, 311 (N.D.N.Y. 2025)). Crucially, both *Mulhern* and *Plumbers II* involved building codes, and their dicta discussing the likely preemption of a hypothetical building code setting a "maximum building-wide energy consumption limit" does not provide insight into Congress' intent with respect to the applicability of EPCA preemption to Regulation 28, which "does not mandate energy

consumption limits" but instead "requires Covered Buildings to reduce their GHG emissions attributable to energy consumption, which can be achieved through multiple means." ECF #91 at 11. Moreover, the high-level discussion of the building code exception does not engage with the legislative history cited by the District of Maryland. And the incomplete description of the scope of EPCA preemption in *Mulhern* and *Plumbers II* does not refute the conclusion that Congress only intended EPCA to preempt whole building energy conservation standards that dictate the use of Covered Products that have an energy efficiency rating in excess of federal standards.

## CONCLUSION

Based on the above, State Defendants request that the Court modify the Recommendation to (1) clarify that EPCA only preempts regulations imposing whole-building energy conservation standards effectively requiring the installation of Covered Products that have an energy efficiency rating in excess of federal standards and that Regulation 28 is not such a regulation; (2) affirm the remainder of the Recommendation; and (3) grant State Defendant's Motion in full.

Respectfully submitted this 4th day of September, 2026.

PHILIP J. WEISER
Attorney General

*/s/ David Banas*
DAVID BANAS*
JACKIE CALICCHIO*
W. CORY HALLER**
Assistant Attorneys General
Natural Resources and Environment Section
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: 720.508.6000
Email: David.banas@coag.gov
Jackie.calicchio@coag.gov
Cory.haller@coag.gov

* *Counsel of Record on behalf of Defendant Will Toor, in his Official Capacity as the Executive Director of the Colorado Energy Office*

***Counsel of Record on behalf of Defendants Jill Hunsaker Ryan, in her Official Capacity as the Executive Director of the Colorado Department of Public Health and Environment, and Michael Ogletree, in his Official Capacity as the Director of the Colorado Air Pollution Control Division*

## CERTIFICATE OF SERVICE

I hereby certify that on September 4th, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the Parties of record for this matter.

*/s/ Barbara Dory*
Barbara Dory