**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-01093-RMR-KAS

COLORADO APARTMENT ASSOCIATION; APARTMENT ASSOCIATION OF METRO DENVER; COLORADO HOTEL AND LODGING ASSOCIATION, INC.; AND NAIOP COLORADO CHAPTER;

Plaintiffs,

v.

JILL HUNSAKER RYAN, in her Official Capacity as the Executive Director of the Colorado Department of Public Health and Environment, MICHAEL OGLETREE, in his Official Capacity as the Director of the Colorado Air Pollution Control Division; AND WILL TOOR, in his Official Capacity as the Executive Director of the Colorado Energy Office; AND

THE CITY AND COUNTY OF DENVER; THE DENVER CITY COUNCIL; DENVER MAYOR MICHAEL JOHNSTON; THE DENVER OFFICE OF CLIMATE ACTION, SUSTAINABILITY, AND RESILIENCY; AND ELIZABETH BABCOCK, in her Official Capacity as the Executive Director of the Denver Office of Climate Action, Sustainability, and Resiliency;

Defendants,

And

THE COALITION FOR COMMUNITY SOLAR ACCESS, COLORADO SOLAR AND STORAGE ASSOCIATION, NATURAL RESOURCES DEFENSE COUNCIL, AND SIERRA CLUB,

Intervenor-Defendants.

---

**DENVER DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

## TABLE OF CONTENTS


I. RESPONSE .... 1

A. Plaintiffs' Claims Respecting Consumer Appliances are Time Barred .... 1

B. Energize Denver Does Not "Refer to" Energy Use .... 5

II. CONCLUSION .... 6

CERTIFICATE OF SERVICE .... 8

Defendants the City and County of Denver; Denver City Council; Denver Mayor Michael Johnston; Denver Office of Climate Action, Sustainability, and Resiliency; and Elizabeth Babcock, in her Official Capacity as Executive Director of the Office of Climate Action, Sustainability, and Resiliency (collectively "Denver"), respectfully submit this Response to Plaintiffs' Objections to the Magistrate Judge's Recommendation to Deny in Part Defendants' Motion to Dismiss ("Objections") pursuant to *Fed. R. Civ. P.* 72(b) and 28 U.S.C. § 626(b)(1)(B) and state as follows:

## I. RESPONSE

### A. Plaintiffs' Claims Respecting Consumer Appliances Are Time Barred

The Recommendation rightly determined that Plaintiffs' claims are time barred with respect to consumer appliances. ECF #106 at 19-20. A two-year statute of limitations applies to those claims. *See id.*; ECF #114 at 2; C.R.S. § 13-80-102(1).[1] Plaintiffs nevertheless argue that their claims are timely because they knew of their injuries only after conducting "energy audits and related analyses." ECF #114 at 4. They argue that their claim did not "accrue" until that much-later date because, until then, they did not know the specific steps they would need to take to comply with Energize Denver. *See id.* at 4-5. Measured against the proper claim-accrual standard, however, Plaintiffs' claims are plainly untimely. Plaintiffs challenge both the ordinance giving rise to Energize Denver, passed in November 2021, and the regulations implementing it,

---

[1] In a footnote, Plaintiffs suggest that claims for equitable relief are not subject to a statute of limitations, *see* ECF #114 at 2 n.1, but that argument is waived; in briefing to the Magistrate Judge, Plaintiffs affirmatively contended that "Colorado's general two year statute of limitations applies to Plaintiffs' claims regarding consumer Covered Products under Energize Denver." *See* ECF #83 at 9.

adopted in January 2022. *See* FAC, ECF #68 ¶ 1b; ECF #83 at 6. Accordingly, Plaintiffs' claims accrued no later than January 2022—i.e., when all the elements of Plaintiffs' claims were present.

