**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-01093

**COLORADO APARTMENT ASSOCIATION, APARTMENT ASSOCIATION OF METRO DENVER; COLORADO HOTEL AND LODGING ASSOCIATION, INC.; AND COMMERCIAL REAL ESTATE DEVELOPMENT ASSOCIATION COLORADO;**

Plaintiffs,

**v.**

**JILL HUNSAKER RYAN, in her Official Capacity as the Executive Director of the Colorado Department of Public Health and Environment, et al.**

Defendants.

AND

**COALITION FOR COMMUNITY SOLAR ACCESS, COLORADO SOLAR AND STORAGE ASSOCIATION, NATURAL RESOURCES DEFENSE COUNCIL, AND SIERRA CLUB**

Intervenor-Defendants.

---

**PLAINTIFFS' RESPONSE TO THE OBJECTIONS OF THE STATE DEFENDANTS, DENVER DEFENDANTS, AND INTERVENOR-DEFENDANTS [ECF Nos. 111, 112, 113]**

---

Pursuant to Fed. R. Civ. P. 72(b)(2), 28 U.S.C. § 636(b)(1)(C), and D.C.COLO.LCivR 72.3, Plaintiffs respectfully submit this Response to the Objections of the State Defendants, Denver Defendants, and Intervenor-Defendants. ECF Nos. 111, 112, 113.

## ARGUMENT

The Court should affirm the Magistrate Judge's Recommendations consistent with Plaintiffs' Objections and reject Defendants' and Intervenor-Defendants' Objections. Defendants' and Intervenor-Defendants' Objections are based on a mischaracterization of Plaintiffs' First Amended Complaint ("FAC") (ECF No. 68).

Defendants and Intervenor-Defendants incorrectly claim that Plaintiffs have abandoned their claim that Regulation 28 and Energize Denver require building owners to remove compliant Covered Products and replace them with Covered Products with energy efficiencies exceeding Department of Energy ("DOE") standards. Defendants and Intervenor-Defendants then misapply EPCA's preemption provision, claiming that Plaintiffs' FAC must be dismissed in its entirety for failing to assert that Regulation 28 and Energize Denver require Covered Products which exceed EPCA's standards.

Defendants' and Intervenor-Defendants' characterization is wrong. Plaintiffs have alleged that Regulation 28 and Energize Denver require the removal and replacement of EPCA-compliant Covered Products with Covered Products that exceed EPCA's standards. Further, even if Plaintiffs' FAC had not argued that Regulation 28 and Energize Denver require the replacement of EPCA-compliant Covered Products with Covered Products that exceed EPCA's standards, EPCA preempts all State and local regulations

targeting the energy efficiency of Covered Products in existing buildings regardless of whether they are more, or less restrictive. As such, Defendants' and Intervenor-Defendants' Objections should be rejected.[1]

## I. Plaintiffs' First Amended Complaint Alleges that Regulation 28 and Energize Denver Require the Replacement of EPCA-Compliant Covered Products with Higher Efficiency Covered Products, and Present Plausible Claims that Survive Defendants' Motions to Dismiss.

State Defendants, Denver Defendants, and Intervenor-Defendants all mischaracterize Plaintiffs' FAC and portions of the Magistrate Judge's Recommendation to incorrectly claim that Plaintiffs "do not allege that Regulation 28 requires the replacement of Covered Products with appliances exceeding EPCA efficiency standards." ECF No. 113 at 7; *see also* ECF No. 111 at 3, ECF No. 112 at 7. Defendants compound this error by then arguing, again incorrectly, that Plaintiffs' only remaining claim is that the restrictions are merely fossil fuel bans that are not preempted by EPCA, thus arguing that Plaintiffs' entire FAC should be dismissed. These mischaracterizations are demonstrably wrong.

Plaintiffs' FAC clearly alleges that both Regulation 28 and Energize Denver require the replacement of EPCA-compliant Covered Products. ECF No. 68 at ¶ 34; *id.* at ¶¶ 35, 55, 65, 85, 127, 131, 143, 148. EPCA-compliant Covered Products, by definition, meet

---

[1] Here, Plaintiffs only respond to Defendants' and Intervenor-Defendants' new arguments that incorrectly mischaracterize the allegations and reach of Plaintiffs' FAC. Defendants' and Intervenor-Defendants' separate Objections, while not conceded by Plaintiffs, were addressed in Plaintiffs' Objection. *See* ECF No. 114 at 6-8 (arguing that the Magistrate Judge correctly concluded that Regulation 28 and Energize Denver impermissibly concern the subject matter preempted by EPCA); *id.* at 9-11 (rejecting State Defendants' arguments regarding GHG centric building energy caps).

