**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-01093-RMR

COLORADO APARTMENT ASSOCIATION; APARTMENT ASSOCIATION OF METRO DENVER; COLORADO HOTEL AND LODGING ASSOCIATION, INC.; AND NAIOP COLORADO CHAPTER;

*Plaintiffs,*

v.

JILL HUNSAKER RYAN, in her Official Capacity as the Executive Director of the Colorado Department of Public Health and Environment, MICHAEL OGLETREE, in his Official Capacity as the Director of the Colorado Air Pollution Control Division; AND WILL TOOR, in his Official Capacity as the Executive Director of the Colorado Energy Office; AND

THE CITY AND COUNTY OF DENVER; THE DENVER CITY COUNCIL; DENVER MAYOR MIKE JOHNSTON; THE DENVER OFFICE OF CLIMATE ACTION, SUSTAINABILITY, AND RESILIENCY; AND ELIZABETH BABCOCK, in her Official Capacity as the Executive Director of the Denver Office of Climate Action, Sustainability, and Resiliency,

*Defendants*; AND

COALITION FOR COMMUNITY SOLAR ACCESS, COLORADO SOLAR AND STORAGE ASSOCIATION, NATURAL RESOURCES DEFENSE COUNCIL AND SIERRA CLUB,

*Intervenor-Defendants*.

---

**INTERVENOR-DEFENDANTS' MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDATION**

---

Intervenor-Defendants respectfully move, pursuant to Federal Rule of Civil Procedure 7(b), D.C. COLO. LCivR 7.1, and the Court's inherent authority to manage its docket and briefing, for leave to file the attached Reply to Plaintiffs' Response to Defendants' and Intervenor-Defendants' Objections to the Magistrate Judge's Recommendation, ECF #119.

**Certificate of Conferral**

On September 25, 2026, Intervenor-Defendants conferred with counsel for the parties regarding this motion and the relief sought. Denver and the State Defendants do not oppose the motion. Plaintiffs oppose the motion, on the grounds that the issue of whether Regulation 28 and Energize Denver require the use of covered products exceeding federal standards was raised by Defendants in their Objections, and responded to by Plaintiffs in their Response.

**Request for Relief**

A reply in support of an Objection is permitted only with leave of Court and upon a showing of good cause. RMR Civ. Practice Standard 72.3(b). Such a reply is analogous to a sur-reply regarding a motion, in that the Federal Rules of Civil Procedure and the District of Colorado's Local Civil Rules do not address either type of filing, and both types of filing are permitted only on a showing of proper cause. *See In re Raykhelson*, 2026 U.S. Dist. LEXIS 166336, at *2 (D. Colo. No. 25-mc-00128-RMR, July 27, 2026). Accordingly, it is appropriate to apply the standard for permitting a sur-reply here.

Good cause to permit a sur-reply exists where the reply raises new arguments

because "the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply." *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005) (citing *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998)). Alternatively, a court may decline to rely on the new material in reaching its decision. *Id.* A party does not introduce new material by "point[ing] out the defects in" a previous filing, *id.*, but when a party "advances in a reply new reasons and evidence," the other party "should be granted an opportunity to respond." *Beaird*, 145 F.3d at 1164.

Here, leave to reply is warranted because Plaintiffs' Response makes new arguments to which Intervenor-Defendants have not previously had an opportunity to respond. The Response argues, for the first time, that the Amended Complaint alleges Regulation 28 and Energize Denver require replacement of EPCA covered products with appliances exceeding federal efficiency standards. ECF #119 at 3-5. *Cf. Ricketts v. USI Indus. Servs., Inc.*, 2021 U.S. Dist. LEXIS 218649, at *2 (W.D. Okla. No. CIV-19-01118, Oct. 15, 2021) (granting leave to file sur-reply where reply advanced an inaccurate and "newly-claimed 'fact' about evidence in this case"). Plaintiffs had multiple previous opportunities to make this argument, but they chose not to.

