**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-01093-RMR

COLORADO APARTMENT ASSOCIATION; APARTMENT ASSOCIATION OF METRO DENVER; COLORADO HOTEL AND LODGING ASSOCIATION, INC.; AND NAIOP COLORADO CHAPTER;

*Plaintiffs,*

v.

JILL HUNSAKER RYAN, in her Official Capacity as the Executive Director of the Colorado Department of Public Health and Environment, MICHAEL OGLETREE, in his Official Capacity as the Director of the Colorado Air Pollution Control Division; AND WILL TOOR, in his Official Capacity as the Executive Director of the Colorado Energy Office; AND

THE CITY AND COUNTY OF DENVER; THE DENVER CITY COUNCIL; DENVER MAYOR MIKE JOHNSTON; THE DENVER OFFICE OF CLIMATE ACTION, SUSTAINABILITY, AND RESILIENCY; AND ELIZABETH BABCOCK, in her Official Capacity as the Executive Director of the Denver Office of Climate Action, Sustainability, and Resiliency,

*Defendants*; AND

COALITION FOR COMMUNITY SOLAR ACCESS, COLORADO SOLAR AND STORAGE ASSOCIATION, NATURAL RESOURCES DEFENSE COUNCIL AND SIERRA CLUB,

*Intervenor-Defendants*.

---

**INTERVENOR-DEFENDANTS' PROPOSED REPLY IN SUPPORT OF OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDATION**

---

Unable to advance a viable legal theory under which they have plausibly alleged EPCA preempts Regulation 28 and Energize Denver, Plaintiffs attempt an about-face from the Amended Complaint's allegations in their Response to Defendants' and Intervenor-Defendants' Objections, ECF #119. The new arguments in Plaintiffs' Response—that Regulation 28 and Energize Denver require the use of covered products exceeding federal standards—are long-since waived, as well as inconsistent with the Amended Complaint and the way EPCA's energy conservation standards work. The Court should decline to consider these arguments or reject them on their merits.

Plaintiffs' Response asserts, for the first time, that the Amended Complaint alleges Regulation 28 and Energize Denver require replacement of EPCA covered products with appliances exceeding federal efficiency standards. ECF #119 at 3-5 (characterizing Defendants' and Intervenor-Defendants' statements that Plaintiffs "do not allege that Regulation 28 requires the replacement of Covered Products with appliances exceeding EPCA efficiency standards" as "incorrect[]").

Plaintiffs did not previously object to the Recommendation's contrary (and correct) finding that the Amended Complaint "removed all allegations that, in order to comply with the subject regulations, [Plaintiffs' members] would need to replace their gas-powered appliances with appliances that *exceed* federal standards." ECF #106 at 8 (citing Redlined Proposed Am. Compl., ECF #62-1, at 156, 159, 176-78, 185-87, 188, 194-95, 197, 199, 201-02, 208, 214, 220, 222); *see also id.* at 32 ("Plaintiffs expressly removed any allegation that Regulation 28 and Energize Denver require building owners to make such replacements in their Amended Complaint."); *see* ECF #114.

Nor did Plaintiffs argue that the Amended Complaint alleges any need to exceed federal energy conservation standards in their Response to Intervenor-Defendants' Motion to Dismiss. In that motion, Intervenor-Defendants stated "the Amended Complaint does not allege that Plaintiffs' members will need to install any equipment that exceeds applicable federal energy conservation standards." ECF #75 at 10. In their Response, Plaintiffs did not dispute this statement, instead arguing that "the new replacement equipment does not have to exceed EPCA standards to trigger preemption." ECF #83 at 13-14.

Plaintiffs have thus waived any argument that the Amended Complaint alleges a need to exceed federal standards. *Cole v. New Mexico*, 58 F. App'x 825, 829 (10th Cir. 2003) (unpublished) (holding that by "failing to raise [an] issue in his initial response to the respondent's motion to dismiss," a plaintiff "has waived the argument"); *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court …."). Moreover, the Amended Complaint belies Plaintiffs' argument. The original Complaint included 34 allegations that Regulation 28 and Energize Denver effectively require the use of "Covered Products that exceed federal DOE standards." ECF #62-1 at 156, 159, 163, 176-78, 180, 184-86, 188, 194, 197, 199, 201-02, 205-06, 208-09, 213-14, 217, 220, 222, 224-25. The Amended Complaint deleted all 34 of these allegations. *Id.*

Plaintiffs suggest that *any* need to replace existing covered products amounts to a need to exceed federal standards. ECF #119 at 3-4 ("Forced removal of those

compliant products to meet the efficiency standards of Regulation 28 and Energize Denver requires that the replacement products exceed EPCA's efficiency standards."). Like Plaintiffs' general argument that they have alleged a need to exceed federal standards, this argument was not raised until Plaintiffs' Response and is therefore waived. *Cole*, 58 F. App'x at 829; *One Parcel of Real Prop.*, 73 F.3d at 1060.

