IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01093-RMR-KAS

COLORADO APARTMENT ASSOCIATION; APARTMENT ASSOCIATION OF METRO DENVER; COLORADO HOTEL AND LODGING ASSOCIATION, INC.; AND NAIOP COLORADO CHAPTER;

Plaintiffs,

v.

JILL HUNSAKER RYAN, in her Official Capacity as the Executive Director of the Colorado Department of Public Health and Environment, MICHAEL OGLETREE, in his Official Capacity as the Director of the Colorado Air Pollution Control Division; AND WILL TOOR, in his Official Capacity as the Executive Director of the Colorado Energy Office; AND

THE CITY AND COUNTY OF DENVER; THE DENVER CITY COUNCIL; DENVER MAYOR MICHAEL JOHNSTON; THE DENVER OFFICE OF CLIMATE ACTION, SUSTAINABILITY, AND RESILIENCY; AND ELIZABETH BABCOCK, in her Official Capacity as the Executive Director of the Denver Office of Climate Action, Sustainability, and Resiliency;

Defendants,

And

THE COALITION FOR COMMUNITY SOLAR ACCESS, COLORADO SOLAR AND STORAGE ASSOCIATION, NATURAL RESOURCES DEFENSE COUNCIL, AND SIERRA CLUB,

Intervenor-Defendants.

---

**DENVER DEFENDANTS' RESPONSE TO THE UNITED STATES' STATEMENT OF INTEREST**

---

Defendants the City and County of Denver; the Denver City Council; Denver Mayor Michael Johnston; the Denver Office of Climate Action, Sustainability, and Resiliency; and Elizabeth Babcock, in her Official Capacity as the Executive Director of

the Denver Office of Climate Action, Sustainability, and Resiliency (collectively, “Denver”), respectfully submit this Response to the Statement of Interest of the United States, ECF #115 (the “Statement of Interest” or “SOI”), and state as follows.

## I. RESPONSE

### A. The United States’ Statement of Interest Rests on a Mistaken Reading of Plaintiffs’ Complaint

In its Statement of Interest, the United States defends the Recommendation’s conclusion that Energize Denver has an impermissible “connection to” EPCA. See ECF #115 at 3. The United States argues that the EPCA preemption building code exception, 42 U.S.C. § 6297(f)(3), evinces Congress’s intent that section 6297(c) preempt programs like Energize Denver. See ECF #115 at 4–5. As explained in Denver’s Objection to the Magistrate Judge’s Recommendation, Denver agrees that the building code exception may be probative of Congress’s preemptive intent. See ECF #112 at 4–9. But in arguing that Energize Denver falls within the scope of programs Congress intended to preempt, the United States mischaracterizes Plaintiffs’ allegations.

The building code exception shows Congress’s intent, the United States argues, to preempt any state and local regulations that “effectively requires the use of products that *exceed* federal energy use or energy efficiency standards.” ECF #115 at 5 (emphasis added). The United States contends that “Plaintiffs have plausibly alleged” that Energize Denver is such a program. *Id.* But Plaintiffs have done no such thing. Rather, Plaintiffs amended their complaint to specifically excise any such allegations. *See* ECF #112 at 7; ECF #106 at 8; ECF# 62-1 at 156, 159, 176–178, 185–187, 188, 194–195, 197, 199, 201–202, 208, 214, 220, 222. Instead, Plaintiffs allege that they

*may* need to replace some covered products with other covered products. *See, e.g.*, ECF #68 ¶¶ 56, 65. So, even if the United States were right in its interpretation of the building code exception, the facts alleged here take Energize Denver *out* of Congress's intended preemptive sweep.

**B. Energize Denver Does Not "Refer to" Energy Use**

The United States also objects to the Recommendation's conclusion, based on the text of section 6297, that Energize Denver does not "refer to Covered Products' energy use or energy efficiency." ECF #106 at 28. The Recommendation is correct. The United States altogether ignores the several decisions since *California Rest. Ass'n v. City of Berkeley*, 89 F.4th 1094 (9th Cir. 2024), including the Second Circuit's decision in *Ass'n of Contracting Plumbers of the City of New York, Inc. v. City of New York*, 180 F.4th 434 (2d Cir. 2026) ("*Plumbers II*"). The United States also does not address Judge Friedland's dissent from denial of rehearing en banc in *Berkeley*, 89 F.4th at 1120, which also rejected the United States' interpretation. The Recommendation thoroughly explained why those decisions have the better of the interpretive divide. *See* ECF ##106; 116.

## II. CONCLUSION

For the foregoing reasons, the United States' Statement of Interest does not undermine Denver's Objection to the Magistrate Judge's Recommendation, ECF No. 112. Denver respectfully requests that the Court sustain Denver's Objection and grant Denver's motion to dismiss in full.

Respectfully submitted this 28th day of September, 2026.

By: _s/ Michele A. Horn_
Michele A. Horn
Assistant City Attorney
City and County of Denver
201 West Colfax Avenue, Dept. 1207
Denver, CO 80202-5332
(720) 913-3275
michele.horn@denvergov.org

_s/ Gabriel J. Daly_
Gabriel J. Daly
Sam Walsh
Roselle LLP
300 New Jersey Ave, NW, Suite 300
Washington, DC 20001
(617) 817-4105
gabe.daly@rosellellp.com

*Attorneys for Defendants the City and County of Denver, Denver City Council; Denver Mayor Michael Johnston; Denver Office of Climate Action, Sustainability, and Resiliency; and Elizabeth Babcock, in her Official Capacity as the Executive Director of the Denver Office of Climate Action, Sustainability, and Resiliency*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of September 2026, a true and correct copy of the foregoing DENVER DEFENDANTS' RESPONSE TO THE UNITED STATES' STATEMENT OF INTEREST was served via the CM/ECF system upon all counsel of record in this matter.

*s/ Shannon Egan*
Shannon Egan, Paralegal
Denver City Attorney's Office