**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-CV-01093-RMR-KAS

COLORADO APARTMENT ASSOCIATION; APARTMENT ASSOCIATION OF METRO DENVER; COLORADO HOTEL AND LODGING ASSOCIATION, INC.; AND NAIOP COLORADO CHAPTER;

*Plaintiffs*,

v.

JILL HUNSAKER RYAN, in her Official Capacity as the Executive Director of the Colorado Department of Public Health and Environment, MICHAEL OGLETREE, in his Official Capacity as the Director of the Colorado Air Pollution Control Division; AND WILL TOOR, in his Official Capacity as the Executive Director of the Colorado Energy Office;

AND

THE CITY AND COUNTY OF DENVER; THE DENVER CITY COUNCIL; DENVER MAYOR MIKE JOHNSTON; THE DENVER OFFICE OF CLIMATE ACTION, SUSTAINABILITY, AND RESILIENCY; AND ELIZABETH BABCOCK, in her Official Capacity as the Executive Director of the Denver Office of Climate Action, Sustainability, and Resiliency.

*Defendants*,

AND

THE COALITION FOR COMMUNITY SOLAR ACCESS, COLORADO SOLAR AND STORAGE ASSOCIATION, NATURAL RESOURCES DEFENSE COUNCIL, AND SIERRA CLUB.

*Intervenor-Defendants.*

---

**STATE DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

---

Defendants Jill Hunsaker Ryan, the Executive Director of the Colorado Department of Public Health and Environment; Michael Ogletree, the Director of the Colorado Air Pollution Control Division; and Will Toor, the Executive Director of the Colorado Energy Office, all in their official capacities (collectively the "State Defendants"), hereby Answer the First Amended Complaint of Plaintiffs Colorado Apartment Association, Apartment Association of Metro Denver, Colorado Hotel and Lodging Association, Inc., and NAIOP, Colorado Chapter ("Plaintiffs") as follows:

## GENERAL DENIAL

State Defendants deny each and every allegation in the First Amended Complaint, including allegations in headings, footnotes, and the prayer for relief, that is not specifically admitted below.

## INTRODUCTION[1]

1. Paragraph 1 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations.

2. The first sentence of Paragraph 2 characterizes Regulation 28 and the Energize Denver Regulations. Regulation 28 speaks for itself. State Defendants deny the allegations in the first sentence of Paragraph 2 to the extent they are inconsistent with Regulation 28. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Energize Denver Regulations and therefore deny the same. The second and third sentences of Paragraph 2 characterize

[1] State Defendants use Plaintiffs' paragraph numbers and section headings for ease of reference only. State Defendants deny any factual allegations and legal arguments asserted within Plaintiffs' section headings.

the Energy Policy and Conservation Act ("EPCA"). EPCA speaks for itself. State Defendants deny the allegations in the second and third sentences of Paragraph 2 to the extent they are inconsistent with EPCA. As to the fourth sentence of Paragraph 2, State Defendants admit that Plaintiffs have brought this action seeking to have Regulation 28 declared unlawful.

3. Paragraph 3 characterizes Regulation 28. Regulation 28 speaks for itself. State Defendants deny the allegations in Paragraph 3 to the extent they are inconsistent with Regulation 28.

4. Paragraph 4 characterizes the Energize Denver Regulations. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Energize Denver Regulations and therefore deny the same.

5. The first sentence of Paragraph 5 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations in the first sentence of Paragraph 5. The second and third sentences of Paragraph 5 characterize EPCA. EPCA speaks for itself. State Defendants deny the allegations in the second and third sentences of Paragraph 5 to the extent they are inconsistent with EPCA. As to the fourth sentence of Paragraph 5, State Defendants admit Plaintiffs purport to use the term "Covered Product" to refer to all products and equipment regulate by EPCA.

6. Paragraph 6 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations as to Regulation 28. State Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations regarding the Energize Denver Regulations and therefore deny the same.

7. Paragraph 7 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations as to Regulation 28. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Energize Denver Regulations and therefore deny the same.

8. Paragraph 8 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations as to Regulation 28. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Energize Denver Regulations and therefore deny the same.

9. Paragraph 9 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations.

10. Paragraph 10 characterizes EPCA. EPCA speaks for itself. State Defendants deny the allegations of Paragraph 10 to the extent they are inconsistent with EPCA.

11. Paragraph 11 characterizes EPCA. EPCA speaks for itself. State Defendants deny the allegations of Paragraph 10 to the extent they are inconsistent with EPCA.

12. Paragraph 12 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations.

13. Paragraph 13 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations as to Regulation 28. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Energize Denver Regulations and therefore deny the same.

