**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-01093-RMR

COLORADO APARTMENT ASSOCIATION; APARTMENT ASSOCIATION OF METRO DENVER; COLORADO HOTEL AND LODGING ASSOCIATION, INC.; AND NAIOP COLORADO CHAPTER;

*Plaintiffs,*

v.

JILL HUNSAKER RYAN, in her Official Capacity as the Executive Director of the Colorado Department of Public Health and Environment, MICHAEL OGLETREE, in his Official Capacity as the Director of the Colorado Air Pollution Control Division; AND WILL TOOR, in his Official Capacity as the Executive Director of the Colorado Energy Office; AND

THE CITY AND COUNTY OF DENVER; THE DENVER CITY COUNCIL; DENVER MAYOR MIKE JOHNSTON; THE DENVER OFFICE OF CLIMATE ACTION, SUSTAINABILITY, AND RESILIENCY; AND ELIZABETH BABCOCK, in her Official Capacity as the Executive Director of the Denver Office of Climate Action, Sustainability, and Resiliency,

*Defendants*; AND

COALITION FOR COMMUNITY SOLAR ACCESS, COLORADO SOLAR AND STORAGE ASSOCIATION, NATURAL RESOURCES DEFENSE COUNCIL AND SIERRA CLUB,

*Intervenor-Defendants*.

---

**INTERVENOR-DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

---

## Introduction

1. Paragraph 1 describes Plaintiffs' legal theories and requested relief, to which no response is required. To the extent Paragraph 1 contains allegations that require a response, Intervenor-Defendants deny these allegations. In addition, to the extent Paragraph 1 references the provisions of Regulation 28 relating to greenhouse gas ("GHG") intensity targets, the Court concluded it was "not persuaded by Plaintiffs' argument that Regulation 28's specific GHG intensity cap is preempted" in its Order Adopting Magistrate Judge Recommendation, and therefore no response is required. ECF #122 at 25; *see* ECF #106 at 37, 39. In addition, to the extent Paragraph 1 references Energize Denver's alleged relationship to consumer covered products, the Court dismissed Plaintiffs' claims against Denver concerning consumer covered products in its Order Adopting Magistrate Judge Recommendation, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20.

2. Intervenor-Defendants deny the first sentence of Paragraph 2. The remainder of Paragraph 2 describes Plaintiffs' legal theories and requested relief, to which no response is required. To the extent Paragraph 2 contains allegations that require a response, Intervenor-Defendants deny these allegations. In addition, Intervenor-Defendants assert that the statutes referenced in the second sentence of Paragraph 2 and quoted and characterized in the third sentence of Paragraph 2 speak for themselves. In addition, to the extent Paragraph 2 references the provisions of Regulation 28 relating to GHG intensity targets, the Court has concluded these provisions are not preempted, and therefore no response is required. ECF #122 at 25;

*see* ECF #106 at 37, 39. In addition, to the extent Paragraph 2 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20.

3. Intervenor-Defendants deny the allegations in Paragraph 3.

4. Intervenor-Defendants deny the allegations in Paragraph 4.

5. Intervenor-Defendants deny the allegations in the first sentence of Paragraph 5. Intervenor-Defendants assert that the statutes quoted and characterized in the second and third sentences of Paragraph 5 speak for themselves. The fourth sentence of Paragraph 5 describes a nomenclature convention used in the First Amended Complaint, to which no response is required. To the extent Paragraph 5 contains additional allegations that require a response, Intervenor-Defendants deny these allegations.

6. The allegations in Paragraph 6 are legal conclusions, to which no response is required. To the extent Paragraph 6 contains allegations that require a response, Intervenor-Defendants deny these allegations. In addition, to the extent Paragraph 6 references the provisions of Regulation 28 relating to GHG intensity targets, the Court has concluded these provisions are not preempted, and therefore no response is required. ECF #122 at 25; *see* ECF #106 at 37, 39. In addition, to the extent Paragraph 6 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13,

26; *see* ECF #106 at 20.

7. Intervenor-Defendants deny the allegations in Paragraph 7.

8. The allegations in Paragraph 8 are legal conclusions, to which no response is required. To the extent Paragraph 8 contains allegations that require a response, Intervenor-Defendants deny these allegations. In addition, to the extent Paragraph 8 references the provisions of Regulation 28 relating to GHG intensity targets, the Court has concluded these provisions are not preempted, and therefore no response is required. ECF #122 at 25; *see* ECF #106 at 37, 39. In addition, to the extent Paragraph 8 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20.

9. Intervenor-Defendants deny the allegations in Paragraph 9.

10. Intervenor-Defendants assert that the statutes quoted and characterized in Paragraph 10 speak for themselves. Intervenor-Defendants deny the remaining allegations in Paragraph 10.

11. Intervenor-Defendants assert that the statutes quoted and characterized in Paragraph 11 speak for themselves. Intervenor-Defendants deny the remaining allegations in Paragraph 11.