Under Federal law, "the standard rule" is that a claim accrues "when the plaintiff has 'a complete and present cause of action,'" *Wallace v. Kato,* 549 U.S. 384, 388 (2007). Plaintiffs urge this court to apply a discovery rule, but discovery rules are an exception, which "delay accrual of a claim until the plaintiff knew or should have known the facts necessary to establish her cause of action, such as the fact that a surgeon left a sponge in the plaintiff's abdomen after an operation." *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1216 (10th Cir. 2014) (citing *Alexander v. Oklahoma,* 382 F.3d 1206, 1215 (10th Cir. 2004)). A discovery rule may be warranted in cases involving fraud, *see In re Credit Default Swaps Auctions Litig.*, 710 F. Supp. 3d 895, 932 (D.N.M. 2023), or medical malpractice, where "the where the cry for a discovery rule is loudest," *Rotella v. Wood*, 528 U.S. 549, 555 (2000). But the "standard rule" holds "that the limitations period commences when the plaintiff has a complete and present cause of action." *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of California*, 522 U.S. 192, 201 (1997); *see also TRW Inc. v. Andrews*, 534 U.S. 19, 37 (2001) (describing discovery rule in other contexts as "bad wine of recent vintage") (Scalia, J., concurring in the judgment).

*Corner Post*, upon which Plaintiffs rely, supports the Recommendation's conclusion. There, the Supreme Court affirmed the standard rule that "a right of action 'accrues' when the plaintiff has a 'complete and present cause of action'—*i.e.*, when she

has the right to 'file suit and obtain relief.'" *Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 603 U.S. 799, 809 (2024) (quoting *Green v. Brennan*, 578 U.S. 547, 554 (2016)). In *Corner Post*, plaintiffs' cause of action did not accrue upon issuance of the regulations subject to challenge because the plaintiff company did not yet exist. Only when the company came into existence was it harmed by—and thus had a claim against—the regulations. But the Plaintiffs here are in a position altogether different from the plaintiffs in *Corner Post*.

Plaintiffs' injuries—the obligation to comply with Energize Denver's requirements or else face enforcement—do not stem from any event or occurrence more recent than the promulgation of the Energize Denver regulations in January 2022. A pre-enforcement preemption challenge of the kind Plaintiffs pursue here necessarily depends upon the articulation of an injury through the risk of future enforcement—a risk that would have come into existence immediately when the regulations were promulgated.

Moreover, even if a discovery rule applied to Plaintiffs' preemption claim, their claim is still time barred. That is because Plaintiffs "knew long before [they] filed suit all the facts necessary to sue." *Varnell*, 756 F.3d at 1216. Even under a discovery rule, a cause of action "accrues even though the full extent of the injury is not then known or predictable." *Id.* (quoting *Wallace,* 549 U.S. at 391). "'Were it otherwise,' explained the Supreme Court, 'the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief.'" *Id.*

Plaintiffs now claim that they "knew of" their injury only after their "members were able to perform the energy audits and related analyses." ECF #114 at 4. But, according to their own pleading, they only undertook those audits after their complaint had been filed. *Id*. That argument turns the discovery rule on its head. Clearly Plaintiffs already knew of their alleged injuries or they would not have filed the initial complaint. The audits they performed for the purpose of amending their complaint, to include an evidentiary basis to carry their burden on standing, cannot be transformed after the fact into the moment they "discovered" their alleged injuries.

Further, Plaintiffs' more-specific allegations about the modifications to their properties that Energize Denver will require them to make depend upon energy audits that plaintiffs conducted years after Energize Denver's implementing regulations were adopted. *See* ECF #68-1 ¶ 18; ECF #68-2 ¶ 20; ECF #68-3 ¶ 15; ECF #68-4 ¶ 18; ECF #68-5 ¶ 18; ECF #68-6 ¶ 15; ECF #68-7 ¶ 15; ECF #68-8 ¶15; ECF #68-9 ¶ 17; ECF #68-10 ¶ 17. Plaintiffs nowhere allege that they could not have conducted their energy audits—or any other assessment sufficient to determine that Energize Denver would harm them—quickly enough to allow them to bring suit within the two-year limitation period. Even under a discovery rule, "a plaintiff must use reasonable diligence in seeking to discover facts giving rise to a claim for relief." *Alexander*, 382 F.3d at 1216. Plaintiffs cannot defend their multi-year delay as reasonable diligence.