EPCA's efficiency standards. Forced removal of those compliant products to meet the efficiency standards of Regulation 28 and Energize Denver requires that the replacement products exceed EPCA's efficiency standards (i.e., one could hardly meet the requirements by installing less efficient equipment). Plaintiffs alleged that Regulation 28's and Energize Denver's building performance standards "are so stringent that the only feasible way for the vast majority of Covered Buildings to comply is, in addition to implementing any other energy efficiency measures, to remove existing, EPCA compliant Covered Products with remaining useful life and replace[] them with higher efficiency, typically electric, Covered Products." *Id.* at ¶ 84; *id.* ¶¶ 55, 65. Where Regulation 28 and Energize Denver require the replacement of "EPCA-compliant" Covered Products, they mandate higher efficiency Covered Products that exceed EPCA's standards: otherwise less or equally efficient Covered Products would suffice. Thus, Plaintiffs explicitly alleged that Defendants are forcing building owners to replace equipment that meets EPCA's efficiency standards with more efficient equipment exceeding EPCA's standards.

This Court already recognized that Plaintiffs adequately alleged their claims that Regulation 28 and Energize Denver required the replacement of covered products when it granted Plaintiffs' motion to file their FAC:

> The FAC alleges that the energy audits and engineering analyses have been conducted for Plaintiffs' members confirming what was previously only "anticipated"—that Plaintiffs' members will need to replace Covered Products that currently comply with U.S. Department of Energy ("DOE") standards in order to comply with Regulation 28 and Energize Denver, costing "from hundreds of thousands to millions of dollars at each Covered Building." *See* ECF No. 62-1 ¶¶ 31-36, 65, 93, 117, 127-33, 143-50, 159.

ECF No. 67 at 5. The Court did observe that it had "concerns with Plaintiffs' lack of explicit

allegations related to which Covered Products must exceed the federal DOE energy efficiency standards to comply with Regulation 28 and Energize Denver." ECF No. 67 at 6, n.1. This was simply an observation that Plaintiffs, at the merits stage, may need to present more evidence as to which specific EPCA-compliant Covered Products (e.g., furnaces, lights, domestic water heaters, and HVAC systems) would require replacement. It was not a conclusion that Plaintiffs failed to allege that Regulation 28 or Energize Denver require the replacement of EPCA-compliant Covered Products with more efficient Covered Products. This Court correctly decided it would "allow Plaintiffs to be put to their proof" as to those specific Covered Products in order "to give them the maximum opportunity for their claims to be decided on the merits." *Id.*

Defendants and Intervenor-Defendants ignore the plain allegations in Plaintiffs' FAC that EPCA-compliant Covered Products will have to be removed and replaced and instead focus on differences between the language in Plaintiffs' initial Complaint and their FAC regarding "products that exceed federal standards." First, those textual differences do not change the basic fact that, as this Court recognized, the FAC alleged that the challenged rules will require the removal and replacement of EPCA-compliant Covered Products. Second, Plaintiffs did allege that higher efficiency Covered Products would be required in the FAC. FAC at ¶ 84; *id.* ¶¶ 55, 65. Third, even if Plaintiffs had not made that allegation (they did) it was not necessary to make this allegation to support Plaintiffs' EPCA preemption claim, since EPCA preempts State or local regulations concerning the energy efficiency of Covered Products regardless of whether they demand more or less stringent energy efficiency.

EPCA's preemptive reach is clear that once a DOE energy conservation standard becomes effective for a product, *any* state or local energy conservation standard for the same product is preempted, not just energy conservation standards that "exceed" federal standards. ECF No. 68 at ¶ 101 (quoting 42 U.S.C. § 6297(b), (c) ("effective on the effective date of an energy conservation standard established in or prescribed under" EPCA, "no State regulation concerning the energy efficiency, energy use, or water use of such covered product shall be effective with respect to such product."); 42 U.S.C. § 6316(a)(8), (b)(2)(A) (preempting "any State or local regulation concerning the energy efficiency or energy use of a product for which" there is a federal standard in regard to commercial Covered Products)). In other words, EPCA preemption of State or local energy conservation standards is not limited to such standards that impose more stringent requirements: preemption applies, regardless of whether those standards are less stringent, the same, or exceed the DOE standards.

The only area where EPCA limits preemption of State or local energy conservation standards to those "exceeding" EPCA standards is in the context of *new construction*, which is not at issue in this case. ECF No. 68 at ¶¶ 105–107 (discussing the limited exception to preemption for *new construction* in whole-building energy conservation codes for consumer Covered Products in 42 U.S.C. § 6297(f)(3)); *Id.* at ¶¶ 108-113 (discussing the limited exception to preemption for commercial/industrial products in *new construction* found in 42 U.S.C. § 6316(b)(2)(B)).[2] Neither applies to Plaintiffs' challenge