First, Plaintiffs did not object to the Recommendation's finding that the Amended Complaint "removed all allegations that, in order to comply with the subject regulations, [Plaintiffs' members] would need to replace their gas-powered appliances with appliances that *exceed* federal standards." ECF #106 at 8, 32 ("Plaintiffs expressly removed any allegation that Regulation 28 and Energize Denver require building

owners to make such replacements in their Amended Complaint."); *see* ECF #114.

Second, Plaintiffs did not argue that the Amended Complaint alleges any need to exceed federal energy conservation standards in their Response to Intervenor-Defendants' Motion to Dismiss. In that motion, Intervenor-Defendants stated "the Amended Complaint does not allege that Plaintiffs' members will need to install any equipment that exceeds applicable federal energy conservation standards." ECF #75 at 10. In their Response, Plaintiffs expressly declined to dispute this statement, and instead argued that "the new replacement equipment does not have to exceed EPCA standards to trigger preemption." ECF #83 at 13-14; *cf. Dodds v. U.S. Dep't of Educ.*, 845 F.3d 217, 220 (6th Cir. 2016) (granting leave to file sur-reply where reply alleged that the court "need not give deference to the district court's factual findings because it did not conduct an evidentiary hearing" but party filing reply had "concurred … that no evidentiary hearing was necessary").

Plaintiffs' new arguments do not respond to or "point out the defects in" the Defendants' Objections, *Green*, 420 F.3d at 1196, but instead "advance[] … new reasons" to which Intervenor-Defendants should be allowed to respond. *Beaird*, 145 F.3d at 1164. None of the Defendants' Objections originally raised the issue of whether Regulation 28 and Energize Denver require the use of covered products exceeding federal standards. Instead, all three Objections cited the Recommendation's finding (to which Plaintiffs had an opportunity to object) that Plaintiffs have alleged no such requirement, and used that previously-established finding as a premise in other arguments. ECF #111 at 3 (citing ECF #106 at 8-9, 32); ECF #112 at 7 (citing ECF

#106 at 8; ECF #62-1 (as cited in ECF #106 at 8)); ECF #113 at 7 (citing ECF #106 at 8). Intervenor-Defendants could not have anticipated that Plaintiffs would respond to a citation to this finding by advancing a novel interpretation of the Amended Complaint that Plaintiffs had expressly declined to pursue until now. Considering the new arguments without granting leave to reply would therefore “rob[] the [Intervenor-Defendants] of the opportunity to demonstrate that the record does not support [Plaintiffs’] factual assertions and to present an analysis of the pertinent legal precedent that may compel a contrary result.” *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000).

For the foregoing reasons, Intervenor-Defendants respectfully request that the Court either grant leave to file a reply to the arguments raised for the first time in Plaintiffs’ Response or, alternatively, decline to consider these new arguments.

Dated this 25th day of September, 2026

/s/ Jim Dennison
Jim Dennison
Staff Attorney
Sierra Club
1650 38th St # 103W
Boulder, CO 80301
(435) 232-5784
jim.dennison@sierraclub.org

Matthew Gerhart
Senior Attorney
Sierra Club
1536 Wynkoop St., Suite 200
Denver, CO 80202
(303) 454-3346
matt.gerhart@sierraclub.org

***ATTORNEYS FOR SIERRA CLUB AND NATURAL RESOURCES DEFENSE COUNCIL***

/s/ Michael Foote
Michael Foote
General Counsel
Colorado Solar and Storage Association
1536 Wynkoop St., Suite 104
Denver, CO 80202
(303) 519-2183
mfoote@cossa.co

***ATTORNEY FOR COLORADO SOLAR AND STORAGE ASSOCIATION AND COALITION FOR COMMUNITY SOLAR ACCESS***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of September, 2026, a true and correct copy of the foregoing **MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDATION** was served via the CM/ECF system upon all counsel of record in this matter.

/s/ *Maddie Lipscomb*
Maddie Lipscomb