Additionally, this argument mischaracterizes how federal energy conservation standards work. While federal standards can and do become more stringent over time, *see* 42 U.S.C. § 6295(m)(1) (directing DOE to determine whether federal standards should be strengthened every six years), they apply at the time when a covered product is manufactured. Thus, while a covered product manufactured in 2026 may be designed to achieve a higher energy efficiency than a covered product manufactured in 2016, as required by current standards, it makes no sense to say that the 2026 product exceeds the 2016 standards—they simply do not apply.

For example, federal standards require residential gas steam boilers manufactured between September 1, 2012, and January 15, 2021, to achieve an AFUE of 80%, but they require such boilers manufactured after January 15, 2021, to achieve an AFUE of 82%. 10 C.F.R. 430.32(e)(2)(ii)-(iii). Suppose a building owner is required in 2026 to replace an existing boiler that was installed in 2016. Whether this requires the use of equipment exceeding federal standards depends on whether the new equipment must exceed the standards in effect in 2026, not on whether the existing equipment complied with then-applicable federal standards when it was manufactured in 2016. Thus, while a regulation that requires removal of existing covered products may lead to

replacing them with "higher efficiency … Covered Products" that are manufactured to meet the stronger federal standards that are now in effect, ECF #68 at ¶ 84, this does not mean that any covered product must exceed the applicable federal standards.

A building regulation could conceivably require existing covered products to exceed federal standards if it used the energy efficiency that those products were designed and manufactured to achieve "as a mechanism for regulating." *Ass'n of Contracting Plumbers of City of New York, Inc. v. City of New York*, 180 F.4th 434, 447 n.12 (2d Cir. 2026). But that is not what Regulation 28 and Energize Denver do. Plaintiffs have not alleged that these regulations require their members to replace existing covered products because those products failed to exceed the federal energy conservation standards in force when the products were manufactured (a scheme that would certainly be preempted). Instead, Plaintiffs have alleged that the effective need to replace existing covered products arises from the need to comply with energy use intensity targets, which are calculated on the basis of buildings' day-to-day energy consumption—not on the basis of the EPCA-defined "energy use" that the covered products in those buildings were originally designed to achieve. ECF #111 at 2-3. And Plaintiffs have not alleged any direct or indirect requirement that the replacement products exceed current federal standards, ECF #106 at 8, 32, which is the kind of regulation Congress intended to preempt in EPCA. ECF #111 at 3, 5-7, 9.

For the foregoing reasons, Intervenor-Defendants respectfully urge the Court to decline to consider the new arguments in Plaintiffs Response or, alternatively, reject these arguments on their merits.

Dated this 25th day of September, 2026

/s/ Jim Dennison
Jim Dennison
Staff Attorney
Sierra Club
1650 38th St # 103W
Boulder, CO 80301
(435) 232-5784
jim.dennison@sierraclub.org

Matthew Gerhart
Senior Attorney
Sierra Club
1536 Wynkoop St., Suite 200
Denver, CO 80202
(303) 454-3346
matt.gerhart@sierraclub.org

***ATTORNEYS FOR SIERRA CLUB AND NATURAL RESOURCES DEFENSE COUNCIL***

/s/ Michael Foote
Michael Foote
General Counsel
Colorado Solar and Storage Association
1536 Wynkoop St., Suite 104
Denver, CO 80202
(303) 519-2183
mfoote@cossa.co

***ATTORNEY FOR COLORADO SOLAR AND STORAGE ASSOCIATION AND COALITION FOR COMMUNITY SOLAR ACCESS***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of September, 2026, a true and correct copy of the foregoing **PROPOSED REPLY IN SUPPORT OF OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDATION** was served via the CM/ECF system upon all counsel of record in this matter.

/s/ *Maddie Lipscomb*
Maddie Lipscomb