14. Paragraph 14 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations as to Regulation 28. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Energize Denver Regulations and therefore deny the same.

15. Paragraph 15 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations as to Regulation 28. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the Energize Denver Regulations and therefore deny the same.

## JURISDICTION

16. Paragraph 16 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants admit that the Court has determined that it has subject-matter jurisdiction (ECF No. 122 at 9), and that 42 U.S.C. § 6306(c), made applicable to commercial and industrial equipment by 42 U.S.C. § 6316(a)–(b), vests the federal district courts with jurisdiction over actions brought by any adversely affected person to determine whether a State or local government is

complying with EPCA's requirements. State Defendants deny that 28 U.S.C. § 1343 or 42 U.S.C. §§ 1983 or 1988 provide a basis for jurisdiction or relief, because the First Amended Complaint pleads no claim under 42 U.S.C. § 1983. State Defendants preserve their position that Plaintiffs lack Article III standing and that their claims are not ripe, and denies the remaining allegations of paragraph 16.

**VENUE**

17. State Defendants admit that venue is proper in this Court as it pertains to their challenges to Regulation 28.

**PARTIES**

18. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and therefore deny the same.

19. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and therefore deny the same.

20. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and therefore deny the same.

21. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and therefore deny the same.

22. State Defendants admit the allegations in the first two sentences of Paragraph 22. State Defendants admit that the Colorado Air Pollution Control Division implements Regulation 28;that the Colorado Air Pollution Control Division is a Division of CDPHE; and that the Colorado Air Pollution Control Division is under the direction and supervision of the Executive Director of CDPHE. State Defendants deny the remainder of the third sentence of Paragraph 22.

23. State Defendants admit that Michael Ogletree was the Director of the Colorado Air Pollution Control Division from December 2021 through February 2025, and that he has been the Senior Director of State Air Quality Programs from March 2025 to present. State Defendants further admit that the Colorado Air Pollution Control Division is a Division of CDPHE. The remainder of Paragraph 23 contains legal assertions to which no responsive pleading is required. To the extent a response is required, State Defendants deny the allegations.

24. State Defendants admit that Will Toor is the Executive Director of the Colorado Energy Office. The remainder of Paragraph 24 contains legal assertions to which no responsive pleading is required. To the extent a response is required, State Defendants deny the allegations.

25. Paragraph 25 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations.

26. Paragraph 26 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants lack knowledge or

information sufficient to form a belief as to the truth of the allegations and therefore deny the same.

27. Paragraph 27 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.

28. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and therefore deny the same.

29. Paragraph 29 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.

30. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and therefore deny the same.

**STANDING**

31. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 and therefore deny the same.

32. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and therefore deny the same.

33. Paragraph 33 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and therefore deny the same.

34. Paragraph 34 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and therefore deny the same.

35. Paragraph 35 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and therefore deny the same.

36. State Defendants admit that the benchmarking standards set forth in Regulation 28 have already required Plaintiffs' members to submit benchmarking reports to the State of Colorado for certain existing buildings. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 36 and therefore deny the same

37. Paragraph 37 sets forth a legal conclusion to which no response is required. To the extent a response is required, State Defendants lack knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and therefore deny the same.

## THE CHALLENGED REGULATIONS

### I. COLORADO HOUSE BILL 21-1286

38. Paragraph 38 characterizes Colorado House Bill 21-1286. Colorado House Bill 21-1286 speaks for itself. State Defendants deny the allegations of Paragraph 38 to the extent they are inconsistent with Colorado House Bill 21-1286.

39. Paragraph 39 characterizes Colorado House Bill 21-1286. Colorado House Bill 21-1286 speaks for itself. State Defendants deny the allegations of Paragraph 39 to the extent they are inconsistent with Colorado House Bill 21-1286.

40. Paragraph 40 characterizes Colorado House Bill 21-1286. Colorado House Bill 21-1286 speaks for itself. State Defendants deny the allegations of Paragraph 40 to the extent they are inconsistent with Colorado House Bill 21-1286.

41. Paragraph 41 characterizes Colorado House Bill 21-1286. Colorado House Bill 21-1286 speaks for itself. State Defendants deny the allegations of Paragraph 41 to the extent they are inconsistent with Colorado House Bill 21-1286.

### II. COLORADO REGULATION 28

42. State Defendants admit Regulation 28 was originally adopted by the Commission on August 17, 2023. The remainder of Paragraph 42 characterizes Regulation 28. Regulation 28 speaks for itself. State Defendants deny the allegations of Paragraph 42 to the extent they are inconsistent with Regulation 28.