12. Intervenor-Defendants deny the allegations in Paragraph 12.

13. Paragraph 13 describes Plaintiffs' legal theories, to which no response is required. To the extent Paragraph 13 contains allegations that require a response,

Intervenor-Defendants deny these allegations. In addition, to the extent Paragraph 13 references the provisions of Regulation 28 relating to GHG intensity targets, the Court has concluded these provisions are not preempted, and therefore no response is required. ECF #122 at 25; *see* ECF #106 at 37, 39. In addition, to the extent Paragraph 13 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20. In addition, to the extent Paragraph 13.c alleges that Regulation 28 and Energize Denver require replacement of covered products that use fossil fuels with electric-powered covered products, the Court concluded that EPCA does not preempt such requirements in its Order Adopting Magistrate Judge Recommendation, and therefore no response is required. ECF #122 at 22-23; *see* ECF #106 at 37.

14. The allegations in Paragraph 14 are legal conclusions, to which no response is required. To the extent Paragraph 14 contains allegations that require a response, Intervenor-Defendants deny these allegations. In addition, to the extent Paragraph 14 references the provisions of Regulation 28 relating to GHG intensity targets, the Court has concluded these provisions are not preempted, and therefore no response is required. ECF #122 at 25; *see* ECF #106 at 37, 39. In addition, to the extent Paragraph 14 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20.

15. Paragraph 15 describes Plaintiffs' legal theories and requested relief, to which no response is required. To the extent Paragraph 15 contains allegations that require a response, Intervenor-Defendants deny these allegations. In addition, to the extent Paragraph 15 references the provisions of Regulation 28 relating to GHG intensity targets, the Court has concluded these provisions are not preempted, and therefore no response is required. ECF #122 at 25; *see* ECF #106 at 37, 39. In addition, to the extent Paragraph 15 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20.

**Jurisdiction**

16. The allegations in Paragraph 16 are legal conclusions, to which no response is required. To the extent Paragraph 16 contains allegations that require a response, Intervenor-Defendants admit that the Court has federal question jurisdiction under 28 U.S.C. § 1331 to resolve this dispute, and deny the remaining allegations in Paragraph 16.

**Venue**

17. Intervenor-Defendants admit that venue in the District of Colorado is appropriate.

**Parties**

18. Intervenor-Defendants deny the allegations in Paragraph 18.b. Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 18, and therefore deny them.

19. Intervenor-Defendants deny the allegations in Paragraph 19.b. Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19, and therefore deny them.

20. Intervenor-Defendants deny the allegations in Paragraph 20.b. Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20, and therefore deny them.

21. Intervenor-Defendants deny the allegations in Paragraph 21.b. Intervenor-Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21, and therefore deny them.

22. Intervenor-Defendants admit the allegations in Paragraph 22.

23. Intervenor-Defendants admit the allegations in Paragraph 23.

24. Intervenor-Defendants admit the allegations in Paragraph 24.

25. Intervenor-Defendants admit the allegations in Paragraph 25.

26. Intervenor-Defendants admit the allegations in Paragraph 26.

27. Intervenor-Defendants admit the allegations in Paragraph 27.

28. Intervenor-Defendants admit the allegations in Paragraph 28.

29. Intervenor-Defendants admit the allegations in Paragraph 29.

30. Intervenor-Defendants admit the allegations in Paragraph 30.

**Standing**

31. Intervenor-Defendants deny the allegations in Paragraph 31.

32. Intervenor-Defendants deny the allegations in Paragraph 32. In addition,

to the extent Paragraph 32 references the provisions of Regulation 28 relating to GHG intensity targets, the Court has concluded these provisions are not preempted, and therefore no response is required. ECF #122 at 25; *see* ECF #106 at 37, 39. In addition, to the extent Paragraph 32 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20.

33. Intervenor-Defendants deny the allegations in Paragraph 33. In addition, to the extent Paragraph 33 references the provisions of Regulation 28 relating to GHG intensity targets, the Court has concluded these provisions are not preempted, and therefore no response is required. ECF #122 at 25; *see* ECF #106 at 37, 39. In addition, to the extent Paragraph 33 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20.

34. Intervenor-Defendants deny the allegations in Paragraph 34. In addition, to the extent Paragraph 34 references the provisions of Regulation 28 relating to GHG intensity targets, the Court has concluded these provisions are not preempted, and therefore no response is required. ECF #122 at 25; *see* ECF #106 at 37, 39. In addition, to the extent Paragraph 34 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF

#122 at 13, 26; *see* ECF #106 at 20.

35. Intervenor-Defendants deny the allegations in Paragraph 35. In addition, to the extent Paragraph 35 references the provisions of Regulation 28 relating to GHG intensity targets, the Court has concluded these provisions are not preempted, and therefore no response is required. ECF #122 at 25; *see* ECF #106 at 37, 39. In addition, to the extent Paragraph 35 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20.