Accordingly, Plaintiffs' objection to the Recommendation should be denied and the Recommendation's dismissal of Plaintiffs' claims respecting consumer appliances should be adopted.

**B. Energize Denver Does Not "Refer to" Energy Use**

Drawing on *Ass'n of Contracting Plumbers of City of New York, Inc. v. City of New York*, 180 F.4th 434 (2d Cir. 2026) ("*Plumbers II*") and other recent case law, the Magistrate Judge correctly concluded that Energize Denver does not "concern" or "refer to" "energy use" as that term is defined in EPCA. ECF #106 at 26. Plaintiffs object to this conclusion without ever confronting its reasoning. First, Plaintiffs contend that the regulations "regulate Covered Products specifically because their energy use, however defined, is allegedly too high." ECF #114 at 7. But this assertion simply ignores the teaching of *Plumbers II* and other recent cases, which is that a local law is only preempted if it concerns the "standardized, fixed measure assigned to a product before it reaches consumers." *Plumbers II* at 439. Plaintiffs make no allegations that Energize Denver regulates on that basis. The Magistrate Judge correctly concluded that Energize Denver is not preempted because it does "not set a floor on energy efficiency or a ceiling on energy use for any particular appliance regulated by the EPCA." ECF #106 at 28.

Next, Plaintiffs claim that EPCA's preemption waiver provision "indicates a Congressional intent to preserve the availability of Covered Products" because DOE may not waive preemption when the state efficiency standard would "result in the unavailability ... of performance characteristics [or] features" in Covered Products. 42 U.S.C. § 6297(d)(4). ECF #114 at 7-8 (also citing § 6297(d)(3)). But the court in *Plumbers II* soundly refuted this contention. Heeding the Supreme Court's instruction in *Dan's City Used Cars, Inc. v. Pilkey*, 569 U.S. 251, 264 (2013), the court rightly declined

to "draw conclusions about Congress's objective through the exceptions of a statute." *Plumbers II*, 180 F.3d at 444. Moreover, when considering the Congressional intent of EPCA, the court found no basis to conclude that "Congress pursued an 'objective' of consumer choice through the passage of a statute that says so little on the subject." *Id.* at 443.

## II. CONCLUSION

Based upon the foregoing, Denver respectfully requests that the Court reject the objections set forth in Plaintiffs' Objections and issue an order granting the Motion to Dismiss, dismissing with prejudice Plaintiffs' claims in their entirety.

Respectfully submitted this 18th day of September 2026.

By: *s/ Michele A. Horn*

Michele A. Horn
Assistant City Attorney
City and County of Denver
201 West Colfax Avenue, Dept. 1207
Denver, CO 80202-5332
(720) 913-3275
michele.horn@denvergov.org

*s/ Gabriel J Daly*

Gabriel J. Daly
Sam Walsh
Roselle LLP
300 New Jersey Ave, NW, Suite 300
Washington, DC 2001
(617) 817 4105
Gabe.daly@rosellelllp.com

*Attorneys for Defendants the City and*

*County of Denver, Denver City Council; Denver Mayor Michael Johnston; Denver Office of Climate Action, Sustainability, and Resiliency; and Elizabeth Babcock, in her Official Capacity as the Executive Director of the Denver Office of Climate Action, Sustainability, and Resiliency*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of September, 2026, a true and correct copy of the foregoing **DENVER DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** was served via the CM/ECF system upon all counsel of record in this matter.

*s/ Shannon Egan*
Shannon Egan, Paralegal