[2] Once again, if not contained in a building code for *new construction*, any State or local regulation concerning the energy efficiency of existing or new covered products is preempted unless it obtains a waiver from the Secretary of the DOE. ECF No. 86 at ¶ 103

to Regulation 28 and Energize Denver as this challenge is brought solely as to how those requirements are being imposed on *existing* construction (the FAC removed claims from the original Complaint as to new buildings and new construction). The Magistrate Judge agreed that the exception to preemption for consumer covered products in 42 U.S.C. § 6297(f)(3), which permits a State or local whole-building energy conservation standard to avoid preemption if the standard does not require Covered Products that "exceed" federal standards, was instructive on the ultimate conclusion that Regulation 28 and Energize Denver have an "impermissible connection with" the preempted subject matter of EPCA. ECF No. 106 at 31–43. However, relying on that exception to preemption for new construction does not mean Plaintiffs' claims as to existing construction are limited to the same preemption standard.

Second, the FAC illustrates that whole-building energy codes actually focus on the energy efficiency of covered products. Regulation 28 and Energize Denver are whole-building energy conservation standards that, on the surface, only cap energy use at a building-wide level. There are no explicit provisions in Regulation 28 or Energize Denver that require that a specific Covered Product have an energy efficiency exceeding the applicable DOE efficiency standard for that product. However, the practical and necessary result of these whole-building energy conservation standards is that the only way to meet them is to remove EPCA-compliant Covered Products and necessarily replace them with higher efficiency Covered Products exceeding DOE standards. Otherwise, the EPCA-compliant product could remain in use.

---

(citing 42 U.S.C. § 6297(d)(1)(C)); ¶ 108-09 (citing 42 U.S.C. § 6316(b)(2)(D)).

Third, having established that Plaintiffs' FAC alleges that Regulation 28 and Energize Denver require the replacement of EPCA-compliant Covered Products with more efficient Covered Products exceeding EPCA's standards, Plaintiffs meet the EPCA preemption standards of recent decisions relied upon by Defendants and Intervenor-Defendants that discuss "hyper-efficient" appliances.[3] For example, the Second Circuit's decision in *Plumbers II* held that EPCA's preemptive reach could not be avoided by building-wide energy conservation caps, because if "states were permitted to regulate energy conservation on an aggregated scale (rather than the per-product basis employed by EPCA), states could easily escape the preemption provision's reach by a simple refashioning of their regulations." 180 F.4th 434, 448 (2d Cir. 2026). That was because "regulating on a building-wide scale simultaneously (and impermissibly) achieves the goal of regulating the performance of the individual appliances within that building." *Id.* at 447. Just so here for Regulation 28 and Energize Denver, which disguise their regulation of Covered Products through whole-building energy standards.

Similarly, the *Maryland* Court held that "at a minimum" EPCA's whole-building preemption waiver provisions for new construction indicated Congress intended to preempt "state or local building codes that set an 'objective' for 'energy consumption' or 'conservation' and do so in a way that mandates the installation of high-efficiency appliances." *Id.* at 637. And, Judge Friedland's dissent in *Berkeley* concluded that

[3] As stated in Plaintiffs' Objection, Plaintiffs disagree with the reasoning and outcomes of *Plumbers II*, *Maryland,* the *Berkeley* dissent, and the *District of Columbia* cases, and urge the Court to reject the Magistrate Judge's adoption of those opinions as correctly decided. ECF No. 113 at 8, n.4, 9-11.

Congress "contemplate[d] preempting building codes that set building-wide energy efficiency standards that can only be met through the use of hyper-efficient appliances." *Id.* That is precisely what Plaintiffs allege Regulation 28 and Energize Denver do: set whole-building energy standards in a way that mandates the removal of EPCA-compliant Covered Products and replacement with higher efficiency products.

## CONCLUSION

For the reasons set forth herein and in Plaintiffs' Objections, the Court should uphold the Magistrate Judge's Recommendation with the limited changes of: (1) allowing Plaintiffs' claims as to consumer products under Energize Denver to proceed as within the allowable statute of limitations; and (2) rejecting Defendants' and Intervenor-Defendants' contention that Plaintiffs have not alleged Regulation 28 and Energize Denver require replacement of EPCA-compliant Covered Products with Covered Products exceeding EPCA's minimum standards. Plaintiffs' FAC pleads plausible claims that Regulation 28 and Energize Denver are preempted by EPCA, and these claims should be decided on their merits.

Dated: September 18, 2026

GREENBERG TRAURIG, LLP

*/s/ Paul M. Seby*

Paul M. Seby
Matthew K. Tieslau
GREENBERG TRAURIG, LLP
1144 15th Street, Suite 3300
Denver, Colorado 80202
Phone Number: 303.572.6500
Fax Number: 303.572.6540
E-Mail: SebyP@gtlaw.com
Tieslaum@gtlaw.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th of September 2026, a copy of the foregoing was served upon all parties using the Court e-filing system.

*s/ Paul M. Seby*
Paul M. Seby