43. Paragraph 43 characterizes Regulation 28. Regulation 28 speaks for itself. State Defendants deny the allegations of Paragraph 43 to the extent they are inconsistent with Regulation 28.

44. Paragraph 44 characterizes Regulation 28. Regulation 28 speaks for itself. State Defendants deny the allegations of Paragraph 44 to the extent they are inconsistent with Regulation 28.

45. Paragraph 45 characterizes Regulation 28. Regulation 28 speaks for itself. State Defendants deny the allegations of Paragraph 45 to the extent they are inconsistent with Regulation 28.

46. Paragraph 46 characterizes Regulation 28. Regulation 28 speaks for itself. State Defendants deny the allegations of Paragraph 46 to the extent they are inconsistent with Regulation 28.

47. Paragraph 47 characterizes Regulation 28. Regulation 28 speaks for itself. State Defendants deny the allegations of Paragraph 47 to the extent they are inconsistent with Regulation 28.

48. Paragraph 48 characterizes Regulation 28. Regulation 28 speaks for itself. State Defendants deny the allegations of Paragraph 48 to the extent they are inconsistent with Regulation 28.

49. State Defendants deny the allegations in Paragraph 49.

50. State Defendants deny the allegations in Paragraph 50.

51. Paragraph 51 characterizes Regulation 28. Regulation 28 speaks for itself. State Defendants deny the allegations of Paragraph 51 to the extent they are inconsistent with Regulation 28.

52. Paragraph 52 characterizes Regulation 28. Regulation 28 speaks for itself. State Defendants deny the allegations of Paragraph 52 to the extent they are inconsistent with Regulation 28.

53. Paragraph 53 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations.

54. State Defendants deny the allegations in Paragraph 54.

55. State Defendants deny the allegations in Paragraph 55.

56. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 56 and therefore deny the same. State Defendants deny the allegations in the remainder of Paragraph 56

57. State Defendants deny the allegations in Paragraph 57.

58. State Defendants deny the allegations in paragraph 58.

59. Paragraph 59 characterizes Regulation 28. Regulation 28 speaks for itself. State Defendants deny the allegations of Paragraph 59 to the extent they are inconsistent with Regulation 28.

60. Paragraph 60 characterizes Regulation 28. Regulation 28 speaks for itself. State Defendants deny the allegations of Paragraph 60 to the extent they are inconsistent with Regulation 28.

61. Paragraph 61 characterizes Regulation 28. Regulation 28 speaks for itself. State Defendants deny the allegations of Paragraph 61 to the extent they are inconsistent with Regulation 28.

62. Paragraph 62 characterizes Regulation 28. Regulation 28 speaks for itself. State Defendants deny the allegations of Paragraph 62 to the extent they are inconsistent with Regulation 28.

63. The first sentence of Paragraph 63 characterizes Regulation 28. Regulation 28 speaks for itself. State Defendants deny the allegations of the first sentence of Paragraph 63 to the extent they are inconsistent with Regulation 28. State Defendants deny the remainder of the allegations in Paragraph 63.

64. Paragraph 64 characterizes Regulation 28. Regulation 28 speaks for itself. State Defendants deny the allegations of Paragraph 64 to the extent they are inconsistent with Regulation 28.

65. State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and therefore deny the same.

66. Paragraph 66 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations.

**III. COLORADO HOUSE BILL 25-1269**

67. State Defendants admit the allegations in Paragraph 67.

68. Paragraph 68 characterizes Colorado House Bill 25-1269. Colorado House Bill 25-1269 speaks for itself. State Defendants deny the allegations of Paragraph 68 to the extent they are inconsistent with Colorado House Bill 25-1269.

69. Paragraph 69 characterizes Colorado House Bill 25-1269. Colorado House Bill 25-1269 speaks for itself. State Defendants deny the allegations of Paragraph 69 to the extent they are inconsistent with Colorado House Bill 25-1269.

70. Paragraph 70 characterizes Colorado House Bill 25-1269. Colorado House Bill 25-1269 speaks for itself. State Defendants deny the allegations of Paragraph 70 to the extent they are inconsistent with Colorado House Bill 25-1269.

71. Paragraph 71 characterizes Colorado House Bill 25-1269. Colorado House Bill 25-1269 speaks for itself. State Defendants deny the allegations of Paragraph 71 to the extent they are inconsistent with Colorado House Bill 25-1269.

72. Paragraph 72 characterizes Colorado House Bill 25-1269. Colorado House Bill 25-1269 speaks for itself. State Defendants deny the allegations of Paragraph 72 to the extent they are inconsistent with Colorado House Bill 25-1269.