36. Intervenor-Defendants deny the allegations in Paragraph 36. In addition, to the extent Paragraph 36 references the provisions of Regulation 28 relating to GHG intensity targets, the Court has concluded these provisions are not preempted, and therefore no response is required. ECF #122 at 25; *see* ECF #106 at 37, 39. In addition, to the extent Paragraph 36 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20. In addition, to the extent Paragraph 36.a alleges that Regulation 28 and Energize Denver require replacement of covered products utilizing fossil fuels with electrified covered products, the Court has concluded that EPCA does not preempt such requirements, and therefore no response is required. ECF #122 at 22-23; *see* ECF #106 at 37. In addition, Intervenor-Defendants assert that the second sentence of Paragraph 36.c describes Plaintiffs' legal theories, to which no

response is required.

37. The allegations in the second sentence of Paragraph 37 are legal conclusions, to which no response is required. Intervenor-Defendants deny the remaining allegations in Paragraph 37.

**The Challenged Regulations**

38. Intervenor-Defendants assert that the statutes quoted and characterized in Paragraph 38 speak for themselves. To the extent Paragraph 38 contains additional allegations that require a response, Intervenor-Defendants deny these allegations.

39. Intervenor-Defendants assert that the statutes characterized in Paragraph 39 speak for themselves. To the extent Paragraph 39 contains additional allegations that require a response, Intervenor-Defendants deny these allegations.

40. Intervenor-Defendants assert that the statutes quoted and characterized in Paragraph 40 speak for themselves. To the extent Paragraph 40 contains additional allegations that require a response, Intervenor-Defendants deny these allegations.

41. Intervenor-Defendants assert that the statutes quoted and characterized in Paragraph 41 speak for themselves. To the extent Paragraph 41 contains additional allegations that require a response, Intervenor-Defendants deny these allegations.

42. Intervenor-Defendants admit that Regulation 28 was adopted by the Commission on August 17, 2023. Intervenor-Defendants deny the remaining allegations in Paragraph 42.

43. Intervenor-Defendants deny the allegations in Paragraph 43.

44. Intervenor-Defendants deny the allegations in Paragraph 44.

45. Intervenor-Defendants deny the allegations in Paragraph 45.

46. Intervenor-Defendants deny the allegations in Paragraph 46.

47. Intervenor-Defendants deny the allegations in Paragraph 47.

48. Intervenor-Defendants deny the allegations in Paragraph 48.

49. Intervenor-Defendants deny the allegations in Paragraph 49.

50. Intervenor-Defendants deny the allegations in Paragraph 50.

51. Intervenor-Defendants assert that the regulation quoted and characterized in Paragraph 51 speaks for itself. Intervenor-Defendants deny the remaining allegations in Paragraph 51.

52. Intervenor-Defendants assert that the regulation characterized in Paragraph 52 speaks for itself. Intervenor-Defendants deny the remaining allegations in Paragraph52.

53. Intervenor-Defendants deny the allegations in Paragraph 53.

54. Intervenor-Defendants assert that Paragraph 54 "amounts to a conclusory allegation of Plaintiffs' preemption claim and speculation as what is required to comply with Regulation 28," to which no response is required. ECF #55 at 14. To the extent Paragraph 54 contains allegations that require a response, Intervenor-Defendants deny these allegations. In addition, to the extent Paragraph 54 references the provisions of Regulation 28 relating to GHG intensity targets, the Court has concluded these provisions are not preempted, and therefore no response is required. ECF #122 at 25; *see* ECF #106 at 37, 39.

55. Intervenor-Defendants deny the allegations in Paragraph 55. In addition,

to the extent Paragraph 55 references the provisions of Regulation 28 relating to GHG intensity targets, the Court has concluded these provisions are not preempted, and therefore no response is required. ECF #122 at 25; *see* ECF #106 at 37, 39. In addition, to the extent Paragraph 55 alleges that Regulation 28 effectively requires replacement of covered products utilizing fossil fuels with electrified covered products, the Court has concluded that EPCA does not preempt such requirements, and therefore no response is required. ECF #122 at 22-23; *see* ECF #106 at 37.

56. Intervenor-Defendants deny the allegations in Paragraph 56. In addition, to the extent Paragraph 56 references the provisions of Regulation 28 relating to GHG intensity targets, the Court has concluded these provisions are not preempted, and therefore no response is required. ECF #122 at 25; *see* ECF #106 at 37, 39.

57. Intervenor-Defendants assert that Paragraph 57 "amounts to a conclusory allegation of Plaintiffs' preemption claim and speculation as what is required to comply with Regulation 28," to which no response is required. ECF #55 at 14. To the extent Paragraph 57 contains allegations that require a response, Intervenor-Defendants deny these allegations.

58. Intervenor-Defendants deny the allegations in Paragraph 58.

59. Intervenor-Defendants assert that the regulation quoted and characterized in Paragraph 59 speaks for itself. Intervenor-Defendants deny the remaining allegations in Paragraph 59.

60. Intervenor-Defendants deny the allegations in Paragraph 60.

61. Intervenor-Defendants deny the allegations in Paragraph 61.

62. Intervenor-Defendants deny the allegations in Paragraph 62.

63. Intervenor-Defendants assert that the regulation quoted and characterized in Paragraph 63 speaks for itself. Intervenor-Defendants deny the remaining allegations in Paragraph 63.