73. Paragraph 73 characterizes Colorado House Bill 25-1269. Colorado House Bill 25-1269 speaks for itself. State Defendants deny the allegations of Paragraph 73 to the extent they are inconsistent with Colorado House Bill 25-1269.

74. Paragraph 74 characterizes Colorado House Bill 25-1269. Colorado House Bill 25-1269 speaks for itself. State Defendants deny the allegations of Paragraph 74 to the extent they are inconsistent with Colorado House Bill 25-1269.

**IV. THE ENERGIZE DENVER ORDINANCE**

75. Paragraph 75 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants lack knowledge or

information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

76. Paragraph 76 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

77. Paragraph 77 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

78. Paragraph 78 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

## V. THE ENERGIZE DENVER REGULATIONS

79. Paragraph 79 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

80. Paragraph 80 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants lack knowledge or

information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

81. Paragraph 81 sets forth legal conclusions to which no response is required. To the extent the conclusions pertain to Regulation 28 and a response is required, State Defendants deny the allegations. To the extent the conclusions pertain to Energize Denver, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

82. Paragraph 82 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

83. To the extent the allegations in Paragraph 83 pertain to Regulation 28, State Defendants deny the same. To the extent the allegations in Paragraph 83 pertain to Energize Denver, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

84. To the extent the allegations in Paragraph 84 pertain to Regulation 28, State Defendants deny the same. To the extent the allegations in Paragraph 84 pertain to Energize Denver, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

85. Paragraph 85 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants lack knowledge or

information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

86. Paragraph 86 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

87. Paragraph 87 contains mixed assertions of fact and law. To the extent Paragraph 87 sets forth legal conclusions, no response is required. To the extent Paragraph 87 makes factual assertions, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

88. Paragraph 88 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

89. Paragraph 89 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

90. Paragraph 90 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants lack knowledge or

information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

91. Paragraph 91 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

92. Paragraph 92 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

93. Paragraph 93 contains mixed assertions of fact and law. To the extent Paragraph 93 sets forth legal conclusions, no response is required. To the extent Paragraph 93 makes factual assertions, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

94. Paragraph 94 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

## FEDERAL LAW GOVERNING STATE AND LOCAL ENERGY REGULATIONS

### I. THE ENERGY POLICY AND CONSERVATION ACT

95. Paragraph 95 characterizes EPCA. EPCA speaks for itself. State Defendants deny the allegations of Paragraph 95 to the extent they are inconsistent with EPCA.

96. Paragraph 96 characterizes EPCA. EPCA speaks for itself. State Defendants deny the allegations of Paragraph 96 to the extent they are inconsistent with EPCA.

97. Paragraph 97 characterizes EPCA. EPCA speaks for itself. State Defendants deny the allegations of Paragraph 97 to the extent they are inconsistent with EPCA.

98. Paragraph 98 characterizes EPCA. EPCA speaks for itself. State Defendants deny the allegations of Paragraph 98 to the extent they are inconsistent with EPCA.

99. Paragraph 99 characterizes EPCA. EPCA speaks for itself. State Defendants deny the allegations of Paragraph 99 to the extent they are inconsistent with EPCA.

100. Paragraph 100 characterizes EPCA. EPCA speaks for itself. State Defendants deny the allegations of Paragraph 100 to the extent they are inconsistent with EPCA.

101. Paragraph 101 characterizes EPCA. EPCA speaks for itself. State Defendants deny the allegations of Paragraph 101 to the extent they are inconsistent with EPCA.

102. Paragraph 102 characterizes EPCA. EPCA speaks for itself. To the extent a response is required, State Defendants deny the allegations of Paragraph 102.

**A. Limited Exceptions to Preemption for Federal Energy Efficiency and Energy Use Standards for Consumer Covered Products.**

103. Paragraph 103 characterizes EPCA. EPCA speaks for itself. State Defendants deny the allegations of Paragraph 103 to the extent they are inconsistent with EPCA.

104. State Defendants admit they have not applied for or obtained any waivers related to Regulation 28. State Defendants deny that any waiver is required for Regulation 28. Concerning any and all other Defendants, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

105. Paragraph 105 characterizes EPCA. EPCA speaks for itself. State Defendants deny the allegations of Paragraph 105 to the extent they are inconsistent with EPCA.

106. State Defendants admit that building owners undertaking new construction have significant opportunities to construct building envelopes and incorporate systems that can be highly efficient and reduce associated greenhouse gas emissions. State Defendants deny the remainder of the allegations in Paragraph 106. To the extent that Plaintiffs claim that opportunities to significantly reduce associated greenhouse gas

emissions in all existing buildings or that over the long term cannot benefit the owner or the occupants, State Defendants specifically deny these allegations.