64. Intervenor-Defendants deny the allegations in Paragraph 64.

65. Intervenor-Defendants deny the allegations in Paragraph 65. In addition, to the extent Paragraph 65 references the provisions of Regulation 28 relating to GHG intensity targets, the Court has concluded these provisions are not preempted, and therefore no response is required. ECF #122 at 25; *see* ECF #106 at 37, 39.

66. The allegations in Paragraph 66 are legal conclusions, to which no response is required. To the extent Paragraph 66 contains allegations that require a response, Intervenor-Defendants deny these allegations. In addition, to the extent Paragraph 66 references the provisions of Regulation 28 relating to GHG intensity targets, the Court has concluded these provisions are not preempted, and therefore no response is required. ECF #122 at 25; *see* ECF #106 at 37, 39.

67. Intervenor-Defendants admit the allegations in Paragraph 67.

68. Paragraph 68 describes Plaintiffs' legal theories about the relevance of certain facts, to which no response is required. To the extent Paragraph 68 includes allegations that require a response, Intervenor-Defendants deny these allegations. In addition, Intervenor-Defendants assert that the legislation characterized in Paragraph 68 speaks for itself.

69. Intervenor-Defendants assert that the statutes quoted and characterized in

Paragraph 69 speak for themselves. Intervenor-Defendants deny the remaining allegations in Paragraph 69.

70. Intervenor-Defendants assert that the statutes characterized in Paragraph 70 speak for themselves. Intervenor-Defendants deny the remaining allegations in Paragraph 70.

71. Intervenor-Defendants assert that the statutes characterized in Paragraph 71 speak for themselves. Intervenor-Defendants deny the remaining allegations in Paragraph 71.

72. Intervenor-Defendants assert that the statutes characterized in Paragraph 72 speak for themselves. Intervenor-Defendants deny the remaining allegations in Paragraph 72.

73. Intervenor-Defendants assert that the statutes characterized in Paragraph 73 speak for themselves. Intervenor-Defendants deny the remaining allegations in Paragraph 73.

74. Intervenor-Defendants assert that the statutes characterized in Paragraph 74 speak for themselves. Intervenor-Defendants deny the remaining allegations in Paragraph 74.

75. Intervenor-Defendants deny the allegations in Paragraph 75.

76. Intervenor-Defendants assert that the ordinance characterized in Paragraph 76 speaks for itself. To the extent Paragraph 76 contains additional allegations that require a response, Intervenor-Defendants deny these allegations.

77. Intervenor-Defendants assert that the ordinance and technical guidance

characterized in Paragraph 77 speak for themselves. Intervenor-Defendants deny the remaining allegations in Paragraph 77.

78. Intervenor-Defendants deny the allegations in Paragraph 78.

79. Intervenor-Defendants deny the allegations in Paragraph 79.

80. Intervenor-Defendants deny the allegations in Paragraph 80.

81. Intervenor-Defendants deny the allegations in Paragraph 81.

82. Intervenor-Defendants deny the allegations in Paragraph 82.

83. Intervenor-Defendants assert that Paragraph 83 amounts to a "conclusory allegation that Energize Denver is preempted by the EPCA," to which no response is required. ECF #55 at 16. To the extent Paragraph 83 contains allegations that require a response, Intervenor-Defendants deny these allegations. In addition, to the extent Paragraph 83 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20.

84. Intervenor-Defendants deny the allegations in Paragraph 84. In addition, to the extent Paragraph 84 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20.

85. Intervenor-Defendants assert that Paragraph 85 amounts to a "conclusory allegation that Energize Denver is preempted by the EPCA," to which no response is

required. ECF #55 at 16. To the extent Paragraph 85 contains allegations that require a response, Intervenor-Defendants deny these allegations. In addition, to the extent Paragraph 85 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20.

86. Intervenor-Defendants deny the allegations in Paragraph 86.

87. Intervenor-Defendants deny the allegations in Paragraph 87. In addition, to the extent Paragraph 87 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20.

88. Intervenor-Defendants deny the allegations in Paragraph 88.

89. Intervenor-Defendants deny the allegations in Paragraph 89.

90. Intervenor-Defendants deny the allegations in Paragraph 90. In addition, to the extent Paragraph 90 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20.

91. Intervenor-Defendants deny the allegations in Paragraph 91.

92. Intervenor-Defendants deny the allegations in Paragraph 92.

93. Intervenor-Defendants deny the allegations in Paragraph 93. In addition,

to the extent Paragraph 93 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20.

94. Intervenor-Defendants assert that Paragraph 94 amounts to a "conclusory allegation that Energize Denver is preempted by the EPCA," to which no response is required. ECF #55 at 16. To the extent Paragraph 94 contains allegations that require a response, Intervenor-Defendants deny these allegations. In addition, to the extent Paragraph 94 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20.