107. Paragraph 107 sets forth legal conclusions to which no response is required. To the extent the legal conclusions pertain to Regulation 28, State Defendants deny the same. To the extent the legal conclusions pertain to Energize Denver, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

**B. Limited Exemptions to Preemption for Federal Energy Efficiency and Energy Use Standards Governing Commercial Covered Products.**

108. Paragraph 108 characterizes EPCA. EPCA speaks for itself. State Defendants deny the allegations of Paragraph 108 to the extent they are inconsistent with EPCA.

109. Paragraph 109 characterizes EPCA. EPCA speaks for itself. State Defendants deny the allegations of Paragraph 109 to the extent they are inconsistent with EPCA.

110. State Defendants admit they have not applied for or obtained any waivers related to Regulation 28. State Defendants deny that any waiver is required for Regulation 28. Concerning any and all other Defendants, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

111. The first sentence of Paragraph 111 characterizes EPCA. EPCA speaks for itself. State Defendants deny the allegations in the first sentence of Paragraph 111 to the extent they are inconsistent with EPCA. The second sentence of Paragraph 111

sets forth legal conclusions to which no response is required. To the extent the legal conclusions pertain to Regulation 28, State Defendants deny the same. To the extent the legal conclusions pertain to Energize Denver, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

112. Paragraph 112 characterizes EPCA. EPCA speaks for itself. State Defendants deny the allegations of Paragraph 112 to the extent they are inconsistent with EPCA.

113. State Defendants admit that Regulation 28 applies to existing Covered Buildings, as that term is defined in the Complaint and Regulation 28. The remainder of Paragraph 113 sets forth legal conclusions to which no response is required. To the extent the legal conclusions pertain to Regulation 28, State Defendants deny the same. To the extent the legal conclusions pertain to Energize Denver, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

## ALLEGATIONS

### I. COLORADO REGULATION 28 AND ENERGIZE DENVER REGULATE COVERED PRODUCTS PREEMPTED BY EPCA

114. Paragraph 114 sets forth legal conclusions to which no response is required. To the extent the legal conclusions pertain to Regulation 28, State Defendants deny the same. To the extent the legal conclusions pertain to Energize Denver, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

115. The first sentence of Paragraph 115 characterizes Regulation 28, Energize Denver, and the City of Berkeley, California's building code. Regulation 28 speaks for itself. State Defendants deny the allegations in the first sentence of Paragraph 115 to the extent they are inconsistent with Regulation 28. State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations regarding Energize Denver and the City of Berkeley, California's building code, and therefore deny the same. The remainder of Paragraph 115 characterizes the panel and en banc Ninth Circuit Court of Appeals' holdings in *California Restaurant Association v. City of Berkeley*, 65 F. 4th 1045 (9th Cir. 2023) and 89 F.4th 1094 (9th Cir. Jan. 2, 2024). Those court decisions speak for themselves. State Defendants deny the allegations to the extent they are inconsistent with those court decisions.

116. Paragraph 116 characterizes the en banc Ninth Circuit Court of Appeals' holding in *California Restaurant Association v. City of Berkeley*, 89 F.4th 1094 (9th Cir. Jan. 2, 2024). That court decision speaks for itself. State Defendants deny the allegations to the extent they are inconsistent with that court's decisions. Footnote 7 characterizes the court's holding in *Ass'n of Contracting Plumbers of City of New York, Inc. v. City of New York*, 2025 WL 843619 (S.D.N.Y. Mar. 18, 2025). State Defendants state that the decision was affirmed, 180 F.4th 434 (2d Cir. 2026). That court decision speaks for itself. State Defendants deny the allegations to the extent they are inconsistent with that court's decisions

117. Paragraph 117 sets forth legal conclusions to which no response is required. To the extent the legal conclusions pertain to Regulation 28, State Defendants

deny the same. To the extent the legal conclusions pertain to Energize Denver, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same. The second sentence of Paragraph 117 also contains a characterization of EPCA. EPCA speaks for itself. State Defendants deny the allegations to the extent they are inconsistent with EPCA.

118. Paragraph 118 sets forth legal conclusions to which no response is required. To the extent the legal conclusions pertain to Regulation 28, State Defendants deny the same. To the extent the legal conclusions pertain to Energize Denver, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

119. Paragraph 119 sets forth legal conclusions to which no response is required. To the extent the legal conclusions pertain to Regulation 28, State Defendants deny the same. To the extent the legal conclusions pertain to Energize Denver, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

120. Paragraph 120 sets forth legal conclusions to which no response is required. To the extent the legal conclusions pertain to Regulation 28, State Defendants deny the same. To the extent the legal conclusions pertain to Energize Denver, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

121. State Defendants admit they have not obtained any waivers concerning Regulation 28. State Defendants deny that any waiver is required for Regulation 28.