**Federal Law Governing State and Local Energy Regulations**

95. Intervenor-Defendants assert that the statutes quoted and characterized in Paragraph 95 speak for themselves. Intervenor-Defendants deny the remaining allegations in Paragraph 95.

96. Intervenor-Defendants assert that the statutes characterized in Paragraph 96 speak for themselves. Intervenor-Defendants deny the remaining allegations in Paragraph 96.

97. Intervenor-Defendants assert that the statutes quoted and characterized in Paragraph 97 speak for themselves. Intervenor-Defendants deny the remaining allegations in Paragraph 97.

98. Intervenor-Defendants assert that the statutes quoted and characterized in Paragraph 98 speak for themselves. Intervenor-Defendants deny the remaining allegations in Paragraph 98.

99. Intervenor-Defendants assert that the statutes quoted and characterized in Paragraph 99 speak for themselves. Intervenor-Defendants deny the remaining allegations in Paragraph 99.

100. Intervenor-Defendants assert that the statutes quoted and characterized in Paragraph 100 speak for themselves. To the extent Paragraph 100 contains additional allegations that require a response, Intervenor-Defendants deny these allegations.

101. Intervenor-Defendants assert that the statutes quoted and characterized in Paragraph 101 speak for themselves. To the extent Paragraph 101 contains additional allegations that require a response, Intervenor-Defendants deny these allegations.

102. Intervenor-Defendants assert that the statutes quoted and characterized in Paragraph 102 speak for themselves. Intervenor-Defendants deny the remaining allegations in Paragraph 102.

103. Intervenor-Defendants assert that the statutes quoted and characterized in Paragraph 103 speak for themselves. Intervenor-Defendants deny the remaining allegations in Paragraph 103.

104. Intervenor-Defendants deny the allegations in Paragraph 104.

105. Intervenor-Defendants deny the allegations in Paragraph 105.

106. Intervenor-Defendants deny the allegations in Paragraph 106.

107. Intervenor-Defendants deny the allegations in Paragraph 107. In addition,

to the extent Paragraph 107 references the provisions of Regulation 28 relating to GHG intensity targets, the Court has concluded these provisions are not preempted, and therefore no response is required. ECF #122 at 25; *see* ECF #106 at 37, 39. In addition, to the extent Paragraph 107 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20.

108. The allegations in Paragraph 108 are legal conclusions, to which no response is required. To the extent the Paragraph 108 contains additional allegations that require a response, Intervenor-Defendants deny these allegations.

109. Intervenor-Defendants assert that the statutes quoted and characterized in Paragraph 109 speak for themselves. Intervenor-Defendants deny the remaining allegations in Paragraph 109.

110. Intervenor-Defendants deny the allegations in Paragraph 110.

111. The allegations in Paragraph 111 are legal conclusions, to which no response is required. To the extent Paragraph 111 contains additional allegations that require a response, Intervenor-Defendants deny these allegations.

112. Intervenor-Defendants assert that the statutes quoted and characterized in Paragraph 112 speak for themselves. Intervenor-Defendants deny the remaining allegations in Paragraph 112.

113. Intervenor-Defendants deny the allegations in Paragraph 113. In addition, to the extent Paragraph 113 references the provisions of Regulation 28 relating to GHG

intensity targets, the Court has concluded these provisions are not preempted, and therefore no response is required. ECF #122 at 25; *see* ECF #106 at 37, 39.

**Allegations**

114. The allegations in Paragraph 114 are legal conclusions, to which no response is required. To the extent Paragraph 114 contains allegations that require a response, Intervenor-Defendants deny these allegations. In addition, to the extent Paragraph 114 references the provisions of Regulation 28 relating to GHG intensity targets, the Court has concluded these provisions are not preempted, and therefore no response is required. ECF #122 at 25; *see* ECF #106 at 37, 39. In addition, to the extent Paragraph 114 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20. In addition, to the extent Paragraph 114 alleges that Regulation 28 and Energize Denver effectively require the use of electric covered products and the removal of fossil fuel utilizing covered products, the Court has concluded that EPCA does not preempt such requirements, and therefore no response is required. ECF #122 at 22-23; *see* ECF #106 at 37.

115. Intervenor-Defendants assert that the case characterized in the first sentence of Paragraph 115 speaks for itself. Intervenor-Defendants admit the second sentence of Paragraph 115.

116. Intervenor-Defendants assert that the cases quoted and characterized in Paragraph 116 speak for themselves. Intervenor-Defendants deny the remaining

allegations in Paragraph 116.

117. The allegations in Paragraph 117 are legal conclusions, to which no response is required. To the extent Paragraph 117 contains allegations that require a response, Intervenor-Defendants deny these allegations. In addition, to the extent Paragraph 117 references the provisions of Regulation 28 relating to GHG intensity targets, the Court has concluded these provisions are not preempted, and therefore no response is required. ECF #122 at 25; *see* ECF #106 at 37, 39. In addition, to the extent Paragraph 117 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20. In addition, Intervenor-Defendants assert that the statutes quoted and characterized in Paragraph 117 speak for themselves.