Concerning the remainder of the allegations in Paragraph 121, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

122. Paragraph 122 sets forth legal conclusions to which no response is required. To the extent the legal conclusions pertain to Regulation 28, State Defendants deny the same. To the extent the legal conclusions pertain to Energize Denver, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

## II. COLORADO REGULATION 28 MANDATES ENERGY EFFICIENCY STANDARDS FOR COVERED PRODUCTS AND IS PREEMPTED BY EPCA.

123. Paragraph 123 characterizes Regulation 28. Regulation 28= speaks for itself. State Defendants deny the allegations of Paragraph 123 to the extent they are inconsistent with Regulation 28.

124. Paragraph 124 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations.

125. Paragraph 125 characterizes Regulation 28. Regulation 28= speaks for itself. State Defendants deny the allegations of Paragraph 125 to the extent they are inconsistent with Regulation 28.

126. Paragraph 126 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations.

127. Paragraph 127 contains mixed assertions of fact and law. To the extent Paragraph 127 sets forth legal conclusions, no response is required. To the extent Paragraph 127 makes factual assertions, State Defendants lack knowledge or

information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

**A. Colorado Regulation 28 Regulates the Energy Efficiency of Covered Products in Existing Covered Buildings.**

128. Paragraph 128 contains mixed assertions of fact and law. To the extent Paragraph 128 sets forth legal conclusions, no response is required. To the extent Paragraph 128 makes factual assertions, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

129. Paragraph 129 contains mixed assertions of fact and law. To the extent Paragraph 129 sets forth legal conclusions, no response is required. To the extent Paragraph 129 makes factual assertions, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

130. Paragraph 130 contains mixed assertions of fact and law. To the extent Paragraph 130 sets forth legal conclusions, no response is required. To the extent Paragraph 130 makes factual assertions, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

131. Paragraph 131 contains mixed assertion of fact and law. To the extent Paragraph 131 sets forth legal conclusions, no response is required. To the extent Paragraph 131 makes factual assertions, State Defendants lack knowledge or

information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

132. Paragraph 132 contains mixed assertion of fact and law. To the extent Paragraph 132 sets forth legal conclusions, no response is required. To the extent Paragraph 132 makes factual assertions, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

133. Paragraph 133 contains mixed assertion of fact and law. To the extent Paragraph 133 sets forth legal conclusions, no response is required. To the extent Paragraph 133 makes factual assertions, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

134. Paragraph 134 contains mixed assertion of fact and law. To the extent Paragraph 134 sets forth legal conclusions, no response is required. To the extent Paragraph 134 makes factual assertions, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

**B. Colorado Regulation 28 Does Not Meet Any of EPCA's Exemptions to Preemption.**

135. Paragraph 135 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations.

136. State Defendants admit they have not applied for or obtained any waivers related to Regulation 28. State Defendants deny that any waiver is required for

Regulation 28. Concerning any and all other Defendants, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

137. Paragraph 137 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations.

## III. ENERGIZE DENVER MANDATES ENERGY EFFICIENCY STANDARDS FOR COVERED PRODUCTS AND IS PREEMPTED BY EPCA.

138. Paragraph 138 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

139. Paragraph 139 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

140. Paragraph 140 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

141. Paragraph 141 contains mixed assertion of fact and law. To the extent Paragraph 141 sets forth legal conclusions, no response is required. To the extent Paragraph 141 makes factual assertions, State Defendants lack knowledge or

information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

142. Paragraph 142 contains mixed assertion of fact and law. To the extent Paragraph 142 sets forth legal conclusions, no response is required. To the extent Paragraph 142 makes factual assertions, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

143. Paragraph 143 contains mixed assertion of fact and law. To the extent Paragraph 143 sets forth legal conclusions, no response is required. To the extent Paragraph 143 makes factual assertions, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

### A. Energize Denver Regulates the Energy Efficiency of Covered Products in Existing Covered Buildings.

144. Paragraph 144 contains mixed assertion of fact and law. To the extent Paragraph 144 sets forth legal conclusions, no response is required. To the extent Paragraph 144 makes factual assertions, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

145. Paragraph 145 contains mixed assertion of fact and law. To the extent Paragraph 145 sets forth legal conclusions, no response is required. To the extent Paragraph 145 makes factual assertions, State Defendants lack knowledge or

information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

146. Paragraph 146 contains mixed assertion of fact and law. To the extent Paragraph 146 sets forth legal conclusions, no response is required. To the extent Paragraph 146 makes factual assertions, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