118. Intervenor-Defendants deny the allegations in Paragraph 118. In addition, to the extent Paragraph 118 references the provisions of Regulation 28 relating to GHG intensity targets, the Court has concluded these provisions are not preempted, and therefore no response is required. ECF #122 at 25; *see* ECF #106 at 37, 39. In addition, to the extent Paragraph 118 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20.

119. Intervenor-Defendants deny the allegations in Paragraph 119. In addition, to the extent Paragraph 119 references the provisions of Regulation 28 relating to GHG

intensity targets, the Court has concluded these provisions are not preempted, and therefore no response is required. ECF #122 at 25; *see* ECF #106 at 37, 39. In addition, to the extent Paragraph 119 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20. In addition, to the extent Paragraph 119 alleges that Regulation 28 and Energize Denver effectively prohibit or limit the use of natural gas appliances, the Court has concluded that EPCA does not preempt such requirements, and therefore no response is required. ECF #122 at 22-23; *see* ECF #106 at 37.

120. Intervenor-Defendants deny the allegations in Paragraph 120. In addition, to the extent Paragraph 120 references the provisions of Regulation 28 relating to GHG intensity targets, the Court has concluded these provisions are not preempted, and therefore no response is required. ECF #122 at 25; *see* ECF #106 at 37, 39. In addition, to the extent Paragraph 120 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20.

121. Intervenor-Defendants deny the allegations in Paragraph 121.

122. Paragraph 122 describes Plaintiffs' requested relief, to which no response is required. To the extent Paragraph 122 contains allegations that require a response, Intervenor-Defendants deny these allegations. In addition, to the extent Paragraph 122

references the provisions of Regulation 28 relating to GHG intensity targets, the Court has concluded these provisions are not preempted, and therefore no response is required. ECF #122 at 25; *see* ECF #106 at 37, 39. In addition, to the extent Paragraph 122 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20.

123. Intervenor-Defendants deny the allegations in Paragraph 123.

124. The allegations in Paragraph 124 are legal conclusions, to which no response is required. To the extent Paragraph 124 contains allegations that require a response, Intervenor-Defendants deny these allegations. In addition, to the extent Paragraph 124 references the provisions of Regulation 28 relating to GHG intensity targets, the Court has concluded these provisions are not preempted, and therefore no response is required. ECF #122 at 25; *see* ECF #106 at 37, 39.

125. Intervenor-Defendants assert that the statutes and regulation quoted and characterized in Paragraph 125 speak for themselves. Intervenor-Defendants deny the remaining allegations in Paragraph 125.

126. Intervenor-Defendants assert that Paragraph 126 "amounts to a conclusory allegation of Plaintiffs' preemption claim and speculation as what is required to comply with Regulation 28," to which no response is required. ECF #55 at 14. To the extent Paragraph 126 contains allegations that require a response, Intervenor-Defendants deny these allegations. In addition, to the extent Paragraph 126 references

the provisions of Regulation 28 relating to GHG intensity targets, the Court has concluded these provisions are not preempted, and therefore no response is required. ECF #122 at 25; *see* ECF #106 at 37, 39.

127. Intervenor-Defendants deny the allegations in Paragraph 127. In addition, to the extent Paragraph 127 references the provisions of Regulation 28 relating to GHG intensity targets, the Court has concluded these provisions are not preempted, and therefore no response is required. ECF #122 at 25; *see* ECF #106 at 37, 39.

128. Intervenor-Defendants deny the allegations in Paragraph 128. In addition, to the extent Paragraph 128 references the provisions of Regulation 28 relating to GHG intensity targets, the Court has concluded these provisions are not preempted, and therefore no response is required. ECF #122 at 25; *see* ECF #106 at 37, 39.

129. Intervenor-Defendants deny the allegations in Paragraph 129.

130. Intervenor-Defendants deny the allegations in Paragraph 130.

131. Intervenor-Defendants deny the allegations in Paragraph 131.

132. Intervenor-Defendants deny the allegations in Paragraph 132. In addition, to the extent Paragraph 132 references the provisions of Regulation 28 relating to GHG intensity targets, the Court has concluded these provisions are not preempted, and therefore no response is required. ECF #122 at 25; *see* ECF #106 at 37, 39.

133. Intervenor-Defendants deny the allegations in Paragraph 133.

134. Intervenor-Defendants deny the allegations in Paragraph 134.

135. The allegations in Paragraph 135 are legal conclusions, to which no response is required. To the extent Paragraph 135 contains allegations that require a

response, Intervenor-Defendants deny these allegations.

136. Intervenor-Defendants deny the allegations in Paragraph 136.

137. The allegations in Paragraph 137 are legal conclusions, to which no response is required. To the extent Paragraph 137 contains allegations that require a response, Intervenor-Defendants deny these allegations.