147. Paragraph 147 contains mixed assertion of fact and law. To the extent Paragraph 147 sets forth legal conclusions, no response is required. To the extent Paragraph 147 makes factual assertions, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

148. Paragraph 148 contains mixed assertion of fact and law. To the extent Paragraph 148 sets forth legal conclusions, no response is required. To the extent Paragraph 148 makes factual assertions, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

149. Paragraph 149 contains mixed assertion of fact and law. To the extent Paragraph 149 sets forth legal conclusions, no response is required. To the extent Paragraph 149 makes factual assertions, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

150. Paragraph 150 contains mixed assertion of fact and law. To the extent Paragraph 150 sets forth legal conclusions, no response is required. To the extent Paragraph 150 makes factual assertions, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

151. Paragraph 151 contains mixed assertion of fact and law. To the extent Paragraph 151 sets forth legal conclusions, no response is required. To the extent Paragraph 151 makes factual assertions, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

**B. Energize Denver Does Not Meet Any of EPCA's Exemptions to Preemption.**

152. Paragraph 152 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

153. Paragraph 153 contains mixed assertion of fact and law. To the extent Paragraph 153 sets forth legal conclusions, no response is required. To the extent Paragraph 153 makes factual assertions, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

154. Paragraph 154 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants lack knowledge or

information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

## IV. PLAINTIFFS' AND THEIR MEMBERS ARE INJURED BY REGULATION 28 AND ENERGIZE DENVER.

155. Paragraph 155 contains mixed assertion of fact and law. To the extent Paragraph 155 sets forth legal conclusions, no response is required. To the extent Paragraph 155 makes factual assertions pertaining to Regulation 28, State Defendants deny the same. To the extent the factual assertions pertain to Energize Denver, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

156. Paragraph 156 contains mixed assertion of fact and law. To the extent Paragraph 156 sets forth legal conclusions, no response is required. To the extent Paragraph 156 makes factual assertions, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

157. State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

158. Paragraph 158 contains mixed assertion of fact and law. To the extent Paragraph 158 sets forth legal conclusions, no response is required. To the extent Paragraph 158 makes factual assertions, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

159. Paragraph 159 contains mixed assertion of fact and law. To the extent Paragraph 159 sets forth legal conclusions, no response is required. To the extent Paragraph 159 makes factual assertions, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

160. Paragraph 160 contains mixed assertion of fact and law. To the extent Paragraph 160 sets forth legal conclusions, no response is required. To the extent Paragraph 160 makes factual assertions, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

161. Paragraph 161 contains mixed assertion of fact and law. To the extent Paragraph 161 sets forth legal conclusions, no response is required. To the extent Paragraph 161 makes factual assertions, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

162. Paragraph 162 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations. State Defendants specifically deny that Plaintiffs have suffered or will suffer irreparable harms and the Plaintiffs have no adequate remedy at law absent issuance of an injunction in this proceeding.

163. Paragraph 163 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations.

State Defendants specifically deny that there will be no significant harm to State Defendants from an injunction and that State Defendants have no legitimate interest in enforcing Regulation 28.

164. Paragraph 164 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations. State Defendants specifically deny that the balance of harms favors the injunctive relief requested by Plaintiffs.

165. Paragraph 165 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations. State Defendants specifically deny that any injunction would be in the public interest.

166. Paragraph 166 contains mixed assertion of fact and law. To the extent Paragraph 166 sets forth legal conclusions, no response is required. To the extent Paragraph 166 makes factual assertions, State Defendants deny the same.

**CAUSES OF ACTION:**

**First Cause of Action**

167. State Defendants incorporate by reference their responses to the preceding paragraphs as though fully set forth herein.

168. Paragraph 168 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations.

169. Paragraph 169 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations. State Defendants specifically deny that Regulation 28 is preempted by EPCA.

170. Paragraph 170 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations. State Defendants specifically deny that Regulation 28 is preempted by EPCA.

171. State Defendants admit they have not applied for any waiver concerning Regulation 28. State Defendants deny that any waiver is required for Regulation 28. The remainder of Paragraph 171 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations.

172. Paragraph 172 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants deny the allegations. State Defendants specifically deny that Regulation 28 violates the Supremacy Clause and that Regulation 28 is preempted by EPCA.

173. State Defendants deny that Plaintiffs are entitled to any of their requested relief.

**Second Cause of Action**

174. State Defendants incorporate by reference their responses to the preceding paragraphs as though fully set forth herein.