138. Intervenor-Defendants deny the allegations in Paragraph 138.

139. The allegations in Paragraph 139 are legal conclusions, to which no response is required. To the extent Paragraph 139 contains allegations that require a response, Intervenor-Defendants deny these allegations. In addition, to the extent Paragraph 139 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20.

140. Intervenor-Defendants assert that the provisions of Energize Denver quoted and characterized in Paragraph 140 speak for themselves. Intervenor-Defendants deny the remaining allegations in Paragraph 140.

141. Intervenor-Defendants assert that Paragraph 141 amounts to a "conclusory allegation that Energize Denver is preempted by the EPCA," to which no response is required. ECF #55 at 16. To the extent Paragraph 141 contains allegations that require a response, Intervenor-Defendants deny these allegations. In addition, to the extent Paragraph 141 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver

concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20.

142. Intervenor-Defendants deny the allegations in Paragraph 142. In addition, to the extent Paragraph 142 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20.

143. Intervenor-Defendants deny the allegations in Paragraph 143. In addition, to the extent Paragraph 143 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20.

144. Intervenor-Defendants deny the allegations in Paragraph 144. In addition, to the extent Paragraph 144 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20.

145. Intervenor-Defendants deny the first sentence of Paragraph 145. The allegations in the second sentence of Paragraph 145 are legal conclusions, to which no response is required. To the extent the second sentence of Paragraph 145 contains allegations that require a response, Intervenor-Defendants deny these allegations. In addition, to the extent Paragraph 145 references Energize Denver's alleged relationship

to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20.

146. Intervenor-Defendants deny the allegations in Paragraph 146.

147. Intervenor-Defendants deny the allegations in Paragraph 147.

148. Intervenor-Defendants deny the allegations in Paragraph 148.

149. Intervenor-Defendants deny the allegations in Paragraph 149. In addition, to the extent Paragraph 149 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20.

150. Intervenor-Defendants deny the allegations in Paragraph 150.

151. Intervenor-Defendants deny the allegations in Paragraph 151.

152. The allegations in Paragraph 152 are legal conclusions, to which no response is required. To the extent Paragraph 152 contains allegations that require a response, Intervenor-Defendants deny these allegations. In addition, to the extent Paragraph 152 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20.

153. The allegations in Paragraph 153 are legal conclusions, to which no response is required. To the extent Paragraph 153 contains allegations that require a

response, Intervenor-Defendants deny these allegations.

154. The allegations in Paragraph 154 are legal conclusions, to which no response is required. To the extent Paragraph 154 contains allegations that require a response, Intervenor-Defendants deny these allegations.

155. Intervenor-Defendants deny the allegations in Paragraph 155.

156. Intervenor-Defendants deny the allegations in Paragraph 156.

157. Intervenor-Defendants deny the allegations in Paragraph 157. In addition, to the extent Paragraph 157 references the provisions of Regulation 28 relating to GHG intensity targets, the Court has concluded these provisions are not preempted, and therefore no response is required. ECF #122 at 25; *see* ECF #106 at 37, 39. In addition, to the extent Paragraph 157 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20.

158. Intervenor-Defendants deny the allegations in Paragraph 158.

159. Intervenor-Defendants deny the allegations in Paragraph 159.

160. Intervenor-Defendants deny the allegations in Paragraph 160.

161. Intervenor-Defendants deny the allegations in Paragraph 161.

162. Intervenor-Defendants deny the allegations in Paragraph 162.

163. Intervenor-Defendants deny the allegations in Paragraph 163.

164. Intervenor-Defendants deny the allegations in Paragraph 164.

165. Intervenor-Defendants deny the allegations in Paragraph 165.

166. Intervenor-Defendants deny the allegations in Paragraph 166.

**First Cause of Action**

167. Intervenor-Defendants incorporate their answers to the previous paragraphs by reference.

168. Paragraph 168 describes Plaintiffs' legal theories, to which no response is required. To the extent Paragraph 168 contains allegations that require a response, Intervenor-Defendants deny these allegations. In addition, to the extent Paragraph 168 references the provisions of Regulation 28 relating to GHG intensity targets, the Court has concluded these provisions are not preempted, and therefore no response is required. ECF #122 at 25; *see* ECF #106 at 37, 39.

169. The allegations in Paragraph 169 are legal conclusions, to which no response is required. To the extent Paragraph 169 contains allegations that require a response, Intervenor-Defendants deny these allegations. In addition, to the extent Paragraph 169 references the provisions of Regulation 28 relating to GHG intensity targets, the Court has concluded these provisions are not preempted, and therefore no response is required. ECF #122 at 25; *see* ECF #106 at 37, 39.

170. The allegations in Paragraph 170 are legal conclusions, to which no response is required. To the extent Paragraph 170 contains allegations that require a response, Intervenor-Defendants deny these allegations. In addition, to the extent Paragraph 170 references the provisions of Regulation 28 relating to GHG intensity targets, the Court has concluded these provisions are not preempted, and therefore no response is required. ECF #122 at 25; *see* ECF #106 at 37, 39. In addition, to the extent

Paragraph 170 alleges that Regulation 28 effectively prohibits the use of fossil fuel utilizing covered products, the Court has concluded that EPCA does not preempt such requirements, and therefore no response is required. ECF #122 at 22-23; *see* ECF #106 at 37.