175. Paragraph 175 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

176. Paragraph 176 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants lack knowledge or

information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

177. Paragraph 177 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

178. Paragraph 178 contains mixed assertions of fact and law. To the extent Paragraph 178 sets forth legal conclusions, no response is required. To the extent Paragraph 178 makes factual assertions, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

179. Paragraph 179 sets forth legal conclusions to which no response is required. To the extent a response is required, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny the same.

180. This allegation is not directed to State Defendants. To the extent a response is required, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny that Plaintiffs are entitled to any of their requested relief.

## REQUESTED RELIEF

181. State Defendants deny that Plaintiffs are entitled to any of their requested relief with respect to Regulation 28. Plaintiffs' request for relief with respect to the Energize Denver Regulations are not directed to State Defendants. To the extent a response is required, State Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and therefore deny that Plaintiffs are entitled to any of their requested relief.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

State Defendants assert the following affirmative defenses. State Defendants incorporate by reference any defenses raised by any other parties to this case. By listing a defense, State Defendants do not assume any burden of proof or persuasion that would otherwise rest on Plaintiffs. State Defendants reserve the right to amend this Answer to assert additional defenses as they become known through discovery or otherwise.

**First Defense - Failure to State a Claim**

The First Amended Complaint fails to state a claim on which relief can be granted. State Defendants preserve this defense under Fed. R. Civ. P. 12(h)(2), notwithstanding the Court's ruling at the pleading stage (ECF No. 122).

**Second Defense - No Preemption**

Regulation 28 is not preempted by EPCA, including 42 U.S.C. §§ 6297(c) and 6316(b)(2)(A). Regulation 28 regulates the energy use intensity of buildings, not the energy efficiency or energy use of any covered product or covered equipment. It does

not require the installation, replacement, or removal of any appliance or equipment, and it does not require the use of any product whose efficiency exceeds an applicable federal standard.

**Third Defense - Lack of Subject-Matter Jurisdiction: Standing and Ripeness**

Plaintiffs lack Article III standing, and their claims are not ripe. Plaintiffs' members' alleged injuries are not fairly traceable to Regulation 28, and are speculative, because Regulation 28 provides timeline adjustments, target adjustments, customized targets, and alternate compliance options that Plaintiffs' members have not pursued. State Defendants assert this defense to preserve it, because subject-matter jurisdiction may be challenged at any stage and Plaintiffs must establish standing with the manner and degree of evidence required at each successive stage of the litigation.

**Fourth Defense - Claims Limited to Equipment Subject to an Effective Federal Standard**

EPCA's preemption provision for commercial and industrial equipment applies only to “a product for which a standard is prescribed or established” under 42 U.S.C. § 6313(a), and only “beginning on the effective date of such standard.” 42 U.S.C. § 6316(b)(2)(A). Plaintiffs' claims fail to the extent they rest on equipment that is not covered equipment under 42 U.S.C. § 6311, on equipment for which no federal energy conservation standard is in effect, or on measures that do not involve covered equipment at all.

**Fifth Defense - Scope of Relief**

Any relief must be no broader than necessary to remedy a proven violation as to Plaintiffs' members. It must be limited to the remaining claims concerning commercial and industrial covered equipment, to existing buildings, and to those applications of Regulation 28, if any, that are actually shown to be preempted. Any provision found preempted is severable from the remainder of Regulation 28.

**Sixth Defense - No Entitlement to Attorneys' Fees**

Plaintiffs are not entitled to attorneys' fees. The First Amended Complaint pleads no claim under 42 U.S.C. § 1983, so 42 U.S.C. § 1988 does not apply. EPCA's fee-shifting provision, 42 U.S.C. § 6305(d), applies only to actions brought under 42 U.S.C. § 6305(a), and Plaintiffs do not proceed under that section.

Respectfully submitted this 14th day of October, 2026.

PHILIP J. WEISER
Attorney General

*/s/ David Banas*
DAVID BANAS*
JACKIE CALICCHIO*
W. CORY HALLER**
Assistant Attorneys General
Natural Resources and Environment Section
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: 720.508.6000
Email: David.banas@coag.gov
Jackie.calicchio@coag.gov
Cory.haller@coag.gov

* *Counsel of Record on behalf of Defendant Will Toor, in his Official Capacity as the Executive Director of the Colorado Energy Office*

***Counsel of Record on behalf of Defendants Jill Hunsaker Ryan, in her Official Capacity as the Executive Director of the Colorado Department of Public Health and Environment, and Michael Ogletree, in his Official Capacity as the Director of the Colorado Air Pollution Control Division*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14th, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the Parties of record for this matter.

*/s/ Barbara Dory*
Barbara Dory