171. The allegations in Paragraph 171 are legal conclusions, to which no response is required. To the extent Paragraph 171 contains allegations that require a response, Intervenor-Defendants deny these allegations.

172. The allegations in Paragraph 172 are legal conclusions, to which no response is required. To the extent Paragraph 172 contains allegations that require a response, Intervenor-Defendants deny these allegations. In addition, to the extent Paragraph 172 references the provisions of Regulation 28 relating to GHG intensity targets, the Court has concluded these provisions are not preempted, and therefore no response is required. ECF #122 at 25; *see* ECF #106 at 37, 39.

173. Paragraph 173 describes Plaintiffs' requested relief, to which no response is required. To the extent Paragraph 173 contains allegations that require a response, Intervenor-Defendants deny these allegations.

**Second Cause of Action**

174. Intervenor-Defendants incorporate their answers to the previous paragraphs by reference.

175. The allegations in Paragraph 175 are legal conclusions, to which no response is required. To the extent Paragraph 175 contains allegations that require a response, Intervenor-Defendants deny these allegations. In addition, to the extent

Paragraph 175 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20.

176. The allegations in Paragraph 176 are legal conclusions, to which no response is required. To the extent Paragraph 176 contains allegations that require a response, Intervenor-Defendants deny these allegations. In addition, to the extent Paragraph 176 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20.

177. The allegations in Paragraph 177 are legal conclusions, to which no response is required. To the extent Paragraph 177 contains allegations that require a response, Intervenor-Defendants deny these allegations. In addition, to the extent Paragraph 177 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20. In addition, to the extent Paragraph 177 alleges that Energize Denver effectively prohibits the use of fossil fuel utilizing covered products, the Court has concluded that EPCA does not preempt such requirements, and therefore no response is required. ECF #122 at 22-23; *see* ECF #106 at 37.

178. The allegations in Paragraph 178 are legal conclusions, to which no

response is required. To the extent Paragraph 178 contains allegations that require a response, Intervenor-Defendants deny these allegations.

179. The allegations in Paragraph 179 are legal conclusions, to which no response is required. To the extent Paragraph 179 contains allegations that require a response, Intervenor-Defendants deny these allegations. In addition, to the extent Paragraph 179 references Energize Denver's alleged relationship to consumer covered products, the Court has dismissed Plaintiffs' claims against Denver concerning consumer covered products, and therefore no response is required. ECF #122 at 13, 26; *see* ECF #106 at 20.

180. Paragraph 180 describes Plaintiffs' requested relief, to which no response is required. To the extent Paragraph 180 contains allegations that require a response, Intervenor-Defendants deny these allegations.

**Requested Relief**

181. Paragraph 181 describes Plaintiffs' requested relief, to which no response is required. To the extent Paragraph 181 contains allegations that require a response, Intervenor-Defendants deny these allegations and deny that Plaintiffs are entitled to any relief.

**General Denial**

Intervenor-Defendants deny each and every allegation in the First Amended Complaint to the extent not expressly admitted in this Answer.

**Affirmative Defenses**

Intervenor-Defendants assert the following affirmative defenses:

1. Plaintiffs have failed to state a claim upon which relief can be granted.

2. Plaintiffs' claims fail as a matter of law.

3. This Court lacks subject matter jurisdiction over each of Plaintiffs' causes of action.

4. Plaintiffs' claims are barred by the applicable statute of limitations.

5. Plaintiffs' claims are barred by the doctrine of laches.

6. Intervenor-Defendants incorporate by reference any defenses raised by any other parties to this case.

7. Intervenor-Defendants reserve the right to amend should any further defenses become apparent over the course of this action.

Dated this 14th day of October, 2026

/s/ Jim Dennison
Jim Dennison
Staff Attorney
Sierra Club
1650 38th St # 103W
Boulder, CO 80301
(435) 232-5784
jim.dennison@sierraclub.org

Matthew Gerhart
Senior Attorney
Sierra Club
1536 Wynkoop St., Suite 200
Denver, CO 80202
(303) 454-3346
matt.gerhart@sierraclub.org

***ATTORNEYS FOR SIERRA CLUB AND NATURAL RESOURCES DEFENSE COUNCIL***

/s/ Michael Foote
Michael Foote
General Counsel
Colorado Solar and Storage Association
1536 Wynkoop St., Suite 104
Denver, CO 80202
(303) 519-2183
mfoote@cossa.co

***ATTORNEY FOR COLORADO SOLAR AND STORAGE ASSOCIATION AND COALITION FOR COMMUNITY SOLAR ACCESS***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of October, 2026, a true and correct copy of the foregoing **INTERVENOR-DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT** was served via the CM/ECF system upon all counsel of record in this matter.

/s/ *Soliana Samson*
Soliana Samson